**EXHIBIT A**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| In re: THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1] Debtor. | Chapter 11 Case No: 21-20687 (JJT) |
|---|---|

**INTERIM ORDER (I) AUTHORIZING DEBTOR TO (A) PAY PREPETITION WAGES, SALARIES, REIMBURSABLE EXPENSES, AND OTHER OBLIGATIONS ON ACCOUNT OF COMPENSATION AND BENEFITS PROGRAMS AND (B) CONTINUE COMPENSATION AND BENEFITS PROGRAMS; AND (II) GRANTING RELATED RELIEF**

This matter comes before the Court on the *Debtor's Motion For Entry Of Interim And Final Orders (I) Authorizing Debtor To (A) Pay Prepetition Wages, Salaries, Reimbursable Expenses, And Other Obligations On Account Of Compensation And Benefits Programs And (B) Continue Compensation And Benefits Programs; And (II) Granting Related Relief* (the "Motion"),[2] the First Day Declaration, and the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided to the Notice Parties pursuant to Local Bankruptcy Rule 9013-2(b); (v) notice of the Motion and the Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.
[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

extent it is applicable. After due consideration, the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors and is necessary to prevent immediate and irreparable harm to the Debtor and its estate. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein on an interim basis.

2. Subject to the requirements of sections 507(a)(4) and (a)(5) of the Bankruptcy Code, the Debtor is authorized, in its discretion, to pay Unpaid Compensation and Deductions.

3. The Debtor is authorized, but not required, to continue providing payroll processing and administration services for the Non-Diocesan Payroll Entities during the pendency of this case in the ordinary course of business, including collecting funds from the Non-Diocesan Payroll Entities and transferring funds to Paycor to pay the wages of the Non-Diocesan Payroll Entities' employees.

4. The Debtor is authorized, but not required, to continue to honor and process the prepetition Payroll Taxes on a postpetition basis, including forwarding the Payroll Taxes to the appropriate taxing authorities on behalf of itself and of the Non-Diocesan Payroll Entities it administers payroll for in the ordinary course of business.

5. The Debtor is authorized, but not required, to (a) continue administering the Employee Benefits for Diocesan Employees and Non-Diocesan Employees in the ordinary course of business; (b) continue making all contributions to such programs and, with respect to the employees of Participating Employers, receive reimbursement for such contributions; (c) continue to pay any claims and administrative fees related thereto, including to Reta and BAS; and (d) pay any and all such amounts to the extent that they remained unpaid on the Petition Date.

6. The Debtor is authorized, but not required, to (a) continue administering the Retirement Benefits for Diocesan Employees and Non-Diocesan Employees in the ordinary course of business; (b) continue making all contributions to such plans; (c) continue to pay any claims and administrative fees related thereto; and (d) pay any and all such amounts to the extent that they remain unpaid on the Petition Date.

7. The Debtor is authorized, but not required, to pay all prepetition Business Expenses in the ordinary course of its business.

8. The Debtor is authorized, but not required, to (a) continue administering the Other Employment-Related Benefits in the ordinary course of business; (b) continue making all payments on account of such benefits; (c) continue to pay any claims and administrative fees related thereto; and (d) pay any and all such amounts to the extent that they remain unpaid on the Petition Date.

9. The Debtor is authorized, but not required, to honor its PTO policies in the ordinary course of business, and to honor and pay, in its sole discretion, any and all prepetition amounts related thereto subject to the statutory cap set forth in section 507(a)(4) of the Bankruptcy Code.

10. The Debtor is authorized, but not required, to continue to maintain its Workers' Compensation Program in the ordinary course of business and to pay any and all prepetition amounts related thereto including, without limitation, any payments for workers' compensation claims, deductibles and fees owed for administrative costs, and other amounts required in connection with the Workers' Compensation Program, as such amounts become due in the ordinary course of the Debtor's business.

11. The Banks are authorized, when requested by the Debtor, to receive, process, honor and pay all checks presented for payment of and to honor all fund transfer requests made by the

Debtor related to Wages and Benefits, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments. The Banks are authorized to rely on the Debtor's designation of any particular check or funds transfer as approved by this Order. Any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order: (a) at the direction of the Debtor; (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite the above-described protective measures, shall not be liable to the Debtor or its estate on account of such prepetition check or other item being honored postpetition.

12. Nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights or any other party-in-interests' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; or (e) the assumption of any executory contract or unexpired lease.

13. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

14. The requirements of Bankruptcy Rule 6004(a) and (h) are waived; this Order shall be immediately effective and enforceable upon its entry.

15. The final hearing (the "Final Hearing") to consider entry of the Final Order is scheduled for ________, 2021 at _____ a.m./p.m. (prevailing Eastern time) before this Court.

16. On or before _________, 2021, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "Final

Hearing Notice”), together with copies of this Interim Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing, (b) any party which has filed prior to such date a request for notices with this Court, and (c) counsel for the official committee of unsecured creditors (the “Committee”), if one has been appointed. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of Court no later than __________________, 2021 at 4:00 p.m. (prevailing Eastern time), which objections shall be served so as to be received on or before such date by: (a) proposed counsel to the Debtor, Ice Miller LLP, Attn: Louis DeLucia, Alyson Fiedler, 1500 Broadway, 29th Floor, New York, NY 10036; (b) proposed co-counsel to the Debtor, Robinson & Cole LLP, Attn: Patrick Birney, 280 Trumbull Street, Hartford, CT 06103; (c) the Office of the United States Trustee, Attn: Holley Claiborn, Holley.L.Claiborn@usdoj.gov; and (d) counsel for the Committee, if one has been appointed.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _______________, 2021

_______________________________________
JAMES J. TANCREDI
UNITED STATES BANKRUPTCY JUDGE