**EXHIBIT A**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No: 21-20687 (JJT) |

**INTERIM ORDER (I) AUTHORIZING THE CONTINUED USE OF THE DEBTOR'S CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND BUSINESS FORMS AND (II) GRANTING RELATED RELIEF**

This matter comes before the Court on the Debtor's *Motion for Entry of Interim and Final Orders (I) Authorizing the Continued Use of the Debtor's Cash Management System, Bank Accounts and Business Forms and (II) Granting Related Relief* (the "Motion"),[2] the First Day Declaration, and the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided to the Notice Parties pursuant to Local Bankruptcy Rule 9013-2(b); (v) notice of the Motion and the Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due consideration, the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors and is necessary to prevent

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2

immediate and irreparable harm to the Debtor and its estate. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein on an interim basis.

2. The Debtor is authorized to: (a) maintain its Cash Management System, in substantially the same form as the Cash Management System described in the Motion; (b) receive and disburse funds held for non-debtor entities into and out of the Bank Accounts as described in the Motion; (c) implement ordinary course changes to the Cash Management System; (d) to use its existing Credit Card Account, including (i) to pay in the ordinary course any charges and fees incurred prepetition or postpetition and (ii) to incur debt under the Credit Card Account, secured by the Checking Account, in the ordinary course of business; (e) open and close Bank Accounts; provided, however, that the Debtor gives notice to the U.S. Trustee and any official committees appointed in this chapter 11 case prior to opening or closing a Bank Account; (f) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and to otherwise perform its obligations under the documents governing the Bank Accounts; and (g) utilize existing Business Forms.

3. The Debtor is authorized to continue to use the Bank Accounts under existing account numbers, at the institutions where they were maintained as of the Petition Date, as debtor-in-possession accounts without interruption.

4. The Debtor shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records, to the same extent by the Debtor before the Petition Date.

5. The Banks are authorized to continue to service and administer the Bank Accounts as debtor-in-possession accounts without interruption, and to receive, process, honor and pay any and all checks, ACH transfers and other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof or other persons or parties entitled to issue instructions with respect thereto, as the case may be, provided, however, that any check, advice, draft or other notification drawn or issued by the Debtor before the Petition Date may be honored by any bank only if directed by the Debtor. Nothing in this Order shall require any Bank to process, honor and pay any checks, make ACH transfers or honor other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts, whether in the ordinary course of business or otherwise, when such action requires the Bank to extend credit to the Debtor.

6. All Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor any checks issued against the Bank Accounts prior to the commencement of this chapter 11 case, except as otherwise authorized by an order of this Court and directed by the Debtor.

7. The Debtor shall not be required to include the legend "D.I.P." and the corresponding bankruptcy case number on existing checks or business forms; provided, however, that any new check stock ordered by the Debtor, and any new business forms ordered upon depletion of existing stock, shall contain the designation "Debtor-in-Possession."

8. The Banks are authorized to accept and honor all representations from the Debtor regarding which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with any order of this Court, whether such checks, drafts, wires or ACH transfers are dated prior to, on, or subsequent to the Petition Date; provided, however, that to the extent the Debtor directs

the Banks to dishonor any disbursements or the Banks inadvertently dishonor any disbursements, the Debtor may issue replacement disbursements consistent with the orders of this Court. The Banks shall not be liable to any party on account of: (a) following the Debtor's instructions or representations as to any order of this Court; (b) honoring any prepetition check or item in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

9. Any Bank, without further order of this Court, is (a) authorized to charge, and the Debtor is authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtor; and (b) authorized, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

10. To the extent that any of the Bank Accounts do not comply with section 345(b) of the Bankruptcy Code or any other requirements of the U.S. Trustee, the requirements of section 345(b) are waived.

11. Any Banks are further authorized to (a) honor the Debtor's directions with respect to the opening and closing of any Bank Account and (b) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions; provided, in each case, that the Debtor's Banks shall not have any liability to any party for relying on such representations.

12. Nothing in the Motion or this Interim Order, nor the Debtor's payment of claims pursuant to this Interim Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

15. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

16. The requirements of Bankruptcy Rule 6004(a) and (h) are waived; this Order shall be immediately effective and enforceable upon its entry.

17. The final hearing (the "Final Hearing") to consider entry of the Final Order is scheduled for _____, 2021 at ____ a.m./p.m. (prevailing Eastern time) before this Court.

18. On or before _____, 2021, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "Final Hearing Notice"), together with copies of this Interim Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing, (b) any party which has filed prior to such date a request for notices with this Court, and (c) counsel for the official committee of unsecured creditors (the "Committee"), if one has been appointed.  The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of Court no later than _____, 2021 at 4:00 p.m. (prevailing Eastern time), which objections shall be served so as to be received on or before such date by: (a) proposed counsel to the Debtor, Ice Miller LLP, Attn: Louis DeLucia, Alyson Fiedler, Jason Torf, and John Cannizzaro, 1500 Broadway, 29th Floor, New York, NY 10036; (b) proposed co-counsel to the Debtor, Robinson & Cole LLP, Attn: Patrick Birney, 280 Trumbull Street, Hartford, CT 06103;

(c) the Office of the United States Trustee, Attn: Holley Claiborn, Holley.L.Claiborn@usdoj.gov; and (d) counsel for the Committee, if one has been appointed.

19. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2021        _____
                                    JAMES J. TANCREDI
                                    UNITED STATES BANKRUPTCY JUDGE