**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No: 21-20687 (JJT)<br><br>July 16, 2021 |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING AND APPROVING SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES; (II) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING NOTICE OF COMMENCEMENT; AND (III) GRANTING RELATED RELIEF**
(Emergency Determination Requested)

TO THE HONORABLE JAMES J. TANCREDI
UNITED STATES BANKRUPTCY JUDGE

The Norwich Roman Catholic Diocesan Corporation, debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor" or the "Diocese"), through the instant motion (the "Motion") hereby moves the pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 1007, 2002, 9007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of interim and final orders (i) authorizing and approving special noticing and confidentiality procedures to protect the identities and personal contact information of survivors of abuse, minors, parents or legal guardians, and employees; (ii) authorizing the Debtor to implement certain procedures for the mailing and publication of the notice announcing the commencement of this chapter 11 case and the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "Notice of

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.

1

Commencement"); and (iii) granting related relief. This Motion is supported by the *Declaration of Rev. Peter J. Langevin Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration"). Proposed forms of interim order (the "Proposed Interim Order") and final order (the "Proposed Final Order") granting this Motion are attached as **Exhibits A and B** hereto. In further support of the Motion, the Debtor states as follows:

## INTRODUCTION

1. The Debtor is a Roman Catholic diocese in Connecticut and a small part of New York founded in 1953 by Pope Pius XII, encompassing Middlesex, New London, Windham and Tolland counties in Connecticut, as well as Fisher Island, New York. The Most Reverend Michael R. Cote, D.D. has been the Bishop of the Diocese since May 14, 2003. Monsignor Leszek T. Janik is the Diocese's Vicar General.

2. On July 15, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. No trustee or examiner has been appointed and the Debtor continues to operate and manage its assets and affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Information regarding the Debtor's history, business operations and structure, and the events leading up to this Chapter 11 case is set forth in the First Day Declaration, which was filed on the Petition Date and is incorporated herein by reference.

## JURISDICTION

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

7.      The 51 parishes located within the Debtor's geographic region (the "Parishes") play a central role in the lives of Catholics by administering key aspects of the Catholic Faith, including: baptism, education, communion, Mass, confirmation, marriage, and bereavement, including last rites, funeral services, and support. Each of the Parishes is a nonprofit organization separately incorporated under the laws of the State of Connecticut. None of the Parishes are debtors herein. As more fully described below, the Debtor provides certain administrative services to the Parishes.

8.      In addition to its various ministries, including Catholic Charities, Saint Vincent de Paul, Catholic Family Services, Campus Ministry, Ministry to the Sick, the Norwich Diocesan Council of Catholic Women, and others, the Diocese owns land on which three non-profit high schools operate, including Mercy High School and Xavier High School in Middletown, Connecticut, and Saint Bernard High School in Uncasville, Connecticut.

9.      Mount St. John, which was established in 1904 as a separate corporate entity, owns approximately eighty (80) acres of land and a historic building in Deep River Connecticut (the "MSJ Property"), from which it operated a non-profit residential school for boys. The school's residential program closed in 2013, but thereafter Mount St. John continued as a day school for boys. The Connecticut Department of Children and Families and juvenile courts throughout the state referred special needs minors to the school. Mount St. John and the Diocese have been named in approximately 54 lawsuits brought by former Mount St. John students alleging sexual abuse while attending the school (the "Survivors"). As a result of those lawsuits, a declining student body, and the resulting drop in revenue, Mount St. John closed its doors and ceased operating in

2019, while the Diocese has single-handedly borne the responsibility of defending the lawsuits with nominal coverage for such claims.

10.     Additional information regarding the Debtor, its mission and operations, and the events and circumstances preceding the Petition Date is set forth the First Day Declaration.

