## **EXHIBIT A**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: <br><br> THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No: 21-20687 (JJT) |

**INTERIM ORDER (I) AUTHORIZING DEBTOR TO PAY PREPETITION WAGES, SALARIES, REIMBURSABLE EXPENSES, AND OTHER OBLIGATIONS ON ACCOUNT OF COMPENSATION AND BENEFITS PROGRAMS; (II) CONTINUE COMPENSATION AND BENEFITS PROGRAMS; AND <u>(III) GRANTING RELATED RELIEF</u>**

This matter comes before the Court on the Debtor's *Motion For Entry Of Interim And Final Orders (I) Authorizing And Approving Special Noticing And Confidentiality Procedures; (II) Authorizing And Approving Procedures For Providing Notice Of Commencement; and (III) Granting Related Relief* (the "<u>Motion</u>"),[2] the First Day Declaration, and the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "<u>Hearing</u>"). The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided to the Notice Parties pursuant to Local Bankruptcy Rule 9013-2(b); and (v) notice of the Motion and the Hearing was sufficient under the circumstances. After due consideration, the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

creditors and is necessary to prevent immediate and irreparable harm to the Debtor and its estate. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein on a final basis.

2. To protect the identities of abuse survivors, minors, parents or legal guardians, employees, and other applicable parties-in-interest, the following Confidentiality Procedures are hereby approved:

    a. the Debtor shall file on the docket of this chapter 11 case a copy of the Creditor Matrix, and any amended Creditor Matrices:

        i. redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against the Debtor, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor. In the event that no counsel of record exists, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors involved in litigation against the Debtor, shall be redacted; and

        ii. redacting personal contact information for any current or former employee of the Debtor.

    b. the Debtor shall provide an unredacted copy of the Creditor Matrix, and any amended Creditor Matrices, within two (2) business days of the filing of such Creditor Matrix, or amended Creditor Matrices, to: (i) the Clerk of the Court; (ii) the U.S. Trustee; (iii) any statutory creditors' committee(s) appointed in this chapter 11 case under section 1102 of the Bankruptcy Code (the "Creditors' Committee(s)"); and (iv) any future claimants' representative appointed in this case. For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, the Creditors' Committee(s), and any future claimants' representative are collectively referred to as the "Distribution Parties";

    c. all documents filed in this chapter 11 case or any related adversary proceedings, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) above;

    d. the Debtor shall, within two (2) business days of a request of any Distribution Party, provide to such Distribution Party an unredacted copy of any document filed

        on the docket of this chapter 11 case or any related adversary proceedings that have been redacted in accordance with these Confidentiality Procedures; and

    e. the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtor in accordance with subparagraphs (b) or (d) of this Interim Order.

3. Notwithstanding anything herein to the contrary, the Debtor shall, through the Claims and Noticing Agent, serve the Notice of Commencement upon the parties listed on the Creditor Matrix, including, without limitation, (i) holders of Abuse Claims for whom the Debtor obtained sufficient contact information within the three years immediately preceding the Petition Date and who have: (a) filed, or threatened to file, lawsuits against the Debtor on account of Abuse Claims; (b) otherwise contacted the Debtor to report Abuse Claims; (c) entered into any settlement agreement with the Debtor relating to an Abuse Claim; or (d) received any payment from the Debtor relating to an Abuse Claim, and (ii) counsel of record for the holders of Abuse Claims.

4. Pursuant to Bankruptcy Rule 2002(l), the Debtor, with the assistance of the Claims and Noticing Agent, shall (a) cause the Notice of Commencement to be published once (in the national editions, as relevant) of USA Today, The National Catholic Register, or The National Catholic Reporter, and the Harford Courier, and (b) post the Notice of Commencement on the Case Website (https://dm.epiq11.com/RCDNorwich) established by the Claims and Noticing Agent.

5. The form and manner of notice provided herein, including in the Confidentiality Procedures, are reasonably calculated to inform interested parties of this chapter 11 case and are hereby approved in their entirety.

6. The final hearing (the "<u>Final Hearing</u>") to consider entry of the Final Order is scheduled for _____, 2021 at \_\_\_\_ a.m./p.m. (prevailing Eastern time) before this Court.

7. On or before _____, 2021, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "<u>Final</u>

3

Hearing Notice"), together with copies of this Interim Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing, (b) any party which has filed prior to such date a request for notices with this Court, and (c) counsel for the official committee of unsecured creditors (the "Committee"), if one has been appointed. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of Court no later than _____, 2021 at 4:00 p.m. (prevailing Eastern time), which objections shall be served so as to be received on or before such date by: (a) proposed counsel to the Debtor, Ice Miller LLP, Attn: Louis DeLucia and Alyson Fiedler, 1500 Broadway, 29th Floor, New York, NY 10036; (b) proposed co-counsel to the Debtor, Robinson & Cole LLP, Attn: Patrick Birney, 280 Trumbull Street, Hartford, CT 06103; (c) the Office of the United States Trustee, Attn: Holley Claiborn, Holley.L.Claiborn@usdoj.gov; and (d) counsel for the Committee, if one has been appointed.

8. The relief requested herein is authorized subject to and until such relief is heard at the Final Hearing.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2021        _____
                                    JAMES J. TANCREDI
                                    UNITED STATES BANKRUPTCY JUDGE