# **EXHIBIT B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1] | Case No: 21-20687 (JJT) |
| Debtor. | |

**FINAL ORDER AUTHORIZING DEBTOR TO (I) CONTINUE INSURANCE COVERAGE AND INSURANCE PROGRAMS ENTERED INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO AND (II) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE POLICIES; AND (III) GRANTING RELATED RELIEF**

This matter comes before the Court on the Debtor's *Motion For Entry Of Interim And Final Orders Authorizing Debtor To (I) Continue Insurance Coverage And Insurance Programs Entered Into Prepetition And Satisfy Prepetition Obligations Related Thereto And (II) Renew, Amend, Supplement, Extend, Or Purchase Insurance Policies; and (III) Granting Related Relief* (the "Motion"),[2] the First Day Declaration, and the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided to the Notice Parties pursuant to Local Bankruptcy Rule 9013-2(b); (v) notice of the Motion and the Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

by Bankruptcy Rule 6004(h) to the extent it is applicable. After due consideration, the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors and is necessary to prevent immediate and irreparable harm to the Debtor and its estate. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT**:

1.  The Motion is **GRANTED** as set forth herein on a final basis.

2.  The Debtor is authorized, but not directed, to continue the Insurance Coverage and the Insurance Programs, and, in its sole discretion, pay and honor any prepetition amounts outstanding under, or postpetition obligations related to, the Insurance Coverage and the Insurance Programs in the ordinary course of business and to pay any prepetition amounts due in connection therewith.

3.  The Debtor is authorized, but not directed, to renew, amend, supplement, extend, or purchase Insurance Coverage, to the extent that the Debtor determines, in its sole discretion, that such action is in the best interest of its estate.

4.  The Debtor is authorized, but not directed, to pay any Insurance Deductibles and the Risk Management Fee in the ordinary course of business without further Court order.

5.  The Banks are authorized, when requested by the Debtor, to receive, process, honor and pay all checks presented for payment of and to honor all fund transfer requests made by the Debtor related to the Insurance Coverage and Insurance Programs, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments. The Banks are authorized to rely on the Debtor's designation of any particular check or funds transfer as approved by this Order. Any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order: (a) at the direction of the Debtor; (b) in a good-faith belief that the

Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite the above-described protective measures, shall not be liable to the Debtor or its estate on account of such prepetition check or other item being honored postpetition.

6. Nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights or any other party-in-interests' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; or (e) the assumption of any executory contract or unexpired lease.

7. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

8. The requirements of Bankruptcy Rule 6004(a) and (h) are waived; this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2021

_____
JAMES J. TANCREDI
UNITED STATES BANKRUPTCY JUDGE