## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No: 21-20687 (JJT) |

**ORDER GRANTING MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) APPROVING PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS; (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES; (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE; AND (IV) GRANTING RELATED RELIEF**

This matter comes before the Court on the Debtor's Motion For Entry Of An Order (I) Approving Proposed Form Of Adequate Assurance Of Payment To Utility Providers; (II) Establishing Procedures For Determining Adequate Assurance Of Payment For Future Utility Services; (III) Prohibiting Utility Providers From Altering, Refusing, Or Discontinuing Utility Service; and (IV) Granting Related Relief (the "Motion"),[2] the First Day Declaration, and the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided to the Notice Parties pursuant to Local Bankruptcy Rule 9013-2(b); (v) notice of the Motion and the Hearing was sufficient under the circumstances; and (vi) there is good

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due consideration, the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors and is necessary to prevent immediate and irreparable harm to the Debtor and its estate. Therefore, for good cause shown, **IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED**.

2. To provide adequate assurance of payment for future services to the Utility Providers, the Debtor is authorized to pay all undisputed invoices for prepetition Utility Services provided by the Utility Providers to the Debtor, and on a timely basis and in accordance with its prepetition practices, all undisputed invoices for postpetition Utility Services provided by the Utility Providers to the Debtor, and each Utility Provider is authorized to retain any prepetition deposits made by the Debtor as a postpetition deposit.

3. Except as otherwise provided in this Order, the Debtor's Utility Providers are hereby prohibited from altering, refusing, or discontinuing service on account of the commencement of this chapter 11 case and/or any unpaid prepetition charges and are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

4. The Proposed Adequate Assurance, in conjunction with the Debtor's cash on hand, and future cash flow, demonstrate the Debtor's ability to pay for future utility services in the ordinary course of business and constitute sufficient adequate assurance to the Utility Providers.

5. The Court hereby approves the following Adequate Assurance Procedures:

    a. The Debtor will fax, e-mail, serve by overnight mail, or otherwise expeditiously cause a copy of this Order, which includes the Adequate Assurance Procedures, to be served on each Utility Provider within two business days after entry of this Order.

b. Any Utility Provider seeking additional assurance of payment in the form of deposits, prepayments or otherwise must serve an Additional Assurance Request so that it is actually received by the following Adequate Assurance Notice Parties at the following addresses:

   i. Ice Miller LLP, 1500 Broadway, 29th Floor, New York, NY 10036, Attn: Louis DeLucia and Alyson Fiedler, louis.delucia@icemiller.com; alyson.fiedler@icemiller.com;

   ii. Robinson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103, Attn: Patrick M. Birney, pbirney@rc.com

c. Any Additional Assurance Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including the amounts of any security deposits, and (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

d. If a Utility Provider fails to serve on the Adequate Assurance Notice Parties an Additional Assurance Request, such Utility Provider shall be (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code, and (ii) prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of the commencement of the Debtor's chapter 11 case or any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

e. Upon receipt of any Additional Assurance Request as provided herein, the Debtor shall have until the later of (i) 28 days after receipt of such Additional Assurance Request and (ii) 30 days after entry of this order, or such period as may be agreed to by the Debtor and the relevant Utility Provider, to negotiate with such Utility Provider to resolve its Additional Assurance Request.

f. The Debtor may, in its sole discretion and without further order of the Court, resolve any Additional Assurance Request by mutual agreement with a Utility Provider, and may, in connection with any such agreement, in its sole discretion, provide a Utility Provider with additional adequate assurance of future payment, which may include, but shall not be limited to, cash deposits, payments of an outstanding prepetition balance due to the Utility Provider, prepayments or other forms of security, in each case, without further order of the Court.

g. If the Debtor is not able to reach a resolution with a Utility Provider that has submitted an Adequate Assurance Request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a Determination Hearing before the Court to determine the adequacy of assurance

    of payment with respect to the Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

  h. Pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider shall be prohibited from discontinuing, altering, or refusing service to the Debtor on account of the commencement of this chapter 11 case, any unpaid charges for prepetition services provided to any of the Debtor by the Utility Provider, or any objections to the Proposed Adequate Assurance.

  i. Absent compliance with the procedures set forth in the Motion and the terms of this Order, the Debtor's Utility Providers are prohibited from altering, refusing, or discontinuing service on account of the commencement of this chapter 11 case and/or any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

6. The Debtor is authorized, in its sole discretion, to amend the Utility Service List to add or delete any Utility Provider, and this Order shall apply to any Utility Provider that is subsequently added to the Utility Service List. Any such amended Utility Service List shall be filed with the Court.

7. The inclusion of any entity in or the omission of any entity from the Utility Service List shall not be deemed an admission by the Debtor that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

8. For any Utility Provider that is subsequently added to the Utility Service List, the Debtor will serve a copy of the Motion and this Order on such added Utility Provider, and to the extent any such subsequently added entities wishes to make an Additional Assurance Request, it shall do so in accordance with the Adequate Assurance Procedures.

9. Any Utility Provider subsequently added to the Utility Service List that objects to contents of this Order be required to, within 14 days of the filing of the modified Utility Service List adding such Utility Provider, must file and serve an objection in accordance with the

Bankruptcy Rules, the Local Bankruptcy Rules, and the Adequate Assurance Procedures, or else such Utility Provider shall be deemed to consent to the entry of this Order.

10. The Banks are authorized, when requested by the Debtor, to receive, process, honor and pay all checks presented for payment of and to honor all fund transfer requests made by the Debtor related to Utility Services, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments. The Banks are authorized to rely on the Debtor's designation of any particular check or funds transfer as approved by this Order. Any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order: (a) at the direction of the Debtor; (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite the above-described protective measures, shall not be liable to the Debtor or its estate on account of such prepetition check or other item being honored postpetition.

11. Nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights or any other party-in-interests' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; or (e) the assumption of any executory contract or unexpired lease.

12. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

13. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

14. The requirements of Bankruptcy Rule 6004(a) and (h) are waived; this Order shall be immediately effective and enforceable upon its entry.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2021         _____
                                     JAMES J. TANCREDI
                                     UNITED STATES BANKRUPTCY JUDGE