UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Hartford Division

IN RE:
THE NORWICH ROMAN CATHOLIC : CHAPTER 11
DIOCESAN CORPORATION
    DEBTOR

: CASE NO. 21-20687 JJT

NORWICH PUBLIC UTILITIES : DOC. I.D. No.
    MOVANT
VS.

THE NORWICH ROMAN CATHOLIC
DIOCESAN CORPORATION
    DEBTOR

U.S. TRUSTEE
    RESPONDENT : AUGUST 2, 2021

OBJECTION TO DEBTOR'S MOTION FOR ORDER
REGARDING ADEQUATE ASSURANCE

    The undersigned objects to Debtor's Motion for Entry of an Order regarding Adequate Assurance [ECF No. 19] on the following grounds:

1.    Debtor contends that the assurances detailed in its "Proposed Adequate Assurance" satisfy the requirements of Section 366 of the Bankruptcy Code.  In that paragraph, Debtor states that it *intends* to pay all Gap Period Obligations and post-petition utility obligations to utility providers in a timely manner and Debtor *projects* that its cash on hand and future cash flow will be sufficient to pay such obligations. Debtor further states that each utility provider that currently holds a deposit will be entitled to retain the deposit as security.

2. Debtor then goes on to suggest that the court allow a convoluted workaround the Section 366 Rule that could ultimately prohibit a utility provider from refusing service to the Debtor or seeing payment of charges for prepetition services.

3. The Code places an affirmative obligation on the debtor (or the Trustee) to provide adequate assurance of payment. The term "assurance of payment" is defined in the Code as: a cash deposit, a letter of credit, a certificate of deposit, a surety bond, prepayment of utility consumption, or another form of security that is mutually agreed on between the utility and the Debtor.

4. Debtor sets forth no authority or Bankruptcy Code that abrogates the Section 366 standards.

5. With respect to post-petition utility delinquencies, unless the local government utility and debtor-customer agree otherwise, the local government may pursue any remedies for collecting delinquencies authorized by state law and local ordinance or policy, including the discontinuance of utility services. See *Jones v. Boston Gas Co.*, 369 B.R. 745 (B.A.P. 1st Cir. 2007).

6. The utility provider's determination of satisfactory assurance of payment is controlling unless the court, pursuant to Section 366(c)(3)(A), orders a modification. *In re Haven Eldercare, LLC*, 2008 WL 139543 (Bkrtcy.D.Conn).

7. Debtor may argue that the relief it is seeking to establish procedures for utilities to modify the amount of adequate assurance received by Debtor may be granted under Section 366(c)(3)(A), which permits the court, on request of a party in interest and after notice and a hearing, to order a modification in the amount of adequate assurance. Neither Section 105(a) nor Section 366(c)(3)(A) may be used to eliminate entirely the requirement in Section 366(c)(2) that

a Debtor first provide adequate assurance of payment to the utility before a modification request is brought to the court.

8. Section 366(c)(2) requires that the provision of adequate assurance must be "satisfactory to the utility." The structure of Section 366 is such that, if a debtor is unable to provide an offer of adequate assurance satisfactory to the utility, the utility may insist on a different amount, subject to a determination by the court. The relief requested by this Debtor seeks to reverse that burden, by making an advance determination that the proposed assurance is adequate.

9. The general rule as stated in § 366(a) is that a utility company may not refuse service to a debtor solely on the basis of an unpaid prepetition debt. The insertion of the word "solely" into the statutory language of subsection (a) implies that there may be other grounds for the utility to refuse to furnish service. Another bankruptcy court has already so held:

> In essence, a utility has the discretion to refuse service to any debtor for any reason which would validly constitute a ground for refusal if that debtor were not in bankruptcy, with the single exception of nonpayment for past services.  In re: Webb  38 B.R. 541 (1984).

WHEREFORE, for all of the above reasons, Debtor's Motion for Entry of an Order regarding Adequate Assurance [ECF No. 19] should be denied.

                        THE MOVANT,
                        NORWICH PUBLIC UTILITIES

                        By  s/Lloyd L. Langhammer
                            Lloyd L. Langhammer, for Law Offices of
                            Lloyd L. Langhammer, LLC
                            18A Granite Street
                            New London, Connecticut 06320
                            Telephone: 860-440-3340
                            Federal Bar No. ct01508
                            E-mail:  LLanghmamer@hotmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Hartford Division

IN RE:
THE NORWICH ROMAN CATHOLIC :  CHAPTER 11
DIOCESAN CORPORATION
    DEBTOR

                                                                       : CASE NO. 21-20687 JJT

NORWICH PUBLIC UTILITIES         : DOC. I.D. No.
    MOVANT
VS.

THE NORWICH ROMAN CATHOLIC
DIOCESAN CORPORATION
    DEBTOR

U.S. TRUSTEE
    RESPONDENT                       : AUGUST 2, 2021

## **CERTIFICATION**

        The undersigned hereby certifies on the 2nd day of August, 2021, in accordance with Rules 7004(a), 9014 F.R.Bankr, P., I served the foregoing via Notice of Electronic Filing to parties or counsel who are registered filers and first class mail postage prepaid to all other parties entitled to service by applicable rule or court order.

DATED: August 2, 2021        By: _s/Lloyd L. Langhammer_____
                                                      Lloyd L. Langhammer, for Law Offices of
                                                      Lloyd L. Langhammer, LLC
                                                      18A Granite Street
                                                      New London, Connecticut 06320
                                                      Telephone: 860-440-3340
                                                      Federal Bar No. ct01508
                                                      E-mail: LLanghammer@hotmail.com