UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

---

In re:

THE NORWICH ROMAN CATHOLIC
DIOCESAN CORPORATION,

    Debtor.

Chapter 11

Case No. 21-20687 (JJT)

---

**UNITED STATES TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS; (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES; (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING , REFUSING, OR DISCONTINUING UTILITY SERVICE, AND (IV) GRANTING RELATED RELIEF**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through his undersigned counsel, submits the following response to the motion filed by chapter 11 debtor The Norwich Roman Catholic Diocesan Corporation ("Debtor") that is titled Motion For Entry Of An Order (i) Approving Proposed Form Of Adequate Assurance Of Payment To Utility Providers; (ii) Establishing Procedures For Determining Adequate Assurance Of Payment For Future Utility Services; (iii) Prohibiting Utility Providers From Altering , Refusing, Or Discontinuing Utility Service, And (iv) Granting Related Relief (ECF 19) ("Utilities Motion").

*Procedural Background*

1.    On Thursday, July 15, 2021, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ECF 1.

1

2. The Debtor operates and manages its affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case. The Debtor's proposed chapter 11 counsel are the law firms of Ice Miller, LLP and Robinson & Cole, LLP. ECF 1.

3. On July 29, 2021, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee"). ECF 90.

4. On Friday, July 16, 2021, the Debtor filed the Utilities Motion. ECF 19. The Court has scheduled the Utilities Motion for a hearing on August 10, 2021. ECF 33.

5. The Utilities Motion seeks to impose restrictions on the utility providers that provide services to the Debtor, to set the amount and type of adequate assurance to be given to the utility providers per Section 366, to permit authorization of outstanding pre-petition payments issued to the utility providers by the Debtor, and to establish a process of dealing with utility providers. ECF 19. Attached to the Utilities Motion at Exhibit B are a list of utility providers who provided pre-petition services to the Debtor: Comcast, AT&T Mobility, Norwich Public Utilities, Frontier and Saveway Petroleum (collectively "Utility Providers"). ECF 19.

6. On August 2, 2021, Norwich Public Utilities filed an objection to the Utilities Motion. ECF 104.

*Concerns regarding Utilities Motion*

The Utilities Motion proposes to limit the Debtor's "adequate assurance of payment" obligation required by Section 366(c)(2). Specifically, the Debtor proposes to limit it to the following: (i) payment by the Debtor of Gap Period Obligations (defined in the Utilities Motion); (ii) payment by the Debtor of post-petition invoices, (iii) permit the Utility Providers to retain

pre-petition deposits (collectively defined in Utilities Motion as "Proposed Adequate Assurance").

The Proposed Adequate Assurance suffers from several flaws. First, the Debtor has confirmed to the United States Trustee that there are NO pre-petition deposits being held by the Utility Providers – thus, this component of the Proposed Adequate Assurance has no value at all to the Utility Providers. Second, providing for payment of post-petition invoices is already something the Debtor is obligated to do and thus this has no additional value to the Utility Providers. With respect to the payment of the Gap Period Obligations, the Debtor did not identify in the Utilities Motion what those sums are, in the aggregate or due to each of the Utility Providers. The Debtor should be required to identify the Gap Period Obligations with specificity and absent such information, should not be permitted to pay same.

Lastly, and most importantly, the Utilities Motion seeks to limit and modify the rights of the Utility Providers without a demonstrated need for the relief sought. According to the List of 20 Largest Unsecured Claims ("20 Largest List"), the Debtor has very limited trade debt and lists debt owed to only one of the Utility Providers, namely Comcast. ECF 21. The debt listed as owed to Comcast is only $659.77. *Id.* Such a small amount of outstanding debt does not appear to demonstrate an immediate need for the Utilities Motion. Further, the Debtor's request to impose the Proposed Adequate Assurance preemptively supplants the rights of the Utility Providers to make an initial demand for their version adequate assurance as provided for in

Section 366. The Utility Providers' rights under Section 366 should be respected and the Debtor should be required to demonstrate the need for all of the relief requested in the Utilities Motion.

Dated: New Haven, Connecticut
       August 3, 2021

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE FOR REGION 2

By: <u>/s/ Holley L. Claiborn</u>
     Holley L. Claiborn
     Trial Attorney
     Office of the United States Trustee
     Giaimo Federal Building, Room 302
     150 Court Street
     New Haven, CT 06510
     Holley.L.Claiborn@usdoj.gov
     (203) 773-2210
     Federal Bar No.: ct17216 (Connecticut)

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all appearing parties via the Court's electronic case filing system and to the counsel listed below:

Via ECF

- **Kellianne Baranowsky**   kbaranowsky@gs-lawfirm.com, aevans@gs-lawfirm.com;kbaranowsky@ecf.courtdrive.com
- **Patrick M. Birney**   pbirney@rc.com, ctrivigno@rc.com
- **Harrison H.D. Breakstone**   hbreakstone@archerlaw.com, chansen@archerlaw.com
- **John C. Cannizzaro**   john.cannizzaro@icemiller.com
- **Louis T. DeLucia**   louis.delucia@icemiller.com, john.acquaviva@icemiller.com
- **Andrew A. DePeau**   ADEPEAU@RC.COM, RBANGHAM@RC.COM
- **Alyson M. Fiedler**   alyson.fiedler@icemiller.com
- **Lawrence S. Grossman**   LGrossman@gs-lawfirm.com, aevans@gs-lawfirm.com;ngolino@gs-lawfirm.com;lawrencegrossman@ecf.courtdrive.com;mbuckanavage@gs-lawfirm.com;eross@gs-lawfirm.com
- **Honor S. Heath**   honor.heath@eversource.com, honor.heath@hotmail.com
- **Allen G. Kadish**   akadish@archerlaw.com
- **Lloyd L. Langhammer**   llanghammer@hotmail.com
- **Scott D. Rosen**   srosen@cb-shea.com, kseaman@cbshealaw.com
- **Jeffrey M. Sklarz**   jsklarz@gs-lawfirm.com, aevans@gs-lawfirm.com;mbuckanavage@gs-lawfirm.com;eross@gs-lawfirm.com;jsklarz@ecf.courtdrive.com
- **Suzanne B. Sutton**   ssutton@cohenandwolf.com
- **Daniel R. Swetnam**   daniel.swetnam@icemiller.com
- **Jason M. Torf**   jason.torf@icemiller.com

          By:    /s/ Holley L. Claiborn
                  Holley L. Claiborn