**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No: 21-20687 (JJT) |

**INTERIM ORDER AUTHORIZING DEBTOR TO (I) CONTINUE INSURANCE COVERAGE AND INSURANCE PROGRAMS ENTERED INTO PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED THERETO AND (II) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE INSURANCE POLICIES; AND (III) GRANTING RELATED RELIEF**

This matter comes before the Court on the Debtor's *Motion For Entry Of Interim And Final Orders Authorizing Debtor To (I) Continue Insurance Coverage And Insurance Programs Entered Into Prepetition And Satisfy Prepetition Obligations Related Thereto And (II) Renew, Amend, Supplement, Extend, Or Purchase Insurance Policies; and (III) Granting Related Relief* (the "Motion"),[2] the First Day Declaration, and the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Hearing commenced on August 10, 2021, and was thereafter continued to August 17, 2021 at 10:00 a.m. The Debtor, the United States Trustee, and the Official Committee of Unsecured Creditors (the "Committee") consented to a continuance of the August 17 hearing, and on August 13, 2021, the Court entered an order further continuing the Hearing to September 9, 2021 (the "Continued Hearing") [Dkt. No. 149].

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.
[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

4843-5651-5573.2

The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided to the Notice Parties pursuant to Local Bankruptcy Rule 9013-2(b); (v) notice of the Motion and the Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due consideration, the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors and is necessary to prevent immediate and irreparable harm to the Debtor and its estate. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein on an interim basis through the Continued Hearing.

2. The Debtor is authorized to continue the Insurance Coverage and the Insurance Programs and pay and honor any postpetition obligations related to ordinary monthly premiums due pursuant to the Insurance Coverage and the Insurance Programs in the ordinary course of the Debtor's business. For the avoidance of doubt, the Debtor is not authorized to pay any Insurance Deductible that relates to a prepetition claim against the Debtor. The Debtor is further authorized to pay the prepetition checks to Catholic Mutual Relief Society of America dated July 7, 2021, in the amount of $19,890.50 and July 13, 2021, in the amount of $34,500.00.

3. Prior to the Continued Hearing, the Debtor is authorized to renew or extend Insurance Coverage only with the written consent of the Committee, which consent shall not be unreasonably withheld; provided, however, that if the Debtor and Committee cannot agree on the Debtor's request to renew or extend Insurance Coverage either party may request a status

conference with the Court on shortened notice. The Debtor shall promptly notify the United States Trustee and the Committee of any material changes to its Insurance Coverage.

4. The Debtor is authorized, only with the written consent of the Committee, which consent shall not be unreasonably withheld, to pay any Insurance Deductibles up to the $25,000 per claim (or $1,000 per claim for automobile) and the Risk Management Fee (as it becomes due and not as a prepayment) in the ordinary course of business without further Court order, except the Debtor is not authorized to pay any Insurance Deductible that relates to a prepetition claim against the Debtor. If a dispute arises between the Debtor and the Committee over payment of an Insurance Deductible, either party may request a status conference with the Court on shortened notice.

5. Peoples United Bank ("PUB") is authorized, when requested by the Debtor, to receive, process, honor and pay all checks presented for payment of and to honor all fund transfer requests made by the Debtor related to the Insurance Coverage and Insurance Programs, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments. PUB is authorized to rely on the Debtor's designation of any particular check or funds transfer as approved by this Order. If PUB honors a prepetition check or other item drawn on any account that is the subject of this Order: (a) at the direction of the Debtor; (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite the above-described protective measures, PUB shall not be liable to the Debtor or its estate on account of such prepetition check or other item being honored postpetition. PUB shall honor no more than $100,000 of aggregate prepetition checks for insurance expenses pursuant to this Order.

6. Nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights or any other party-in-interests' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined hereunder; or (e) the assumption of any executory contract or unexpired lease.

7. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

8. The requirements of Bankruptcy Rule 6004(a) and (h) are waived; this Order shall be immediately effective and enforceable upon its entry.

9. On or before _____, 2021, the Debtor shall serve, by United States mail, first-class postage prepaid, notice of the entry of this Interim Order and of the Final Hearing (the "<u>Final Hearing Notice</u>"), together with copies of this Interim Order and the Motion, on: (a) the parties having been given notice of the Interim Hearing, (b) any party which has filed prior to such date a request for notices with this Court, and (c) counsel for the Official Committee of Unsecured Creditors (the "<u>Committee</u>").  The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of Court no later than September 2, 2021, which objections shall be served so as to be received on or before such date by: (a) proposed co-counsel to the Debtor, Ice Miller LLP, Attn: Louis DeLucia and Alyson Fiedler, 1500 Broadway, 29th Floor, New York, NY 10036; (b) proposed co-counsel to the Debtor, Robinson & Cole LLP, Attn: Patrick Birney, 280 Trumbull Street, Hartford, CT 06103; (c) the Office of the United States Trustee, Attn: Holley Claiborn, Holley.L.Claiborn@usdoj.gov; and (d) counsel for the Committee.

4843-5651-5573.2

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: _____, 2021         _____
                                            JAMES J. TANCREDI
                                            UNITED STATES BANKRUPTCY JUDGE