**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No: 21-20687 (JJT)<br><br>RE: ECF No. 17 |

**ORDER AUTHORIZING DEBTOR TO RETAIN
AND EMPLOY EPIQ CORPORATE RESTRUCTURING, LLC AS CLAIMS
AND NOTICING AGENT AS OF THE PETITION DATE**

Upon consideration of the Debtor's *Application for Authorization to Retain and Employ Epiq Corporate Restructuring, LLC as Claims and Noticing Agent* (the "Application")[2] and the Tran Declaration and any response(s) to the Application; and due and proper notice of the Application having been given; and it appearing that no other or further notice of the Application is required; and the Court having jurisdiction to consider the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the relief requested in the Application and provided for herein being in the best interest of the Debtor, its estate, and creditors; and after due deliberation and sufficient cause appearing therefor, and due and proper notice of the Application having been provided to the Notice Parties; and it appearing that no other or further notice need be provided; and the Court having held one or more hearings to consider the relief requested in the Application and all of the proceedings had before this Court; and all objections to the Application having been

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Application.

withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Application and the Tran Declaration establish just cause for the relief granted herein; and due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**

1. The Application is **GRANTED** as provided herein.

2. The Debtor is authorized to retain Epiq Corporate Restructuring, LLC ("Epiq") as of the Petition Date as Claims and Noticing Agent under the terms of the Services Agreement, and Epiq is authorized and directed to perform noticing services and to receive, maintain, record, and otherwise administer the proofs of claim filed in this chapter 11 case, and all related tasks, all as described in the Application (the "Services"). The Clerk shall provide Epiq with CM/ECF credentials to allow Epiq to receive CM/ECF notifications and file certificates of service.

3. Epiq shall serve as the custodian of court records for this chapter 11 case and shall be designated as the authorized repository for all proofs of claim filed in this chapter 11 case and is authorized and directed to maintain an official claims register for the Debtor, to provide public access to every proof of claim unless otherwise ordered by the Court, and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk.

4. Epiq is authorized and directed to obtain a post office box or address for the receipt of proofs of claim for this chapter 11 case.

5. Epiq is authorized to take such other action to comply with all duties set forth in the Application.

6. Notwithstanding sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, the Debtor is authorized to compensate Epiq in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the Claims and

Noticing Services provided by Epiq and the rates charged for each, and to reimburse Epiq for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without the need for Epiq to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

7. Epiq shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and shall serve monthly invoices on the Debtor, the office of the United States Trustee, counsel for the Debtor, counsel for any official committee, if any, monitoring the expenses of the Debtor, and any party in interest who specifically requests service of the monthly invoices.

8. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Services Agreement or monthly invoices, and the parties may seek resolution of the matter from the Court if resolution is not achieved.

9. Without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Epiq under this Order shall be an administrative expense of the Debtor's estate.

10. Epiq may apply its advance to all prepetition invoices, and hold any amounts remaining, under the Services Agreement during the Chapter 11 Case as security for the payment of fees and expenses incurred under the Services Agreement.

11. The Debtor shall indemnify Epiq in accordance with the terms of the Services Agreement, as modified by this Order; provided, however, that there shall be no indemnification under the Services Agreement for fraud, self-dealing, gross negligence or willful misconduct.

12. Epiq shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services

Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

13. Notwithstanding anything to the contrary in the Services Agreement, the Debtor shall have no obligation to indemnify Epiq, or provide contribution or reimbursement to Epiq, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen solely from Epiq's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (if any) as provided in this Order; (b) for a contractual dispute in which the Debtor alleges the breach of Epiq's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to Unsecured Creditors' Committee v. Pelofsky (In re Thermadyne Holdings Corp.), 283 B.R. 749 (B.A.P. 8th Cir. 2002); or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which Epiq should not receive indemnify, contribution, or reimbursement under the terms of the Service Agreement as modified by this Order.

14. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in the Chapter 11 case (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing the Chapter 11 case, Epiq believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution and/or reimbursement obligations under the Services Agreement (as modified by this Order), including the advancement of defense costs, Epiq must file an application therefor in this Court, and the Debtor may not pay any such amounts to Epiq before the entry of an order by this court approving the payment. If Epiq seeks reimbursement from the Debtor for attorneys' fees and expenses in

connection with the payment of any indemnity claim pursuant to the Services Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Epiq's own applications, both interim and final, but determined by this Court after notice and a hearing. This paragraph is intended to only specify the period of time under which the Court hall have jurisdiction over any request for fees and expenses by Epiq for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtor's obligation to indemnify Epiq. All parties in interest shall retain their right to object to any demand by Epiq for indemnification , contribution, or reimbursement.

15. In the event Epiq is unable to provide the Claims and Noticing Services set out in this Order, Epiq will immediately notify the Clerk and Debtor's counsel and cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and Debtor's counsel.

16. After entry of an order terminating Epiq's services, upon closing of this case, or for any other reason, Epiq shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and shall be compensated by the Debtor in connection therewith.

17. Epiq shall not cease providing claims processing during the Chapter 11 Case for any reason, including nonpayment, without an order of the Court.

18. Subject to further Order of the Court, in the event a party other than the Debtor files a document with the Court that is required under the Bankruptcy Code, Bankruptcy Rules, or an Order of this Court to be served upon a person whose contact information has been redacted from public view pursuant to this Court's *Interim Order on Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing and Approving Special Noticing and Confidentiality*

*Procedures; (II) Authorizing and Approving Procedures for Providing Notice of Commencement; and (III) Granting Related Relief* entered July 24, 2021 [ECF # 74] or any subsequent order thereon ("Redacted Parties"), such party may submit a request by email to proposed counsel for the Debtor (louis.delucia@icemiller.com; alyson.fiedler@icemiller.com; john.cannizzaro@icemiller.com; and pbirney@rc.com ) to have Epiq serve such a document and counsel for the Debtor shall thereafter cause Epiq to serve such a document on such Redacted Parties.

19. In the event of any inconsistency between the Services Agreement, the Application and this Order, this Order shall govern.

20. The Debtor and Epiq are authorized to take all action necessary to effectuate the relief granted in this Order in accordance with the Application.

21. This Order pertains only to the work to be performed by Epiq under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c), and the Debtor may submit a separate retention application, pursuant to section 327 of the Bankruptcy Code and/or any applicable law, for work that is to be performed by Epiq but is not specifically authorized by this Order.

22. Notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to and in compliance with any orders entered by the Court regarding Debtor's post-petition financing and/or use of cash collateral, if applicable.

23. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

24.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such application, and the requirements of the Bankruptcy Rules are satisfied by such notice.

25.     Notwithstanding any term in the Services Agreement to the contrary, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated at Hartford, Connecticut this 20th day of August, 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut