**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No: 21-20687 (JJT)<br><br>RE: ECF No. 19 |

**FINAL ORDER GRANTING MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) APPROVING PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS; (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES; (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICE;
AND (IV) GRANTING RELATED RELIEF**

This matter comes before the Court on the Debtor's Motion For Entry Of An Order (I) Approving Proposed Form Of Adequate Assurance Of Payment To Utility Providers; (II) Establishing Procedures For Determining Adequate Assurance Of Payment For Future Utility Services; (III) Prohibiting Utility Providers From Altering, Refusing, Or Discontinuing Utility Service; and (IV) Granting Related Relief (the "Motion"),[2] the First Day Declaration, and the statements of counsel and evidence adduced with respect to the Motion at an initial hearing held August 10, 2021 (the "Hearing"). The Hearing commenced on August 10, 2021, however, pursuant to statements made on the record, including the various concerns raised by both the United States Trustee and the Court as to the form of the order, the Court entered an order granting the Motion on an interim basis (the "Interim Order") [Dkt. No. 128] and continuing the Hearing

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

to August 17, 2021 at 10:00 a.m.  The Debtor, the United States Trustee, and the Official Committee of Unsecured Creditors consented to a continuance of the August 17 hearing, and on August 13, 2021, the Court entered an order further continuing the Hearing to September 9, 2021 (the "Final Hearing") [Dkt. No. 149].  On August 30, 2021, the Court entered a Second Interim Order on the Motion.  On September 9, 2021, the Court conducted the Final Hearing on the Motion.  For the reasons set forth on the record at the Final Hearing and herein, the Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided to the Notice Parties pursuant to Local Bankruptcy Rule 9013-2(b); (v) notice of the Motion and the Final Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable.  After due consideration, the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors and is necessary to prevent immediate and irreparable harm to the Debtor and its estate.  Therefore, for good cause shown, **IT IS HEREBY ORDERED:**

    1.      The Motion is **GRANTED** on a final basis.

    2.      By agreement of the Debtor and the Norwich Department of Public Utilities ("NDPU"), and based upon the resolution represented to the Court, the objection to the Motion filed by NDPU on August 2, 2021 (ECF No. 104) is **WITHDRAWN**.  In accordance with the agreement reached between the Debtor and NDPU, the Debtor is authorized to provide NDPU a deposit equal to one month's average service charges, which monthly average service charges are approximately $6,000, and to pay prepetition sums due and owing to NDPU in an amount not to

exceed one month's average service charges, which the parties agree shall constitute adequate assurance of payment under section 366 of the Bankruptcy Code.

3. The Debtor is authorized to pay all undisputed invoices for prepetition Utility Services provided by the Utility Providers to the Debtor up to the average monthly charge set forth on the Utility Service List attached as **Exhibit 1** hereto, and on a timely basis and in accordance with its prepetition practices, and all undisputed invoices for postpetition Utility Services provided by the Utility Providers to the Debtor; and each Utility Provider is authorized to retain prepetition deposits, if any, made by the Debtor as a postpetition deposit (subject to the Adequate Assurance Procedures discussed below).

4. Except as otherwise provided in this Order, the Debtor's Utility Providers are hereby prohibited from altering, refusing, or discontinuing service on account of the commencement of this chapter 11 case and/or any unpaid prepetition charges and are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

5. The Court hereby approves the following Adequate Assurance Procedures:

   a. The Debtor will fax, e-mail, serve by overnight mail, or otherwise expeditiously cause a copy of this Order, which includes the Adequate Assurance Procedures, to be served on each Utility Provider within two business days after entry of this Order.

   b. The Debtor will deposit in a segregated account ("Adequate Assurance Account") not subject to the liens of any creditor two weeks' worth of estimated utility costs for each Utility Provider based upon the average monthly charges set forth on Exhibit 1 hereto (the "Adequate Assurance Deposit") within 15 calendar days after entry of the Order; provided that to the extent any Utility Provider receives or has received any other form of adequate assurance of payment, the Debtor may reduce the Adequate Assurance Deposit maintained in the Adequate Assurance Account on account of same for such Utility Provider.

c. Any Utility Provider seeking modifications of this Order or additional assurance of payment in the form of deposits, prepayments or otherwise must serve a request for additional assurance (an "Additional Assurance Request") so that it is actually received by the following parties (the "Adequate Assurance Notice Parties") at the following addresses:

  i. Ice Miller LLP, 1500 Broadway, 29th Floor, New York, NY 10036, Attn: Louis DeLucia and Alyson Fiedler, louis.delucia@icemiller.com; alyson.fiedler@icemiller.com;

  ii. Robinson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103, Attn: Patrick M. Birney, pbirney@rc.com; and

  iii. Zeisler & Zeisler, PC, 10 Middle St, 15th Fl, Bridgeport, CT 06604, Attn: Eric Henzy and Stephen Kindseth, ehenzy@zeislaw.com; skindseth@zeislaw.com;

d. Any Additional Assurance Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including the amounts of any security deposits, and (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

e. Until a Utility Provider serves on the Adequate Assurance Notice Parties an Additional Assurance Request, such Utility Provider shall be (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code, and (ii) prohibited from discontinuing, altering, or refusing service to, or discriminating against, the Debtor on account of the commencement of the Debtor's chapter 11 case or any unpaid prepetition charges.

