**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No: 21-20687 (JJT)<br><br>RE: ECF No. 15 |

**FINAL ORDER ON DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING AND APPROVING SPECIAL NOTICING AND CONFIDENTIALITY PROCEDURES; (II) AUTHORIZING AND APPROVING PROCEDURES FOR PROVIDING NOTICE OF COMMENCEMENT; AND (III) GRANTING RELATED RELIEF**

This matter comes before the Court on the Debtor's *Motion For Entry Of Interim And Final Orders (I) Authorizing And Approving Special Noticing And Confidentiality Procedures; (II) Authorizing And Approving Procedures For Providing Notice Of Commencement; and (III) Granting Related Relief* (the "Motion"),[2] the First Day Declaration, and the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Hearing commenced on August 10, 2021, however, pursuant to statements made on the record, including the various concerns raised by both the United States Trustee and the Court as to the form of the order, the Court entered an order granting the Motion on an interim basis (the "Interim Order") [Dkt. No. 74] and continuing the Hearing to August 17, 2021 at 10:00 a.m. The Debtor, the United States Trustee, and the Official Committee of Unsecured Creditors consented to a continuance of the August 17 hearing, and on August 13, 2021, the Court entered an order further

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.
[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

continuing the Hearing to September 9, 2021 (the "Final Hearing") [Dkt. No. 149]. The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided to the Notice Parties pursuant to Local Bankruptcy Rule 9013-2(b); and (v) notice of the Motion and the Final Hearing was sufficient under the circumstances. After due consideration, the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors and is necessary to prevent immediate and irreparable harm to the Debtor and its estate. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein on a final basis.

2. To protect the identities of abuse survivors, minors, parents or legal guardians, employees, and other applicable parties-in-interest, the following Confidentiality Procedures are hereby approved:

    a. the Debtor shall file on the docket of this chapter 11 case a copy of the Creditor Matrix, and any amended Creditor Matrices:

        i. redacting the names of and listing the contact information for counsel of record, where known, for, (A) each holder of an Abuse Claim, including the Doe Claimants, and (B) the parents or legal guardian of any minor involved in litigation against the Debtor, in each case in lieu of including the names and personal contact information of any holder of an Abuse Claim or parents or legal guardian of any such minor. In the event that no counsel of record exists, the identities and all other personal contact information of holders of Abuse Claims, including the Doe Claimants, minors, and parents or legal guardians of minors involved in litigation against the Debtor, shall be redacted; and

        ii. replacing the personal contact information for any current or former employee of the Debtor with the Debtor's corporate address;

    b. the Debtor shall provide an unredacted copy of the Creditor Matrix, any amended Creditor Matrices, and any document filed on the docket of this chapter 11 case or any related adversary proceedings that been redacted in accordance with these Confidentiality Procedures within two (2) business days of the filing of such

      Creditor Matrix, amended Creditor Matrices, or document filed on the docket of this chapter 11 case or any related adversary proceedings that been redacted in accordance with these Confidentiality Procedures, to: (i) the Clerk of the Court; (ii) the U.S. Trustee; (iii) any statutory creditors' committee(s) appointed in this chapter 11 case under section 1102 of the Bankruptcy Code (the "Creditors' Committee(s)"); (iv) Catholic Mutual Relief Society, it's reinsurers, and each of their respective professionals ("Catholic Mutual"); and (v) any future claimants' representative appointed in this case. For purposes of this Motion, the Clerk of the Court, the U.S. Trustee, Catholic Mutual, the Creditors' Committee(s), and any future claimants' representative are collectively referred to as the "Distribution Parties";

c. all documents filed in this chapter 11 case or any related adversary proceedings, including, without limitation, affidavits of service, schedules of assets and liabilities, and statements of financial affairs, shall be filed on the docket in redacted form in accordance with subparagraph (a) above; and

d. the Distribution Parties shall keep strictly confidential all copies of unredacted documents provided by the Debtor in accordance with subparagraph (b) of this Final Order.

3. Notwithstanding anything herein to the contrary, the Debtor shall, to the extent not already served pursuant to the Interim Order, serve through the Claims and Noticing Agent the Notice of Commencement upon the parties listed on the Creditor Matrix, including, without limitation, (i) holders of Abuse Claims for whom the Debtor obtained sufficient contact information within the three years immediately preceding the Petition Date and who have: (a) filed, or threatened to file, lawsuits against the Debtor on account of Abuse Claims; (b) otherwise contacted the Debtor to report Abuse Claims; (c) entered into any settlement agreement with the Debtor relating to an Abuse Claim; or (d) received any payment from the Debtor relating to an Abuse Claim, or (ii) counsel of record for the holders of Abuse Claims.

4. The Court finds that (a) Debtor's service of the Notice of Commencement to be published once (in the national editions, as relevant) of USA Today, The National Catholic Register, and The National Catholic Reporter, and in the Hartford Courant, the Norwich Bulletin, the Day, and the New Haven Register, (b) the Debtor's posting the Notice of Commencement on

the Debtor's website and on the Case Website (https://dm.epiq11.com/RCDNorwich) established by the Claims and Noticing Agent, and (c) the Debtor's Sharing on the Debtor's social media accounts, including Facebook and Twitter, a link to the Notice of Commencement as posted on the Case Website, are satisfactory and in compliance with the Interim Order.  In addition to the publication service described herein, the Debtor shall cause the Notice of Commencement to be published once in each of the following additional publications on the following dates (or as soon thereafter as the publisher permits):  the Manchester Journal-Inquirer – 9/17/2021, the Middletown Press – 9/16/2021, and the Willimantic Chronicle – 9/16/2021.  The publication notice authorized herein is without prejudice to any party's right to be heard with respect to the adequacy of the notice of any bar date that may be established in this chapter 11 case.

5. The form and manner of notice provided herein, including in the Confidentiality Procedures, are reasonably calculated to inform interested parties of this Chapter 11 case and are hereby approved in their entirety.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated at Hartford, Connecticut this 16th day of September, 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut