**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No: 21-20687 (JJT)<br><br>RE: ECF No. 14 |

**AMENDED FINAL ORDER (I) AUTHORIZING THE CONTINUED USE OF THE DEBTOR'S CASH MANAGEMENT SYSTEM, BANK ACCOUNTS AND BUSINESS FORMS AND (II) GRANTING RELATED RELIEF**

This matter comes before the Court on the Debtor's *Motion for Entry of Interim and Final Orders (I) Authorizing the Continued Use of the Debtor's Cash Management System, Bank Accounts and Business Forms and (II) Granting Related Relief* (the "Motion"),[2] the First Day Declaration, and the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"). The Hearing commenced on August 10, 2021, however, pursuant to statements made on the record, including the various concerns raised by both the United States Trustee and the Court as to the form of the order, the Court entered an order granting the Motion on an interim basis (the "Interim Order") [Dkt. No. 59] and continuing the Hearing to August 17, 2021 at 10:00 a.m. The Debtor, the United States Trustee, and the Official Committee of Unsecured Creditors consented to a continuance of the August 17 hearing, and on August 13, 2021, the Court entered an order further continuing the Hearing to September 9, 2021 (the "Final Hearing") [Dkt. No. 149]. The Court finds that (i) it has jurisdiction over this matter pursuant to

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided to the Notice Parties pursuant to Local Bankruptcy Rule 9013-2(b); (v) notice of the Motion and the Final Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due consideration, the Court finds that the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors and is necessary to prevent immediate and irreparable harm to the Debtor and its estate. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein on a final basis.

2. The Debtor is **AUTHORIZED** to and **SHALL**: (a) maintain its Cash Management System, in the same form as the Cash Management System described in the Motion; (b) open bank accounts; provided, however, that the Debtor gives notice to the U.S. Trustee and any official committees appointed in this chapter 11 case prior to opening a bank account, (c) receive and disburse funds held for non-debtor entities into and out of the Bank Accounts as described in the Motion; (d) pay any ordinary course Bank Fees incurred in connection with the Bank Accounts, irrespective of whether such fees arose prior to the Petition Date, and to otherwise perform its obligations under the documents governing the Bank Accounts; and (e) utilize existing Business Forms subject to paragraph 7 below.

3. The Debtor is **AUTHORIZED** to continue to use the bank accounts maintained at People's as of the Petition Date under existing account numbers as debtor-in-possession accounts without interruption. The Debtor is further **AUTHORIZED** to continue to use the accounts maintained at Janney and Morgan Stanley as of the Petition Date under existing account numbers without

interruption. If it has not already done so, People's shall internally designate each of Debtor's accounts as a debtor-in-possession account and is hereby directed to provide the Debtor and the United States Trustee proof of same within 5 business days of the entry of this Final Order.

4. The Debtor shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records, to the same extent by the Debtor before the Petition Date. Contemporaneous with the filing of each monthly operating report, the Debtor shall provide the Official Committee of Unsecured Creditors (the "Committee") and the U.S. Trustee with: (a) a summary report of all such fund transfers within the Cash Management system for the preceding calendar month (the "Cash Management Report"), which Cash Management Report shall disclose for each non-debtor entity for whom the Debtor provides administrative or other services (including, but not limited to, the Parishes, Schools and Other Catholic Entities as these terms are defined in the Motion, collectively "Catholic Entities") (i) the gross amount paid by the Debtor to such Catholic Entities or for such Catholic Entities' benefit, including all wages and benefit payments and transfers to and or for the benefit of such Catholic Entities, (ii) the gross amount paid by such Catholic Entities to or for the benefit of the Debtor, (iii) the net difference between (i) and (ii) for the month, and (iv) the net difference since the Petition Date; and (b) the account statements for the preceding month for each of the Bank Accounts and the Non-Debtor Banks Accounts (to the extent available to the Debtor) that are listed on Exhibit C to the Motion.

5. The Banks are **AUTHORIZED** and **DIRECTED** to continue to Service and Administer the Bank Accounts as debtor-in-possession accounts without interruption, and to receive, process, honor and pay any and all checks, ACH transfers and other instructions for payment, drafts drawn on or electronic

transfer requests made on, the Bank Accounts after the Petition Date by the holders or makers thereof or other persons or parties entitled to issue instructions with respect thereto, as the case may be, provided, however, that any check, advice, draft or other notification drawn or issued by the Debtor before the Petition Date may be honored by any bank only if directed by the Debtor and authorized by the Court. Nothing in this Order shall require any Bank to process, honor and pay any checks, make ACH transfers or honor other instructions for payment, drafts drawn on or electronic transfer requests made on, the Bank Accounts, whether in the ordinary course of business or otherwise, when such action requires the Bank to extend credit to the Debtor.

6. All Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor any checks issued against the Bank Accounts prior to the Petition Date, except as otherwise authorized by an order of this Court and directed by the Debtor.

7. The Debtor shall include the legend "D.I.P." and the corresponding bankruptcy case number on existing checks and business forms either by writing such information by hand, appending such information by a stamp, or by similar means. The Debtor shall not be required to order new checks or business forms with the legend "D.I.P." and the corresponding bankruptcy case number until existing checks and business forms are depleted; provided, however, that any new check stock ordered by the Debtor, and any new business forms ordered upon depletion of existing stock, shall contain the designation "Debtor-in-Possession" and the corresponding case number.

8. The Banks are **AUTHORIZED** and **DIRECTED** to accept and honor all representations from the Debtor regarding which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with any order of this Court, whether such checks, drafts, wires or ACH transfers are dated prior to, on, or subsequent to the Petition Date; provided, however, that to the extent the Debtor directs

the Banks to dishonor any disbursements or the Banks inadvertently dishonor any disbursements, the Debtor may issue replacement disbursements consistent with the orders of this Court. The Banks shall not be liable to any party on account of: (a) following the Debtor's instructions or representations as to any order of this Court; (b) honoring any prepetition check or item in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

9. Any Bank, without further order of this Court, is (a) **AUTHORIZED** to charge, and the Debtor is **AUTHORIZED** to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks are entitled under the terms and in accordance with their contractual arrangements with the Debtor; and (b) **AUTHROIZED**, but not directed, to charge back returned items to the Bank Accounts in the normal course of business.

10. To the extent that any of the Bank Accounts do not comply with section 345(b) of the Bankruptcy Code or any other requirements of the U.S. Trustee, the requirements of section 345(b) are waived.

11. Any Banks are further **AUTHORIZED** to (a) honor the Debtor's directions with respect to the opening and closing of any Bank Account and (b) accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions; provided, in each case, that the Debtor's Banks shall not have any liability to any party for relying on such representations.

12. Nothing in the Motion or this Final Order, nor the Debtor's payment of claims pursuant to the Interim Order or this Final Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; or (d) a request to assume any executory contract or unexpired lease, pursuant to section 365 of the Bankruptcy Code.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

14. The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

15. The Debtor is hereby **AUTHORIZED** to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

16. The requirements of Bankruptcy Rule 6004(a) and (h) are waived; this Order shall be immediately effective and enforceable upon its entry.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated at Hartford, Connecticut this 16th day of September, 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut