## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1] | Case No: 21-20687 (JJT) |
| Debtor. | September 30, 2021 |

## NOTICE OF CONTESTED MATTER

**PLEASE TAKE NOTICE** that, upon their annexed *Debtor's Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "Motion"), the Norwich Roman Catholic Diocesan Corporation (the "Debtor") will move the Honorable James J. Tancredi, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Connecticut to enter the proposed order, annexed to the Debtor's Motion as Exhibit A (the "Proposed Order"), granting the motion and establishing compensation and reimbursement procedures.

**PLEASE TAKE FURTHER NOTICE** that the Motion is a contested matter subject to the Bankruptcy Court's Local Rule 9014-1.

**PLEASE TAKE FURTHER NOTICE** that parties in interest have fourteen (14) days to respond to the Motion. The response deadline shall be set as of **October 14, 2021** (fourteen days from the date this Notice and the Motion are filed with the Court) (the "Response Date").

**PLEASE TAKE FURTHER NOTICE**, THAT OBJECTIONS, IF ANY, TO THE RELIEF REQUESTED IN THE Motion or provided for in the Proposed Order must be in writing, conform with Bankruptcy Code, Bankruptcy Rules and the Local Rules, state with particularity the grounds therefor, and be filed with the Court and served upon the Purchasers, with a courtesy copy to the Chambers of the Honorable James J. Tancredi, United States Bankruptcy Court for the District of Connecticut, by no later than the Response Date (a) (i) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Bankruptcy Court's website at www.ctb.uscourts.gov; and (ii) in portable document format ("PDF") using Adobe Exchange Software for conversion; or (b) if by a party that is unable to file electronically, such party shall submit the objection in PDF format on portable media in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, also known as The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373, and its mailing address is 201 Broadway, Norwich, CT 06360.

**PLEASE TAKE FURTHER NOTICE**, that if no objections to the entry of the proposed Order are timely filed and served on or before the Response Date, the Proposed Order may be entered by the Court without further hearing or any further notice to any party.

Dated: Hartford, CT
September 30, 2021

*/s/ Patrick M. Birney*
Patrick M. Birney (CT No. 19875)
Andrew A. DePeau (CT No. 30051)
Annecca H. Smith (admitted *pro hac vice*)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone:  (860) 275-8275
Facsimile:  (860) 275-8299
E-mail:  pbirney@rc.com
            adepeau@rc.com
            asmith@rc.com

-and-

Louis T. DeLucia (admitted *pro hac vice*)
Alyson M. Fiedler (admitted *pro hac vice*)
**ICE MILLER LLP**
1500 Broadway, 29th Floor
New York, NY 10036
Telephone: (212) 824-4940
Facsimile: (212) 824-4982
E-Mail:  louis.delucia@icemiller.com
            alyson.fiedler@icemiller.com

*Proposed Counsel to the Debtor*
*and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### HARTFORD DIVISION

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No:  21-20687 (JJT)<br><br>September 30, 2021 |

## DEBTOR'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Now comes The Norwich Roman Catholic Diocesan Corporation, debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor" or "Diocese"), and through the instant motion (the "Motion") hereby moves the Court pursuant to sections 105(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), establishing procedures for the interim compensation and reimbursement of expenses of estate professionals.  In further support of its Motion, the Debtor states as follows:

### JURISDICTION

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 330, and 331 of title 11 of the Bankruptcy Code and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure.

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, also known as The Roman Catholic Diocese of Norwich.  The last four digits of the Debtor's federal tax identification number are 7373, and its mailing address is 201 Broadway, Norwich, CT 06360.

## BACKGROUND

4.        The Debtor is a Roman Catholic diocese in Connecticut and a small part of New York founded in 1953 by Pope Pius XII, encompassing Middlesex, New London, Windham and Tolland counties in Connecticut, as well as Fisher Island, New York.  The Most Reverend Michael R. Cote, D.D. has been the Bishop of the Diocese since March 11, 2003.  Monsignor Leszek T. Janik is the Diocese's Vicar General.[2]

5.        On July 15, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code

6.        No trustee or examiner has been appointed and the Debtor continues to operate and manage its assets and affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.        On July 29, 2021, the United States Trustee of the District of Connecticut (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") [Dkt. No. 90], following which the Committee retained Zeisler & Zeisler, P.C. as counsel [Dkt. No. 233].

