## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| In re: <br><br> THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No: 21-20687 (JJT) <br><br> RE: ECF No. 296 |

### ORDER GRANTING DEBTOR'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon consideration of the *Debtor's Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "Motion"), pursuant to sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, establishing procedures for interim compensation and reimbursement of expenses for Retained Professionals,[2] all as defined and more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, also known as The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373, and its mailing address is 201 Broadway, Norwich, CT 06360.
[2] Capitalized terms in this Order not otherwise defined herein shall have the same definitions as set forth in the Motion.

were appropriate and no other notice need be provided; and this Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing:

**IT IS ORDERED THAT**:

1. The Motion is **GRANTED** as provided herein.

2. The following Compensation Procedures are hereby approved:

   a. On or after the 15th day following the month for which compensation is sought, each Retained Professional may file with the Court and serve a monthly statement (each a "Statement") for professional services rendered and reimbursement of expenses incurred during the relevant compensation period on parties retained in the relevant case.

   b. The Statements of Retained Professionals shall include the following information: (i) a summary of fees and expenses by task code/category, in the form attached hereto as Exhibit 1; (ii) a summary of fees by timekeeper in the form attached hereto as Exhibit 2; (iii) documentation of any expenses; and (iv) detailed invoices rendered by the Retained Professionals, including time entries with narrative descriptions of services rendered by each individual in increments of tenths (1/10) of an hour (redacted for confidentiality or privilege as necessary). Each Statement shall include a representation from the Retained Professional's constituency (i.e., Debtor's representative or Committee's chair) that the representative has reviewed the Statement and does not object to the fees and expenses set forth therein.

   c. Statements for Retained Professionals in this chapter 11 case shall be served on the Notice Parties (as defined in the Motion), the Debtor's representative, and the members of the Committee.

   d. Each Notice Party will have until 4:00 p.m. (prevailing Eastern time) on the 21st day after service of a Statement to object to the requested fees and expenses in accordance with subparagraph (e) below. Upon the expiration of such 21-day period, a Retained Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses request to in its Statement. After a certificate of no objection is filed, the Debtor is authorized and directed to pay the Retained Professional an amount equal to **70 PERCENT (70%)** of the fees and 100 percent (100%) of the expenses requested in the Statement that are not subject to an objection pursuant to subparagraph (e) below.

e. If any Notice Party objects to a Retained Professional's Statement, the objecting party shall, within 21 days of service of the Statement, serve a written notice upon the Retained Professional and the Notice Parties (a "Notice of Objection to Fee Statement") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtor shall promptly pay 7**0 PERCENT (70%)** of the agreed-upon fees and 100 percent (100%) of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Retained Professional and the objecting party) after service of the objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the Retained Professional and the Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the disputed amount and the total amount requested to be paid to the Retained Professional (the "Undisputed Amount") or (ii) forego payment of the Undisputed Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f. Each Retained Professional shall submit its first Statement by November 1, 2021. The first Statement shall cover the period from the Petition Date through September 30, 2021. Thereafter, Retained Professionals may submit Statements in the manner described above.

g. Beginning with the period ending on October 31, 2021 and at approximately three-month intervals thereafter (each an "Interim Fee Period"), each Retained Professional may file with the Court and serve on the Notice Parties interim fee applications (each an "Interim Fee Application") seeking interim approval and allowance of compensation and reimbursement of expenses, regardless of whether or not the Retained Professional has filed and served monthly statements pursuant to these procedures. The first Interim Fee Application shall be filed with the Court by November 15, 2021 and shall cover all fees incurred from the Petition Date through October 31, 2021.

h. The filing of an Objection shall not prejudice the objecting party's right to object to an Application made to the Court on any ground, whether raised in the objection or not. Further, the decision by any party to not object to a Statement will not prejudice to that party's right to object to an Application subsequently made to the Court.

i. The pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future

      payment of compensation or reimbursement of expenses under the Compensation Procedures.

    j. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of compensation and reimbursement of expenses of Retained Professionals. All interim fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to adjustment and disgorgement until final allowance by the Court.

    k. On the 15th day of each month, beginning on November 15, 2021, the Debtor shall file or cause to be filed a monthly statement disclosing: (a) the amount of fees or expenses incurred by Retained Professionals that have been paid by the Debtor, (b) the status of any fees and expenses incurred by Retained Professionals that were not paid, and (c) the reasons why any such fees or expenses were not paid.

3. Except as may otherwise be provided in an order of the Court authorizing the retention of a particular Retained Professional, the Retained Professionals shall seek interim payment of compensation and reimbursement of expenses pursuant to Section 331 in accordance with the Compensation Procedures.

4. Any Retained Professional who fails to file an interim application seeking approval of compensation and expenses previously paid under this Order when due shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

5. The Retained Professionals shall only be required to serve (a) the Statements on the Notice Parties, the Debtor's representative, and the members of the Committee, as applicable; (b) the Interim Fee Applications and Final Fee Applications on the Notice Parties, the Debtor's representative, and the members of the Committee; and (c) notices of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance

with the Clerk of this Court, requested notice of pleadings in this chapter 11 case, or are otherwise entitled to notice under Rule 2002(a) of the Federal Rules of Bankruptcy Procedure.

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules.

7. All time periods referenced in this Order and the Compensation Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a)Any party may object to requests for payments made pursuant to this Order on the grounds that the Debtor has not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. § 1930 fees, or a manifest exigency exists by seeking a further order of this Court, otherwise, this Order shall continue and shall remain in effect during the pendency of this case. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a).

8. The Debtor is authorized and empowered to take any necessary actions to implement and effectuate the terms of this Order in accordance with the Motion.

9. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated at Hartford, Connecticut this 18th day of October, 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

# EXHIBIT 1

## COMPENSATION BY TASK CODE

| Project Category | Total Hours | Total Fees ($) |
|---|---|---|
| (02) Asset Disposition | | |
| (03) Assumption and Rejection of Leases & Contracts | | |
| (05) Business Operations | | |
| (06) Case Administration | | |
| (09) Employment Benefits and Pensions | | |
| (10) Employment and Fee Application (Firm) | | |
| (11) Employment and Fee Applications (Others) | | |
| (12) Financing, Cash Collateral | | |
| (13) Litigation/Adversary Matters | | |
| (14) Meetings and Communications with Creditors | | |
| (15) Non-Working Travel | | |
| (16) Plan and Disclosure Statement | | |
| (17) Relief from Stay and Adequate Protection | | |
| (18) Tax | | |
| (21) Hearings | | |
| (22) First and Second Day Motions | | |
| (24) Claims Investigation | | |
| (26) Schedules and Statements | | |
| (27) Time Entry Review | | |
| **TOTAL:** | | |

## EXHIBIT 2

## COMPENSATION BY TIMEKEEPER

| Timekeeper | Position/Title | Bar Admission and Practice Group | Rate | Hours | Amount |
|---|---|---|---|---|---|
|  |  |  | $0.00 | 0 | $0.00 |
| **GRAND TOTAL** |  |  |  | 0 | $0.00 |
| **BLENDED RATE:** |  |  | $0.00 |  |  |