**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: ) | CASE No. | 21-20687 (JJT) |
| ) | | |
| THE NORWICH ROMAN CATHOLIC ) | | |
| DIOCESAN CORPORATION, ) | CHAPTER | 11 |
|     Debtor.[1] ) | | |
| ) | RE: ECF NO. | 330, 344, 349, 350, 354 |

**SUMMARY OPINION IN SUPPORT**
**OF THE EXTENSION OF THE DEBTOR'S EXCLUSIVE PERIODS**

Upon the motion (ECF No. 330, the "Motion") of the Debtor for entry of an order extending the Debtor's Exclusive Periods under 11 U.S.C. § 1121(d); and after notice and a hearing, whereat the parties were heard and this Court took judicial notice of the Docket of this case and the Declarations and Affidavits filed by the Debtor therein (and previously admitted into evidence herein); and after due deliberation thereon, the Court finds that there is good and sufficient cause to grant the Motion as reflected in its Order at ECF No. 362.

In particular, the Court finds that:

1. After weighing the factors set forth in *In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006), each and every factor reviewed by this Court currently weighs in the Debtor's favor.

2. A summary of the elements supporting the Court's finding of cause and used in its balancing of interests is stated in the record. *See* Debtor's Motion, pp.6–7, ¶ 14.

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, also known as The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373, and its mailing address is 201 Broadway, Norwich, CT 06360.

3. The Objection filed by the Committee of Unsecured Creditors (ECF No. 344) which asserts that the amount of the Debtor's fees incurred to date in this case is "impossible" and evidences mismanagement by the Debtor fiduciaries in control and supervision of the Chapter 11 estate is **OVERRULED**.

4. While the Court shares the Committee's trepidation about the magnitude of all legal fees that may be incurred herein,

(1) an undue focus on legal fees early in this case does not provide the context or opportunity for this Court to fairly assess their reasonableness, proportionality and benefits to this estate;

(2) concerns about legal fees are optimally addressed by the Court upon interim or final hearings for fee applications;

(3) other less drastic bankruptcy controls exist to manage legal fees, including, but not limited to: final fee hearings, disgorgement, the appointment of a fee examiner, the imposition of fee caps, budgets, workplans, and Debtor-managed delegations of responsibilities to lower cost professionals in the case;

(4) the termination of the Debtor's exclusivity, at this juncture, will not likely achieve a reduction of legal fees, but more likely would assure enhanced and contentious litigation and the filing of contested competing Chapter 11 plans;

(5) at this early juncture, the truncation of the Chapter 11 process of orderly issue resolution and consensus building around an approach to a Chapter 11 plan would not afford the Debtor a reasonable opportunity to build upon collaborative efforts or narrow material disputes;[2]

---

[2] The Bar Date for filing claims has not yet passed, and the 120-day notice period urged by the Committee has been adopted and implemented by the Debtor.

(6) in this Court's opinion and experience, a favorable timeline to an orderly and efficient reorganization affording claims reconciliation, plan allocations of monies and third-party contributions, can most likely be achieved by the Debtor in collaboration and negotiations with the Committee, and;

(7) the fueling of hostilities between major constituents, the initiation of broader litigation and the balkanization of interests occasioned by a premature termination of exclusivity will likely afford the survivors the least solace and timely recoveries on their claims.

The Debtor, the major constituents, and the Committee are urged by this Court, guided by the proven paths of comparable Chapter 11 cases, to meet, confer and constructively engage in good faith plan negotiations during this Extension.

Accordingly, for cause shown, the Debtor's Exclusive Periods have been extended as delineated in this Court's companion Order at ECF No. 362.

**IT IS SO ORDERED** at Hartford, Connecticut this 10th day of November 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut