**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In Re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-20687 (JJT) |

**FIRST INTERIM FEE APPLICATION OF ZEISLER & ZEISLER, P.C., COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, SEEKING COMPENSATION AND REIMBURSMENT OF DISBURSEMENTS FOR THE PERIOD OF AUGUST 10, 2021, THROUGH OCTOBER 31, 2021**

Zeisler & Zeisler, P.C. (the "Applicant"), the applicant herein, pursuant to section 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Fed. R. Bankr. P. 2016, and D. Conn. Bankr. L. R. 2016-1 and this Court's Order Granting Debtor's Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (ECF Doc. No. 314, the "Compensation Procedure Order"), hereby submits its first application (the "Application") for interim compensation and reimbursement of necessary fees and expenses incurred as counsel to the Official Committee of Unsecured Creditors (the "Committee"). This Application seeks an interim award of compensation for services rendered in the amount of $146,879.90 and the reimbursement of necessary and actual expenses in the amount of $921.25 for the period of August 10, 2021, through and including October 31, 2021 (the "Application Period") for a total of $147,801.15. In support thereof, the Applicant respectfully represents as follows.

1

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. §§ 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2016, and D. Conn. Bankr. L. R. 2016-1.

**Background and Case Status**

3. On July 15, 2021 (the "Petition Date"), The Norwich Roman Catholic Diocesan Corporation (the "Debtor") commenced the above-captioned chapter 11 case by filing its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Bankruptcy Code §§ 1107(a) and 1108, the Debtor continues to manage its affairs as debtor-in-possession. No trustee or examiner has been appointed in this case. No plan and disclosure statement have been filed in this matter, and the Applicant does not know when the plan and disclosure statement are expected to be filed. The Debtor has filed monthly operating reports through September 30, 2021. (*See* Chapter 11 Monthly Operating Report, ECF No. 313). Upon information and belief, the Debtor is current with all quarterly fees due the United States Trustee. (*Id*., at 4).

4. On July 29, 2021, the United States Trustee for the District of Connecticut appointed the Committee. (*See* Notice of Appointment of Official Committee of Unsecured Creditors, ECF No. 90).

5. On September 10, 2021, this Court approved the employment of the Applicant pursuant to section 1103 of the Bankruptcy Code, effective August 10, 2021, to represent the Committee in this bankruptcy case and perform the services and on the terms set forth in the Application for an Order Approving Employment of Zeisler & Zeisler, P.C. as Counsel to Official

Committee of Unsecured Creditors (ECF No. 151) and the Verified Statement of Stephen M. Kindseth (ECF No. 151-1) submitted therewith. (Order Approving Employment of Counsel to the Official Committee of Unsecured Creditors (ECF No. 233, the "Employment Order")). The Applicant commenced providing services to the Committee on August 10, 2021.

6. The Employment Order provides, *inter alia*, that the Applicant "shall submit applications for compensation in accordance with 11 U.S.C. §§ 330 and 331 and allowed in the discretion of this Court, with all compensation subject to approval of this Court upon proper application and after notice and a hearing." (Employment Order, at 1). Additionally, the Compensation Procedure Order provides that "[b]eginning with the period ending on October 31, 2021 and at approximately three-month intervals thereafter… each Retained Professional may file with the Court and serve on the Notice Parties interim fee applications… seeking interim approval and allowance of compensation and reimbursement of expenses…. The first Interim Fee Application shall be filed with the Court by November 15, 2021 and shall cover all fees incurred from the Petition Date through October 31, 2021." (Compensation Procedure Order, at 3).

7. On November 1, 2021, pursuant to the Compensation Procedure Order, the Applicant submitted its Statement of Professionals Retained by the Official Committee of Unsecured Creditors for the Period of August 10, 2021, Through and Including September 30, 2021 (ECF No. 332, the "August Statement"). Contemporaneously herewith, pursuant to the Compensation Procedure Order, the Applicant is submitting its Statement of Professionals Retained by the Official Committee of Unsecured Creditors for October 2021 (the "October Statement" and, together with the August Statement, the "Pending Statements"). The Pending Statements reflect $146,879.90 in fees and $921.25 in expenses incurred by the Applicant for the period of August 10, 2021, through and including October 31, 2021. No party-in-interest has

objected to the Pending Statements to date and the Applicant has not received any payments in whole or partial satisfaction of the amounts reflected in the Pending Statements.

