**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No:  21-20687 (JJT) |

**JOINT STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION REGARDING PENDING INTERIM FEE APPLICATIONS**

The Official Committee of Unsecured Creditors (the "Committee") and The Norwich Roman Catholic Diocesan Corporation, the debtor and debtor-in-possession (the "Debtor"), hereby provide their joint statement for the benefit of this Court and all appearing parties-in-interest concerning their interim proposal to address the presently pending interim fee applications (described in more detail below) and their respective objections. The Committee and Debtor intend to present their proposal as set forth herein at the hearing to consider the pending interim fee applications presently scheduled before this Court on December 15, 2021, at 2:00 pm. Accordingly, the Committee and the Debtor respectfully represent as follows:

1. In accordance with this Court's Order Granting Debtor's Motion for Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (ECF No. 314) (the "Fee Procedures Order"), the Debtor's and Committee's respective professionals filed the following "Retained Professional Statements" for the initial period in this case through September 30, 2021:

1

a. Statement of Professionals Retained by the Official Committee of Unsecured Creditors for the Period of August 10, 2021, Through and Including September 30, 2021 (ECF No. 332);

b. First Monthly Statement of Robinson & Cole LLP for Interim Monthly Compensation and Reimbursement of Expenses as Debtor's Co-Counsel from the Petition Date Through September 30, 2021 (ECF No. 335);

c. First Monthly Statement of Brown Jacobson PC for Interim Monthly Compensation and Reimbursement of Expenses as Special Counsel to the Debtor from the Petition Date Through September 30, 2021 (ECF No. 336);

d. First Monthly Statement of GlassRatner Advisory & Capital Group LLC DBA B. Riley Advisory Services for Interim Monthly Compensation and Reimbursement of Expenses as Financial Advisor to the Debtor from the Petition Date Through September 30, 2021 (ECF No. 337);

e. First Monthly Statement of Ice Miller LLP for Interim Monthly Compensation and Reimbursement of Expenses as Co-Counsel to the Debtor from the Petition Date Through September 30, 2021 (ECF No. 338), which the Debtor subsequently amended on November 8, 2021, with its Amended First Monthly Statement of Ice Miller LLP for Interim Monthly Compensation and Reimbursement of Expenses as Co-Counsel to the Debtor from the Petition Date through September 30, 2021 (ECF No. 352) and again on November 15, 2021, with its Second Amended First Monthly Statement of Ice Miller LLP for Interim Monthly Compensation and Reimbursement of Expenses as Co-Counsel to the Debtor From the Petition Date through September 30, 2021 (ECF No. 367).

2. Also, in accordance with Fee Procedures Order, on November 15, 2021, the Debtor's and Committee's respective professionals filed the following Retained Professional Statements:

   a. Statement of Professionals Retained by The Official Committee of Unsecured Creditors for October 2021 (ECF No. 365);

   b. Second Monthly Statement of GlassRatner Advisory & Capital Group LLC DBA B. Riley Advisory Services for Interim Monthly Compensation and Reimbursement of Expenses as Financial Advisor to the Debtor from October 1, 2021 through October 31, 2021 (ECF No. 368);

   c. Second Monthly Statement of Brown Jacobson PC for Interim Monthly Compensation and Reimbursement of Expenses as Debtor's Special Counsel from October 1, 2021 through October 31, 2021 (ECF No. 369);

   d. Second Monthly Statement of Ice Miller LLP for Interim Monthly Compensation and Reimbursement of Expenses as Co-Counsel to the Debtor from October 1, 2021 through October 31, 2021 (ECF No. 370); and

   e. Second Monthly Statement of Robinson & Cole LLP for Interim Monthly Compensation and Reimbursement of Expenses as Debtor's Co-Counsel from October 1, 2021 through October 31, 2021 (ECF No. 371).

3. Also, on November 15, 2021, the Debtor's and Committee's respective professionals filed the following interim fee applications (collectively, the "Interim Fee Applications"):

    a. Interim Application for Compensation and Reimbursement of Expenses of Zeisler & Zeisler, P.C., Counsel to the Official Committee of Unsecured Creditors for the Period of August 10, 2021, through October 31, 2021 (ECF No. 366);

    b. Interim Application for Compensation First Interim Application for Allowance of Compensation and Reimbursement of Expenses for GlassRatner Advisory & Capital Group, LLC DBA B. Riley Advisory Services as Financial Advisor to the Debtor and Debtor-in-Possession (ECF No. 372);

    c. Interim Application for Compensation First Interim Application for Allowance of Compensation and Reimbursement of Expenses for Brown Jacobson PC as Special Counsel to the Debtor (ECF No. 373);

    d. Interim Application for Compensation First Interim Application for Allowance of Compensation and Reimbursement of Expenses for Ice Miller LLP as Co-Counsel to the Debtor and Debtor-in-Possession, Debtor's Attorney (ECF No. 374); and

    e. Interim Application for Compensation First Interim Application for Allowance of Compensation and Reimbursement of Expenses for Robinson & Cole LLP as Co-Counsel to the Debtor and Debtor-in-Possession (ECF No. 375).