## BASIS FOR RELIEF REQUESTED

### I.     Notice and Confidentiality Procedures

11.     Bankruptcy Rule 1007(a) requires a debtor to file with the petition for relief a list containing the name and address of each creditor (the "Creditor Matrix"). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect persons from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b)(2) ("On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."). Although section 107(b) of the Bankruptcy Code is an exception to the general rule of open disclosure, its application in this bankruptcy proceeding is appropriate. *See In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) ("Congress, itself, has recognized that under compelling or extraordinary circumstances, an exception to the general policy of public access is necessary . . . . Section 107(b) of the Bankruptcy Code, a statutory exception to the broad principle of § 107(a), [ ] responds to this need.").

12.     Section 107(c) of the Bankruptcy Code provides that a court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury . . . [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under" the

4

Bankruptcy Code. Further, Bankruptcy Rule 9018 provides, in relevant part, that on motion or by its own initiative "the court may make any order which justice requires . . . to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code. . . ." Fed. R. Bankr. Proc. 9018. Bankruptcy Rule 9037 specifies that unless the Court orders otherwise, a filing may include only a minor's initials. Fed. R. Bankr. Proc. 9037(a)(3).

### A.     Confidentiality Procedures

13.     To protect the confidentiality of the identities and personal contact information of certain holders of claims against the Debtor arising from allegations of abuse ("Abuse Claims"), including certain of the Survivors that have commenced prepetition lawsuits against the Debtor using a Doe or other pseudonym (collectively, "Doe Claimants"), minors, and current and former employees of the Debtor, the Debtor is requesting entry of the Proposed Interim Order and the Proposed Final Order authorizing the redaction of the Creditor Matrix, the schedules of assets and liabilities, and any pleadings or other documents, including affidavits of service, filed in this chapter 11 case containing such information in accordance with the following procedures (the "Confidentiality Procedures"):

- a. the Debtor shall file on the docket of this chapter 11 case a copy of the Creditor Matrix, and any amended Creditor Matrices:

    - i. redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against the Debtor, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor. In the event that no counsel of record exists, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors involved in litigation against the Debtor, shall be redacted; and

    - ii. redacting personal contact information for any current or former employee of the Debtor.

5

b. the Debtor shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, and any document filed on the docket of this chapter 11 case or any related adversary proceedings that been redacted in accordance with these Confidentiality Procedures within two (2) business days of the filing of such Creditor Matrix, amended Creditor Matrices, or other document to: (i) the Clerk of the Court; (ii) the U.S. Trustee; (iii) any statutory creditors' committee(s) appointed in this chapter 11 case under section 1102 of the Bankruptcy Code (the "Creditors' Committee(s)"); and (iv) any future claimants' representative appointed in this case. For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, the Creditors' Committee(s), and any future claimants' representative are collectively referred to as the "Distribution Parties";

c. all documents filed in this chapter 11 case or any related adversary proceedings, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) above;

d. the Debtor shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed on the docket of this chapter 11 case or any related adversary proceedings that have been redacted in accordance with these Confidentiality Procedures; and

e. the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtor in accordance with subparagraphs (b) or (d) set forth above.

**B.    Holders of Abuse Claims**

14.    The Debtor is a defendant in approximately 54 prepetition lawsuits asserting Abuse Claims by Survivors, and the Debtor is aware of certain other holders of potential Abuse Claims that have not commenced lawsuits prepetition. While some Survivors have made their Abuse Claims public, many of the lawsuits alleging Abuse Claims have been filed by Doe Claimants who wish to remain anonymous.

15.    Due to the nature of the allegations by holders of Abuse Claims, including the Doe Claimants, which pertain to sexual abuse, the redaction of the identities and personal contact information from all documents filed in this chapter 11 case will aid in protecting such persons against the disclosure of a scandalous matter in publicly filed Court documents.

16. The Confidentiality Procedures are also consistent with certain of the Debtor's other confidentiality obligations. Regarding certain Doe Claimants, and as reflected in certain court-ordered stipulations filed in prepetition lawsuits, the Debtor has agreed to designate certain Doe Claimants with pseudonyms in public filings in state court to preserve the anonymity of such Doe Claimants. As described above, the Confidentiality Procedures will preserve the anonymity of such Doe Claimants.