f. Upon receipt of any Additional Assurance Request as provided herein, the Debtor shall have until the later of (i) 28 days after receipt of such Additional Assurance Request and (ii) 30 days after entry of this order, or such period as may be agreed to by the Debtor and the relevant Utility Provider, to negotiate with such Utility Provider to resolve its Additional Assurance Request.

g. The Debtor may, without further order of the Court and with the consent of the Committee, which consent shall not be unreasonably withheld, resolve any Additional Assurance Request by mutual agreement with a Utility Provider, and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, which may include, but shall not be limited to, cash deposits, payments of an outstanding prepetition balance due to the Utility Provider, prepayments or other forms of security, in each case, without further order of the Court.

    h. If the Debtor is not able to reach a resolution with a Utility Provider that has submitted an Adequate Assurance Request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurance of payment with respect to the Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code (a "Determination Hearing").

    i. Pending resolution of such dispute at the Determination Hearing, the relevant Utility Provider shall be prohibited from discontinuing, altering, or refusing service to the Debtor on account of the commencement of this chapter 11 case, any unpaid charges for prepetition services provided to any of the Debtor by the Utility Provider, or any objections to the Proposed Adequate Assurance.

    j. Absent compliance with the procedures set forth in the Motion and the terms of this Order, the Debtor's Utility Providers are prohibited from altering, refusing, or discontinuing service on account of the commencement of this chapter 11 case and/or any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

6. The Debtor may file a motion to amend the Utility Service List to add or delete any Utility Provider, and this Order shall not apply to any Utility Provider that is subsequently added to the Utility Service List unless so ordered by the Court after notice and a hearing. Any such amended Utility Service List shall be attached to the motion filed with the Court.

7. For any Utility Provider that is subsequently added to the Utility Service List by Court Order, the Debtor shall deposit an Adequate Assurance Deposit into the Adequate Assurance Account for said added Utility Provider and, subject to the provisions of Paragraph 8, to the extent any such subsequently added entity wishes to make an Additional Assurance Request, it shall do so in accordance with the Adequate Assurance Procedures.

8. Any Utility Provider served with a motion to be added to the Utility Service List that objects to contents of this Order shall be required to, within any period of time directed by the Court, file and serve an objection in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules,

9. The inclusion of any entity in or the omission of any entity from the Utility Service List shall not be deemed an admission by the Debtor that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

10. The Debtor may terminate the services of any Utility Provider and is immediately authorized to withdraw from the Adequate Assurance Account the Adequate Assurance Deposit held on account of such terminated Utility Provider after final payment of the Utility Provider's charges for post-petition service at the terminated location.

11. The Banks are authorized, when requested by the Debtor, to receive, process, honor and pay all checks presented for payment of and to honor all fund transfer requests made by the Debtor related to Utility Services, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments. The Banks are authorized to rely on the Debtor's designation of any particular check or funds transfer as approved by this Order.  Any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order: (a) at the direction of the Debtor; (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored; or (c) as a result of an innocent mistake made despite the above-described protective measures, shall not be liable to the Debtor or its estate on account of such prepetition check or other item being honored postpetition.

12. Nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights or any other party-in-interests' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission

that any particular claim is of a type specified or defined hereunder; or (e) the assumption of any executory contract or unexpired lease.

13. The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

14. The requirements of Bankruptcy Rule 6004(a) and (h) are waived; this Order shall be immediately effective and enforceable upon its entry.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated at Hartford, Connecticut this 16th day of September, 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

# EXHIBIT 1:
## Utility Service List

| Utility Provider | Account Number(s) | Notice Address | Service Provided | Average Monthly Utility Charges | Proposed Adequate Assurance Deposit |
|---|---|---|---|---|---|
| AT&T Mobility | 824363593 | P.O. Box 6463 Carol Stream IL 60197-6463 | Telecom | $1,110 | $511 |
| Norwich Dept. of Public Utilities | 510499-100054<br>501439-100054<br>501440-100054<br>501441-100054<br>501444-100054<br>501445-102114<br>501627-100054<br>528805-100054<br>501637-100054<br>501630-102114<br>501632-100054<br>501438-100054<br>501442-100054<br>501443-100054 | 173 N Main St Norwich CT 06360 | Power/Water/Sewer | $6,675 | $6,675 (to be paid to NDPU directly by agreement of the parties) |
| Frontier | 860-425-0934-071277-5<br>860-456-3349-030698-5<br>860-889-4455-123179-5 | PO Box 740407 Cincinnati OH 45274-0407 | Telecom | $207 | $95 |
| Comcast | 901324858<br>8773-40-200-1331004<br>8773-40-200-1289673<br>8773-40-200-0832945<br>8773-40-200-0000444<br>8773-40-200-1066907<br>8773-40-200-1075163<br>8773-40-200-1075171<br>8773-40-200-1289681 | 1701 JFK Boulevard Philadelphia PA 19103 | Internet | $3,230 | $1,487 |

|  | 8773-40-200-1289699 8773-40-200-1297551 8773-40-200-1297569 8773-40-200-1317276 |  |  |  |  |
|---|---|---|---|---|---|
| Saveway Petroleum | 438425 | PO Box 900 Danielson CT 06239 | Gas | $909 | $418 |