## RELIEF REQUESTED

8.        The Debtor requests entry of the Order to establish a streamlined process for the allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by attorneys and other professionals who will be retained pursuant to sections 327 or 1103 of the Bankruptcy Code and required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code.

---

[2] Information regarding the Debtor's history, business operations and structure, and the events leading up to this chapter 11 case is set forth in the *Declaration of Rev. Peter J. Langevin Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings* [Dkt. No. 12], which was filed on the Petition Date and is incorporated herein by reference.

9.      The Debtor proposes that the payment of fees and reimbursement of expenses of the professionals retained in this chapter 11 case be structured in accordance with the procedures described in Paragraph 13 herein (the "Compensation Procedures").

## RETENTION OF PROFESSIONALS

10.      Following the Petition Date, the Diocese filed the following applications to retain various estate professionals (collectively the "Debtor's Professionals"):

a.      *Debtor's Application for Authorization to Retain and Employ Ice Miller LLP as Attorneys Pursuant to 11 U.S.C § 327(a) and Granting Other Relief* [Dkt. No. 111];

b.      *Debtor's Application for Authorization to Retain and Employ Robinson & Cole LLP as Co-counsel Pursuant to 11 U.S.C § 327(a) and Granting Other Relief* [Dkt. No. 112];

c.      *Debtor's Application for Authorization to Retain and Employ B. Riley Advisory Services as Financial Advisors to the Debtor Pursuant to 11 U.S.C § 327(a) and Granting Other Relief* [Dkt. No. 138];

d.      *Debtor's Application for Authorization to Retain and Employ Epiq Corporate Restructuring LLC as its Claims and Noticing Agent and Granting Other Relief* [Dkt. No. 17]; and

e.      *Debtor's Application for Authorization to Retain and Employ Brown Jacobson PC as Special Corporate Counsel  to the Debtor  Pursuant to 11 U.S.C § 327(e) and Granting Other Relief* [Dkt. No. 141].

11.      For purposes herein, the professionals retained by the Committee shall be referred to as the "Committee Professionals" and, together with the Debtor's Professionals, shall collectively be referred to as the "Retained Professionals." The relief requested in this Motion applies to each of the Retained Professionals.

## THE COMPENSATION PROCEDURES

12.      The proposed Compensation Procedures will create a streamlined process for the retention and payment of Retained Professionals during this chapter 11 case.  Further, a streamlined process for serving interim fee applications (each an "Interim Fee Application"), final

fee applications (each a "<u>Final Fee Application</u>"), and the notices thereof is in the best interest of the Debtor and its creditors because it will facilitate efficient review of the Retained Professionals' fees and expenses while saving unnecessary copying and mailing expenses. The Compensation Procedures contemplate a process by which Retained Professionals will file monthly fee statements with the Court seeking approval of 80 percent (80%) of their fees and 100 percent (100%) of expenses, serving notice of the same by email or ECF notice to notice parties, including: Ice Miller LLP, counsel to the Debtor (Attn: Louis T. DeLucia (louis.delucia@icemiller.com) and Alyson M. Fiedler (alyson.Fiedler@icemiller.com)); Robinson & Cole LLP, co-counsel to the Debtor (Attn: Patrick M. Birney (pbirney@rc.com)); the U.S. Trustee (Attn: Holley L. Claiborn (Holley.L.Claiborn@usdoj.gov)); Zeisler & Zeisler, P.C., counsel to the Committee (Attn: Eric Henzy (ehenzy@zeislaw.com) and Stephen M. Kindseth (skindseth@zeislaw.com)); and anyone else the Court may designate from time to time or anyone else who files a request for notice of the Statements with the Court pursuant to the Compensation Procedures set forth below (the "<u>Notice Parties</u>").