8.  The Applicant is a professional corporation consisting of twelve (12) attorneys and specializes in the fields of bankruptcy law and commercial litigation. The Applicant has been in existence for over fifty (50) years. Members of the Applicant have served on bankruptcy committees for the state bar association and have spoken at seminars and national organizations on the topics of bankruptcy and reorganization. Attorney Stephen M. Kindseth and Attorney Eric A. Henzy, both shareholders of the Applicant, who have decades of bankruptcy practice and commercial litigation experience. Attorney James M. Moriarty, a partner at the Applicant, Attorney Christopher H. Blau and Attorney Daniel A. Byrd, both associates at the applicant, performed other services during the Application Period assisting Attorneys Kindseth and Henzy.

## Nature of Services Provided

9.  During the Application Period, and beginning immediately upon the effective date of the Employment Order, the Applicant represented the Committee on all matters related to this bankruptcy case as summarized below and detailed in the time records submitted herewith.

10. After this Court authorized the Committee's employment of the Applicant, the Applicant quickly endeavored to understand the internal organizational structure of the Debtor and its connections to related entities. Furthermore, the Applicant commenced the development of an overall strategy in this case in consultation with the Committee with the goal of maximizing the potential recoveries by the Debtor's creditors. This strategy development process also included a comprehensive review of other diocesan bankruptcies to assess common issues that arise and evaluate methodologies by which these issues could be efficiently addressed, or avoided altogether, in this bankruptcy case.

11.      Additionally, the Applicant represented the Committee's interests with respect to the Debtor's first day motions concerning matters such as insurance, utilities, cash management, and wages as well as interim orders related to the same. The Applicant regularly conferred with the Debtor's counsel on these and other matters during the Application Period in an effort to efficiently resolve issues and points of disagreement between the Committee and the Debtor without intervention by this Court.

12.      The Applicant also attended all hearings before this Court and the 341 meeting on behalf of the Committee during the Application Period. In connection with these hearings as well as other matters that arose during the Application Period, the Applicant communicated frequently with the Committee and creditors' individual counsel to keep them apprised of all developments and advise them on navigating this bankruptcy case.

13.      Further, the Applicant began evaluating potential sources of recovery that could satisfy the claims of the Debtor's creditors, including real estate, possible claims against the parishes, and insurance coverage. This also included analyzing the relationship between the Debtor and various affiliated entities, parishes, and schools relative to property ownership, leases, financial interconnectivity, and related matters with the goal of maximizing the potential recovery by the Debtor's creditors in this bankruptcy case.

14.      In connection with this investigation, the Applicant reviewed the limited collection of documents made available to the Committee by the Debtor and began the process of requesting or otherwise obtaining additional information and documentation from the Debtor and related entities. This included promptly requesting the voluntary production of information from the Debtor, drafting a motion for examinations pursuant to Fed. Bankr. R. 2004 (and associated subpoenas and requests for production) seeking information and documentation from the Debtor.

The Committee's counsel also drafted but has not yet filed such Rule 2004 motions directed to certain financial institutions, The Catholic Foundation of the Diocese of Norwich, Inc., Michael E. Riley, Mount Saint John, Inc., Mercy High School Corporation, Saint Bernard School of Montville, Incorporated, and Xavier High School Corporation. Furthermore, after conferring with the Debtor's counsel regarding the production of documents by the Debtor, the Applicant began drafting comprehensive search terms to run through the Debtor's servers.

15. In addition, the Applicant advised the Committee and worked with Debtor's counsel and the United States Trustee on matters related to establishing a bar date and developing an appropriate proof of claim form during the Application Period. These efforts included further evaluation of bar dates and proof of claim forms utilized in other diocesan bankruptcies, and extensive revision to the order, proof of claim form and notice proposed by the Debtor.

16. Finally, during the Application Period the Applicant spent time addressing the Debtor's request for Fed. Bankr. R. 2019 statements from certain creditors' individual counsel. Given the inapplicability of Fed. Bankr. R. 2019 in this instance and the clear and unfair strategic benefit the Debtor (and others) hope to achieve by way of these statements, the Applicant views the Debtor's demand for this information to directly implicate the Committee's interests. On behalf of the Committee, the Applicant interfaced with the Debtor's counsel and certain creditor's individual counsel on this issue to resolve the dispute. Unfortunately, the Debtor's counsel refused to withdraw its demand for Fed. Bankr. R. 2019 statements and filed a motion to compel their production. The Applicant intends to respond to the Debtor's motion on behalf of the Committee.

**Application Request**

17.     The Applicant Seeks interim compensation through the approval of the fees and expenses incurred in this case during the Application Period in its representation of the Committee from funds held by the Debtor.