4.    If granted, the Interim Fee Applications would compel the Debtor to pay the various professionals 100% of the allowed amount of fees and expenses (albeit subject to final allowance pursuant to Bankruptcy Code § 330 and, if appropriate, disgorgement).

5.    The Interim Fee Applications are presently scheduled to be heard by this Court on December 15, 2021, at 2:00 pm. (Notice of Hearing, ECF No. 379).

6.    Upon motion on consent, this Court scheduled an objection deadline of December 8, 2021, with respect to the Retained Professional Statements, which cover the same time period

as the Interim Fee Applications, to coincide with the deadline for filing objections to the Interim Fee Applications. (Order, ECF No. 390).

7.   The Committee communicated with the Debtor the sum and substance of the various objections it had to the allowance of the Debtor's professionals' fees requested in the Interim Fee Applications. The Debtor also stated that it had objections to the allowance of the Committee's fees.

8.   Rather than litigate those objections at this time without the benefit of understanding how this case will progress, and in the hopes of resolving objections to fees in the context of an overall resolution of the issues presented in this case, while at the same time preserving each parties' various rights and interests, the Committee and the Debtor reached an agreement on an interim process whereby:

   a. At the hearing presently scheduled for December 15, 2021, at 2:00 p.m., the Committee and the Debtor would ask this Court to mark "off" the pending Interim Fee Applications, without prejudice;

   b. In accordance with the Fee Procedures Order, the Debtor would then pay the Debtor's and Committee's professionals 70% of the amounts requested in the Retained Professional Statements;

   c. Accordingly, the fees sought in the Interim Fee Applications would be subject to a 30% "holdback" and further subject to their allowance by this Court in accordance with subsequent interim and final fee applications;

   d. As set forth in the Fee Procedures Order, "the decision by any party to not object to a Statement will not prejudice to that party's right to object to an Application subsequently made to the Court" (Fee Procedures Order, at 3);

e. The Debtor and Committee would not seek adjudication of the Interim Fee Applications or file any other interim fee application through and including January 31, 2022, which date corresponds to the hearing scheduled by this Court for January 31, 2022, at 11:00 a.m., to consider a further extension of the "exclusivity period" (*see* ECF Nos. 357, 362);

f. While not in any way impairing the rights preserved by imposing the 30% holdback, the Committee and the Debtor would propose to shorten the objection deadline (from 21 days to 7 days) with respect to the Retained Professional Statements for the period of November, 2021 (due to be filed December 15, 2021) with the expectation that, in the absence of an objection, the Debtor would pay 70% of the amounts stated in such Retained Professional Statements for November, 2021, in accordance with the Fee Procedures Order before the end of the year;

g. The Debtor's lead counsel, Ice Miller, LLP, would agree to discount *all* its fees by 10% for all services rendered to the Debtor in this bankruptcy case on and after December 1, 2021; and

h. In the event the Committee and Debtor's proposal as set forth above is not approved by this Court, the Committee and the Debtor would not oppose objections to their respective Retained Professional Statements and Interim Fee Applications based on the lack of timeliness so long as filed on or before a mutually agreed upon date and/or, if necessary, as ordered by this Court.

9. In light of the foregoing, the Committee and the Debtor intend to further request at the December 15th hearing that the United States Trustee's Omnibus Objection to the First Interim

Fee Applications of Debtor's Professionals (ECF No. 393), be marked off and heard when and if (after January 31, 2022) the respective movants go forward with their Interim Fee Applications.

10.     Accordingly, the Committee and the Debtor hereby apprise this Court and all appearing parties-in-interest in this case of their contemplated proposal to address, for the near term, the Interim Fee Applications, which they intend to present more fully at the December 15th hearing. They hope and expect that such postponement of the Interim Fee Applications and any objections thereto will facilitate further discussions and possibly a more comprehensive resolution of not only the fees incurred in this case but the overall reorganization of the Debtor.

Dated this 8th day of December, 2021.

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION

By: */s/ Stephen M. Kindseth*
Eric Henzy (ct12849)
Stephen M. Kindseth (ct14640)
Christopher H. Blau (ct30120)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th floor
Bridgeport, CT 06605
Telephone: (203) 368-4234
Email: ehenzy@zeislaw.com;
skindseth@zeislaw.com; cblau@zeislaw.com
Its attorneys

        THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION, THE DEBTOR AND DEBTOR-IN-POSSESSION

By: */s/ Patrick M. Birney*
Patrick M. Birney (ct19875)
Andrew A. DePeau (ct30051)
Annecca H. Smith (admitted pro hac vice)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-8275
Facsimile: (860) 275-8299
Email: pbirney@rc.com; adepeau@rc.com; asmith@rc.com

-and-

Louis T. DeLucia (admitted pro hac vice)
Alyson M. Fiedler (admitted pro hac vice)
ICE MILLER LLP
1500 Broadway, 29th Floor
New York, NY 10036
Telephone: (212) 824-4940
Facsimile: (212) 824-4982
E-mail: louis.delucia@icemiller.com; alyson.fiedler@icemiller.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2021, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice ofElectronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Stephen M. Kindseth*
Stephen M. Kindseth (ct14640)