17. In recognition of the sensitivity of disclosure related to these litigants, the Debtor respectfully submits that the Court has the authority to approve the Confidentiality Procedures described above and should authorize the Confidentiality Procedures to protect the privacy of abuse survivors and preserve their identities from public disclosure.

**C.     Creditor Matrix**

18. The Creditor Matrix may also include current and retired employees of the Debtor. In order to protect against the risk of identity theft and the disclosure of personal identifying information, the Debtor is requesting authority to redact the home addresses and other personal contact information for these individuals.

19. Pursuant to section 107 of the Bankruptcy Code, the Debtor respectfully submits that it is appropriate to authorize the Debtor to redact from any paper filed with the Court in this chapter 11 case personal contact information of the Debtor's employees because such information could be used to perpetrate identity theft. The threat of identity theft is of particular importance in these proceedings, which the Debtor expects to garner substantial media publicity. The Debtor proposes to provide an unredacted version of the Creditor Matrix and any related and the other Distribution Parties, along with other parties in interest upon reasonable request.

20. Courts routinely grant similar relief in comparable chapter 11 cases. *See, e.g.*, *In re The Roman Catholic Diocese of Rockville Centre, New York*, Case No. 20-12345 (Bankr. S.D.N.Y. Nov. 4, 2020) [ECF No. 125]; *In re Diocese of Rochester*, Case No. 19-20905 (Bankr. W.D.N.Y. Sept. 13, 2019) [ECF No. 29] (authorizing the debtor to file portions of the schedules and creditor matrix under seal); *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (Bankr. D. Del. July 12, 2019), ECF No. 74 (granting authority to redact "personal information of [the debtors'] employees and former employees listed on the Creditor Matrix," subject to providing unredacted versions upon reasonable request by parties in interest); *In re Cloud Peak Energy Inc.*, Case No. 19-11047 (Bankr. D. Del. May 14, 2019), ECF No. 97 (providing that the debtors were "authorized to redact the address information of employees from any list of creditors"); *In re CGG Holdings (U.S) Inc.*, No. 17-11637 (MG) (Bankr. S.D.N.Y. June 14, 2017), ECF No. 306 (authorizing the debtors to redact certain personal information of certain current employees and former employees from the statements and schedules); *In re Soundview Elite LTD.*, No. 13-13098 (REG) (Bankr. S.D.N.Y. 2017), ECF No. 404 (authorizing the Trustee to identify each investor by a descriptive identifier only and redact the investor addresses from the Schedules and Statements to comply with Cayman Islands Privacy Laws).

## II.    Notice of Commencement and Publication Notice

21. Bankruptcy Rule 2002(a)(1) provides that the clerk (or other person as directed by the court) must give the debtor, the trustee, all creditors, and any indenture trustee at least twenty-one (21) days' notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code. Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the way notices required under the Bankruptcy Rules are provided. Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders

8

designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed R. Bankr. Proc. 2002(m). Furthermore, the Bankruptcy Court has authority under Bankruptcy Rule 2002(l) to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. Proc. 2002(l).

22. Bankruptcy Rule 9007 provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. Proc. 9007. Section 105(a) of the Bankruptcy Code adds that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

23. While certain survivors have made their Abuse Claims public, a substantial number of the lawsuits have been filed by Doe Claimants who wish to remain anonymous. The Debtor requests authority to have Epiq Corporate Restructuring, LLC, the Debtor's authorized claims and noticing agent (the "<u>Claims and Noticing Agent</u>"), send the Notice of Commencement to: (i) holders of Abuse Claims and their known counsel for whom the Debtor obtained sufficient contact information within the three years immediately preceding the Petition Date and who have: (a) filed, or threatened to file, lawsuits against the Debtor on account of Abuse Claims; (b) otherwise contacted the Debtor to report Abuse Claims; (c) entered into any settlement agreement with the Debtor relating to an Abuse Claim; or (d) received any payment from the Debtor relating to an Abuse Claim; and (ii) counsel of record for the holders of Abuse Claims. In addition, the Debtor seeks authority to have the Claims and Noticing Agent mail the Notice of Commencement to the creditors identified on the Creditor Matrix.