13.     The proposed Compensation Procedures are as follows:

     a.     On or after the 15th day following the month for which compensation is sought, each Retained Professional may file with the Court and serve a monthly statement (each a "<u>Statement</u>") for professional services rendered and reimbursement of expenses incurred during the relevant compensation period on parties retained in the relevant case.

     b.     The Statements of Retained Professionals shall include the following information: (i) a summary of fees and expenses by task code/category, in the form attached to the Proposed Order as <u>Exhibit 1</u>; (ii) a summary of fees by timekeeper in the form attached to the Proposed Order as <u>Exhibit 2</u>; (iii) documentation of any expenses; and (iv) detailed invoices rendered by the Retained Professionals, including time entries with narrative descriptions of services rendered by each individual in increments of tenths (1/10) of an hour (redacted for confidentiality or privilege as necessary). Each Statement shall include a representation from the Retained Professional's constituency (i.e., Debtor's representative or Committee's chair) that the

4

representative has reviewed the Statement and does not object to the fees and expenses set forth therein.

c.      Statements for Retained Professionals in this chapter 11 case shall be served on the Notice Parties (as defined in the Motion), the Debtor's representative, and the members of the Committee.

d.      Each Notice Party will have until 4:00 p.m. (prevailing Eastern time) on the 21st day after service of a Statement to object to the requested fees and expenses in accordance with subparagraph (e) below. Upon the expiration of such 21-day period, a Retained Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses request to in its Statement.  After a certificate of no objection is filed, the Debtor is authorized and directed to pay the Retained Professional an amount equal to 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Statement that are not subject to an objection pursuant to subparagraph (e) below.

e.      If any Notice Party objects to a Retained Professional's Statement, the objecting party shall, within 21 days of service of the Statement, serve a written notice upon the Retained Professional and the Notice Parties (a "Notice of Objection to Fee Statement") setting forth the precise nature of the objection and the amount at issue.  Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtor shall promptly pay 80 percent (80%) of the agreed-upon fees and 100 percent (100%) of the agreed-upon expenses.  If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after service of the objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the Retained Professional and the Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the disputed amount and the total amount requested to be paid to the Retained Professional (the "Undisputed Amount") or (ii) forego payment of the Undisputed Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f.      Each Retained Professional shall submit its first Statement by November 1, 2021. The first Statement shall cover the period from the Petition Date through September 30, 2021. Thereafter, Retained Professionals may submit Statements in the manner described above.

g.     Beginning with the period ending on October 31, 2021 and at approximately three-month intervals thereafter (each an "<u>Interim Fee Period</u>"), each Retained Professional may file with the Court and serve on the Notice Parties interim fee applications (each an "<u>Interim Fee Application</u>") seeking interim approval and allowance of compensation and reimbursement of expenses, regardless of whether or not the Retained Professional has filed and served monthly statements pursuant to these procedures. The first Interim Fee Application shall be filed with the Court by November 15, 2021 and shall cover all fees incurred from the Petition Date through October 31, 2021.

h.     The filing of an Objection shall not prejudice the objecting party's right to object to an Application made to the Court on any ground, whether raised in the objection or not. Further, the decision by any party to not object to a Statement will not prejudice that party's right to object to an Application subsequently made to the Court.

i.     The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

j.     Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of compensation and reimbursement of expenses of Retained Professionals. All interim fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to adjustment and disgorgement until final allowance by the Court.

k.     On the 15th day of each month, beginning on November 15, 2021, the Debtor shall file or cause to be filed a monthly statement disclosing: (a) the amount of fees or expenses incurred by Retained Professionals that have been paid by the Debtor, (b) the status of any fees and expenses incurred by Retained Professionals that were not paid, and (c) the reasons why any such fees or expenses were not paid.

14.    The proposed Compensation Procedures will enable the estate's professionals, the Court, the Committee, and the U.S. Trustee to: (a) closely monitor the costs of administering this chapter 11 case; (b) maintain an appropriate level of liquidity so as to ensure the Debtor's continued ability to satisfy such costs; and (c) accurately forecast cash flows that account for the

amount and timing of such costs. Moreover, the proposed Compensation Procedures will streamline the administration of this chapter 11 case and otherwise expedite the bankruptcy process for the Court, the Debtor, the U.S. Trustee, the Committee, and all other parties in interest.