18.     Annexed hereto as **Exhibit A** is the Applicant's time records for the Application Period for the services provided to the Committee. The total amount of billed time equals $146,879.90. The time records maintained by the Applicant are maintained in six-minute intervals. The time records maintained by the Applicant are maintained in six-minute intervals and include a detailed description of the nature and manner of the services provided by the Applicant. It is respectfully submitted that the Applicant's time records are only an administrative record of the time devoted to the many legal problems dealt with in this case. Records cannot, by themselves, fully convey the nature of the services performed.

19.     The Applicant has maintained detailed records which indicate the name of each attorney or paraprofessional working on a particular matter, the time spent working on a particular problem, and the nature of the work performed. The records were made contemporaneously with the rendition of services by the attorneys and paraprofessionals. The Applicant's compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11, except that the Applicant has further reduced its ordinary and customary hourly rates by ten percent (10%) reflecting the public interest discount requested by the Committee and agreed to by the Applicant. The hourly rates (after applying the public interest discount) and names of the professionals billing time on this matter are as follows:

| Professional | Hourly Rate | Hours |
|---|---|---|
| Stephen M. Kindseth, Esq. | $418 | 138.30 |

| | | |
|---|---|---|
| Eric A. Henzy, Esq. | $427 | 114.50 |
| James M. Moriarty, Esq. | $391 | 9.60 |
| Christopher H. Blau, Esq. | $292 | 83.70 |
| Daniel A. Byrd, Esq. | $225 | 47.90 |
| Kristin Joseph | $175 | 6.20 |
| Ian Accurso | $175 | .70 |

20. Additionally, annexed hereto as **Exhibit B** is a list of the disbursements incurred by the Applicant in connection with the above-described services. As set forth in **Exhibit B**, the Applicant has advanced the sum of $921.25 in connection with the services actually performed as necessary disbursements. This sum includes amounts for fees for legal research, copying fees, and other expenses. The Applicant charges $0.20 per page for copying, which covers its overhead for such services. The Applicant respectfully submits that these expenses were reasonable and economic, are customarily charged to non-bankruptcy clients of the Applicant, and the expenses incurred by the Applicant to third parties are limited to the actual amounts billed to or paid by the Applicant.

21. No agreement or understanding exists between the Applicant and any other person for the sharing of compensation received or to be received for services rendered in or related to this matter. The Applicant will not, in any form, share or agree to share, compensation for services with any person or entity, nor will the Applicant share in the compensation of any other person or entity rendering services in this case, except as so provided by Fed. R. Bankr. P. 2016. The Applicant has not, to date, received any compensation or reimbursement for the amounts requested herein.

22. The chairperson of the Committee has reviewed and approved the fees and expenses requested by this Application.

**WHEREFORE,** the Applicant respectfully requests that this Court enter an order substantially in the form of the proposed order submitted herewith as **Exhibit C** (i) awarding and authorizing the payment of compensation for the Application Period in the amount of $146,879.90 for services rendered by the Applicant as counsel to the Committee; (ii) approving the reimbursement of expenses incurred and expended during the Application Period in the amount of $921.25; and (iii) granting such other and further relief as this Court deems just and proper.

Dated this 15th day of November, 2021.

                THE OFFICIAL COMMITTEE OF
                UNSECUREDCREDITORS FOR THE
                NORWICH ROMAN CATHOLIC DIOCESAN
                CORPORATION

By: */s/ Stephen M. Kindseth*
     Stephen M. Kindseth (ct14640)
     ZEISLER & ZEISLER, P.C.
     10 Middle Street, 15th floor
     Bridgeport, CT 06605
     Telephone: (203) 368-4234
     Email: skindseth@zeislaw.com
     Its attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, a copy of the foregoing and all exhibits thereto was filed electronically through the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

In addition, pursuant to this Court's Order Granting Debtor's Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (ECF Doc. No. 314), I hereby certify that a copy of the foregoing and all exhibits thereto has been sent via e-mail to the following Notice Parties: Ice Miller LLP, counsel to the Debtor (Attn: Louis T. DeLucia (louis.delucia@icemiller.com) and Alyson M. Fiedler (alyson.Fiedler@icemiller.com)); Robinson & Cole LLP, co-counsel to the Debtor (Attn: Patrick M. Birney (pbirney@rc.com)); the U.S. Trustee (Attn: Holley L. Claiborn (Holley.L.Claiborn@usdoj.gov)); the Debtor's representative; and, members of the Official Committee of Unsecured Creditors.

By: */s/ Stephen M. Kindseth*
    Stephen M. Kindseth (ct14640)