24. Due to the unquantified number of "unknown" claimants who may hold Abuse Claims in this chapter 11 case, the Debtor also proposes to publish, as soon as practicable, the Notice of Commencement (i) once in a national publication (in the national editions, as relevant) of a publication such as *USA Today*, *The National Catholic Register*, *The National Catholic Reporter*, and once in local Connecticut publications such as the *Hartford Courant*, the *Norwich Bulletin*, *The Day*, or *the New Haven Register*, and (ii) on the Case Website (as defined below). Publication of the Notice of Commencement as proposed above is the most practical method by which to notify unknown holders of Abuse Claims who do not receive the Notice of Commencement by mail and other parties in interest of the commencement of this chapter 11 case. Notice by publication will also ensure an efficient use of limited estate resources.

25. Additionally, the Debtor, through the Claims and Noticing Agent, has established a dedicated case website (the "Case Website") and toll-free number in connection with this chapter 11 case. The Case Website address and toll-free number will be prominently displayed in all printed notice documents, as well as other relevant information relating to this chapter 11 case. Included within the Case Website will be a page specifically tailored to and designed for Survivors, which will, among other things, inform them in plain English of important dates and deadlines, afford them the ability to view key documents in this chapter 11 case free of charge, and allow them (and other creditors) to register their email addresses and consent to electronic notice for the duration of this case. If elected, any further notices that are required to be sent to such parties would be sent by email during this case.

26. The Debtor submits that the approval of the form and manner of the Notice of Commencement, as set forth above, is appropriate in this chapter 11 case and is well within the Court's equitable powers under section 105 of the Bankruptcy Code and Bankruptcy Rule 9007.

The Debtor is confident that these publications are most likely to reach those creditors and parties in interest who may not have received notice by mail. Accordingly, the Debtor respectfully requests that this Court approve the form and manner of service, including notice by publication, of the Notice of Commencement in the foregoing manner.

## RESERVATION OF RIGHTS

27.     Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

## NOTICE

28.     Notice of this Motion will be provided to (a) the Office of the United States Trustee; (b) the holders of the 20 largest unsecured claims against the Debtor's estate; (c) the three law firms representing the Survivors against the Debtor in pending litigation; (d) the Internal Revenue Service; (e) the Connecticut Department of Revenue Services; and (f) any other party that has requested service pursuant to Bankruptcy Rule 2002 as of the time of filing of this Motion (collectively, the "Notice Parties"). A copy of this Motion and any orders approving it will also be made available on the Debtor's Case Information Website located at https://dm.epiq11.com/RCDNorwich. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

29. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE,** the Debtor respectfully requests that the Court enter the Interim Order, and after a final hearing, the Final Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: Hartford, CT
July 16, 2021

/s/ Patrick M. Birney
Patrick M. Birney (CT No. 19875)
Andrew A. DePeau (CT No. 30051)
Annecca H. Smith (*pro hac vice* pending)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
E-mail: pbirney@rc.com
adepeau@rc.com
asmith@rc.com

-and-

Louis T. DeLucia (*pro hac vice* pending)
Alyson M. Fiedler (*pro hac vice* pending)
**ICE MILLER LLP**
1500 Broadway, 29th Floor
New York, NY 10036
Telephone: (212) 824-4940
Facsimile: (212) 824-4982
E-Mail: louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

*Proposed Counsel to the Debtor
and Debtor-in-Possession*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2021, a copy of the foregoing motion and the exhibits thereto were filed electronically and shall be served as required by Local Bankruptcy Rule 9013-2(b), with notice of this filing being sent by email to all Notice Parties by operation of the court's electronic filing system or by First Class U.S. mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties in interest may access this document through the court's CM/ECF System.

*/s/ Patrick M. Birney*_____
Patrick M. Birney