15. The Debtor further requests that the Court limit service of the Interim Fee Applications and Final Fee Applications (together, the "Applications") to the Notice Parties. For all other parties entitled to notice, the Debtor requests that Retained Professionals only be required to serve a notice of hearing on the Applications (the "Hearing Notices"), which shall include a summary of the amount of fees and expenses sought. Serving the Applications and the Hearing Notices in this manner will permit the parties most active in this chapter 11 case to review and, if applicable, object to the Professionals' fees and expenses and will reducing unnecessary copy and mailing expenses.

## BASIS FOR RELIEF REQUESTED

16. Section 331 of the Bankruptcy Code provides that all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Section 331 provides as follows:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

17. Congress' intent in enacting section 331 is expressed in the House and Senate Reports accompanying enactment of the Bankruptcy Code, which provides the following:

The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

7

H.R. Rep. No. 595, 95th Cong. 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

18.    Section 330 of the Bankruptcy Code provides, in relevant part, that:

[a]fter notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to . . . a professional person employed under section 327 or 1103 (A) reasonable compensation for actual, necessary services rendered [by such professional person] . . . and (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

19.    Further, section 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the bankruptcy court's inherent equitable powers. 11 U.S.C. § 105(a).

20.    Courts regularly enter orders establishing procedures providing for the interim compensation and expense reimbursement of professionals.  Factors considered by the courts in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 898 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals fund a debtor's reorganization proceedings. *Id*. at 897.

21.    Courts in this district have approved similar interim compensation procedures in other chapter 11 cases. *See, e.g., In re Carla's Pasta, Inc.*, Case No. 21-20111 (Bankr. D. Conn. Mar. 24, 2021) [Dkt. No. 329]; *In re Latex Foam Int'l, LLC*, Case No. 19-51064 (Bankr. D. Conn.

8

Nov. 25, 2019) [Dkt. No. 301]; *In re Spectrum Healthcare, LLC*, Case No. 16-21635 (Bankr. D. Conn. Dec. 16, 2016) [Dkt. No. 202]; *In re Sagecrest II LLC*, Case No. 08-50754 (Bankr. D. Conn. Jan. 30, 2009) [Dkt. No. 441].

22.     The complexity of this chapter 11 case justifies the Compensation Procedures requested herein.  Indeed, such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in this case and are not forced to bear undue financial burden or risk caused by delays in payment.

23.     The Compensation Procedures will also enable the Debtor to monitor closely the costs of administering this case. Moreover, the proposed Compensation Procedures will allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures. The Debtor therefore submits that the efficient administration of this case will be significantly aided by establishing the Compensation Procedures.

24.     The Debtor respectfully submits that the Compensation Procedures proposed herein are necessary and appropriate for this chapter 11 case and are in the best interests of the Debtor, its creditors, its chapter 11 estate, and other parties-in-interest.

25.     The Debtor circulated a copy of these procedures to counsel for the Committee and the United States Trustee.  The Committee requested certain changes to the Compensation Procedures and Order, which have been incorporated herein.  The United States Trustee also requested certain changes to the Compensation Procedures and Order, most of which have been incorporated herein.

## NOTICE

26.     Notice of this Application will be provided to (a) the Office of the United States Trustee; (b) counsel or the Official Committee of Unsecured Creditors (c) counsel to the Survivors; (d) Scott Rosen, Cohn Birnbaum & Shea, P.C., counsel to the People's United Bank, N.A.; (e) the Internal Revenue Service; (f) the Connecticut Department of Revenue Services; (g) the Attorney General of the State of Connecticut; (h) all secured and unsecured creditors identified in the Debtor's Schedules; and (i) any other party that has requested service pursuant to Bankruptcy Rule 2002 as of the time of service.  The Debtor believes that no further notice is required under the circumstances.

## NO PRIOR REQUEST

27.     No previous request for the relief sought herein has been made by the Debtor in this or in any other court.

WHEREFORE, the Debtor requests entry of the proposed Order, substantially in the form attached hereto as **Exhibit A**, and granting the relief requested herein and such other and further relief as is just and proper.

*[Signature block follows on next page]*

Dated: Hartford, Connecticut
September 30, 2021

/s/ Patrick M. Birney
Patrick M. Birney (CT 19875)
Andrew A. DePeau (CT No. 30051)
Annecca H. Smith (CT No. 31148)
**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Telephone:  (860) 275-8275
Facsimile:  (860) 275-8299
E-mail:  pbirney@rc.com
adepeau@rc.com
asmith@rc.com

-and-

Louis T. DeLucia (admitted *pro hac vice*)
Alyson M. Fiedler (admitted *pro hac vice*)
**ICE MILLER LLP**
1500 Broadway, 29th Floor
New York, NY 10036
Telephone: (212) 824-4940
Facsimile: (212) 824-4982
E-Mail:  louis.delucia@icemiller.com
alyson.fiedler@icemiller.com

*Proposed Counsel to the Debtor*
*and Debtor-in-Possession*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2021, a copy of the foregoing was filed electronically through the Court's CM/ECF System and served by the Debtor's noticing agent in the manner described in the accompanying Motion.

*/s/ Patrick M. Birney*_____
Patrick M. Birney

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1] | Case No:  21-20687 (JJT) |
| Debtor. | |

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER ESTABLISHING**
**PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES FOR PROFESSIONALS**

Upon consideration of the *Debtor's Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "Motion"), pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, establishing procedures for interim compensation and reimbursement of expenses for Retained Professionals,[2] all as defined and more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, also known as The Roman Catholic Diocese of Norwich.  The last four digits of the Debtor's federal tax identification number are 7373, and its mailing address is 201 Broadway, Norwich, CT 06360.
[2] Capitalized terms in this Order not otherwise defined herein shall have the same definitions as set forth in the Motion.

were appropriate and no other notice need be provided; and this Court having reviewed the Motion

and determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing:

**IT IS ORDERED THAT**:

1.        The Motion is **GRANTED** as provided herein.

2.        The following Compensation Procedures are hereby approved:

   a.   On or after the 15th day following the month for which compensation is sought, each Retained Professional may file with the Court and serve a monthly statement (each a "<u>Statement</u>") for professional services rendered and reimbursement of expenses incurred during the relevant compensation period on parties retained in the relevant case.

   b.   The Statements of Retained Professionals shall include the following information: (i) a summary of fees and expenses by task code/category, in the form attached hereto as <u>Exhibit 1</u>; (ii) a summary of fees by timekeeper in the form attached hereto as <u>Exhibit 2</u>; (iii) documentation of any expenses; and (iv) detailed invoices rendered by the Retained Professionals, including time entries with narrative descriptions of services rendered by each individual in increments of tenths (1/10) of an hour (redacted for confidentiality or privilege as necessary).  Each Statement shall include a representation from the Retained Professional's constituency (i.e., Debtor's representative or Committee's chair) that the representative has reviewed the Statement and does not object to the fees and expenses set forth therein.

   c.   Statements for Retained Professionals in this chapter 11 case shall be served on the Notice Parties (as defined in the Motion), the Debtor's representative, and the members of the Committee.

   d.   Each Notice Party will have until 4:00 p.m. (prevailing Eastern time) on the 21st day after service of a Statement to object to the requested fees and expenses in accordance with subparagraph (e) below. Upon the expiration of such 21-day period, a Retained Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses request to in its Statement.  After a certificate of no objection is filed, the Debtor is authorized and directed to pay the Retained Professional an amount equal to 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Statement that are not subject to an objection pursuant to subparagraph (e) below.

2

e.  If any Notice Party objects to a Retained Professional's Statement, the objecting party shall, within 21 days of service of the Statement, serve a written notice upon the Retained Professional and the Notice Parties (a "<u>Notice of Objection to Fee Statement</u>") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtor shall promptly pay 80 percent (80%) of the agreed-upon fees and 100 percent (100%) of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after service of the objection, the objecting party shall file its objection (the "<u>Objection</u>") with the Court within three business days and serve such Objection on the Retained Professional and the Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the disputed amount and the total amount requested to be paid to the Retained Professional (the "<u>Undisputed Amount</u>") or (ii) forego payment of the Undisputed Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f.  Each Retained Professional shall submit its first Statement by November 1, 2021. The first Statement shall cover the period from the Petition Date through September 30, 2021. Thereafter, Retained Professionals may submit Statements in the manner described above.

g.  Beginning with the period ending on October 31, 2021 and at approximately three-month intervals thereafter (each an "<u>Interim Fee Period</u>"), each Retained Professional may file with the Court and serve on the Notice Parties interim fee applications (each an "<u>Interim Fee Application</u>") seeking interim approval and allowance of compensation and reimbursement of expenses, regardless of whether or not the Retained Professional has filed and served monthly statements pursuant to these procedures. The first Interim Fee Application shall be filed with the Court by November 15, 2021 and shall cover all fees incurred from the Petition Date through October 31, 2021.

h.  The filing of an Objection shall not prejudice the objecting party's right to object to an Application made to the Court on any ground, whether raised in the objection or not. Further, the decision by any party to not object to a Statement will not prejudice to that party's right to object to an Application subsequently made to the Court.

i.  The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3

j.   Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of compensation and reimbursement of expenses of Retained Professionals. All interim fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to adjustment and disgorgement until final allowance by the Court.

k.   On the 15th day of each month, beginning on November 15, 2021, the Debtor shall file or cause to be filed a monthly statement disclosing: (a) the amount of fees or expenses incurred by Retained Professionals that have been paid by the Debtor, (b) the status of any fees and expenses incurred by Retained Professionals that were not paid, and (c) the reasons why any such fees or expenses were not paid.

3.     Except as may otherwise be provided in an order of the Court authorizing the retention of a particular Retained Professional, the Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the Compensation Procedures.

4.     All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

5.     The Retained Professionals shall only be required to serve (a) the Statements on the Notice Parties, as applicable; (b) the Interim Fee Applications and Final Fee Applications on the Notice Parties, and (c) notices of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of this Court, requested notice of pleadings in this chapter 11 case, or are otherwise entitled to notice under Rule 2002(a) of the Federal Rules of Bankruptcy Procedure.

6.     All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

7.      All time periods referenced in this Order and the Compensation Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a).

9.      The Debtor is authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order in accordance with the Motion.

10.     This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.


Dated: _____, 2021          _____
                                       JAMES J. TANCREDI
                                       UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

## COMPENSATION BY TASK CODE

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| (02) Asset Disposition | | |
| (03) Assumption and Rejection of Leases & Contracts | | |
| (05) Business Operations | | |
| (06) Case Administration | | |
| (09) Employment Benefits and Pensions | | |
| (10) Employment and Fee Application (Firm) | | |
| (11) Employment and Fee Applications (Others) | | |
| (12) Financing, Cash Collateral | | |
| (13) Litigation/Adversary Matters | | |
| (14) Meetings and Communications with Creditors | | |
| (15) Non-Working Travel | | |
| (16) Plan and Disclosure Statement | | |
| (17) Relief from Stay and Adequate Protection | | |
| (18) Tax | | |
| (21) Hearings | | |
| (22) First and Second Day Motions | | |
| (24) Claims Investigation | | |
| (26) Schedules and Statements | | |
| (27) Time Entry Review | | |
| **TOTAL:** | | |

## EXHIBIT 2

## COMPENSATION BY TIMEKEEPER

| Timekeeper | Position/Title | Bar Admission and Practice Group | Rate | Hours | Amount |
|---|---|---|---|---|---|
| | | | $0.00 | 0 | $0.00 |
| **GRAND TOTAL** | | | | **0** | **$0.00** |
| **BLENDED RATE:** | | | **$0.00** | | |