**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No: 21-20687 (JJT) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO ADVANCE FUNDS PURSUANT TO PRE-PETITION LOAN AGREEMENT**

The Norwich Roman Catholic Diocesan Corporation, debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor" or the "Diocese"), by and through its undersigned counsel, hereby moves the Court (the "Motion") for entry of an order in the form attached hereto as **Exhibit A** (the "Order") authorizing the Diocese to advance the sum of $70,000.00 to Mount St. John, Inc. ("Mount St. John")[2] pursuant to certain pre-petition Loan Documents in order to pay certain Mount St. John pension obligations which, if not paid, may expose Mount St. John to a 100% excise tax under applicable law, and thereby reduce distributions to Survivors and other creditors from the proceeds of the sale of the MSJ Property, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"). In further support of the Motion, the Debtor respectfully states as follows:

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.

[2] Capitalized terms used in the introduction shall have the meanings defined *infra*.

1

**INTRODUCTION**

1. The Debtor is a Roman Catholic diocese in Connecticut and a small part of New York founded in 1953 by Pope Pius XII, encompassing Middlesex, New London, Windham and Tolland counties in Connecticut, as well as Fisher Island, New York.

2. On July 15, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. No trustee or examiner has been appointed and the Debtor continues to operate and manage its assets and affairs as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Information regarding the Debtor's history, business operations and structure, and the events leading up to this chapter 11 case is set forth in the affidavit of Reverend Peter J. Langevin [Dkt. No. 12], incorporated herein by reference.

**Mount St. John**

5. Mount St. John, which was established in 1904 as a separate corporate entity, is a 501(c)(3) organization that owns approximately eighty (80) acres of land and a historic building in Deep River Connecticut, from which it operated a non-profit residential school for boys (the "MSJ Property"). The school's residential program closed in 2013, but thereafter Mount St. John continued as a day school for boys. The Connecticut Department of Children and Families and juvenile courts throughout the state referred special needs minors to the school. Pre-petition, Mount St. John and the Diocese were named in nearly 60 lawsuits brought by former Mount St. John students alleging sexual abuse while attending the school (the "Survivors"). As a result of those lawsuits, a declining student body, and the resulting drop in revenue, Mount St. John closed its doors and ceased operating in late 2019, while the Diocese has single-handedly borne the

responsibility of defending the lawsuits with nominal coverage for such claims, and pre-petition advanced funds to Mount St. John to maintain the MSJ Property as the parties sought a buyer for the property.

6. Although Mount St. John ceased operating in late 2019, Mount St. John remains an existing entity under operation of a Board of Trustees charged with winding up its affairs. Mount St. John has no other assets or cash, but has liabilities that include mortgages payable to the Debtor in the approximate outstanding amount of $1,324,040 pursuant to the Loan Documents, and to Liberty Bank in the approximate amount of $443,362 as of April 1, 2022. The Debtor and Mount St. John believe that the MSJ Property has a value greater than the secured debt on the property, and that the equity in the MSJ Property should be available to fund distributions to Survivors and other creditors pursuant to a plan acceptable to Mount St. John, the Diocese and Survivors.

**The Mount St. John Pension**

7. Mount St. John sponsors and administers the Mount St. John Pension Plan, a qualified defined benefit plan under section 401(a) of title 26 of the United States Code ("I.R.C.") that was most recently restated effective July 1, 2011 (the "Pension Plan"). Accrued benefits under the Pension Plan were frozen September 30, 1994. Mount St. John made an irrevocable election for the Pension Plan to be covered by the Employee Retirement Income Security Act of 1974 ("ERISA") and the Pension Benefit Guaranty Corporation ("PBGC").

8. Over the last several years, the Diocese has made loans to Mount St. John to pay the annual minimum required contributions to the Pension Plan when due. As a result of the bankruptcy filing, the Diocese can no longer loan Mount St. John the amount needed to fund the Pension Plan's annual minimum required contributions, without the Court's approval.

9. According to an actuarial valuation dated May 17, 2021, by Angell Pension Group, Inc., the minimum required contribution for the 2020 plan year (ending June 30, 2021) is $57,610, which was due March 15, 2022. The rules that apply if a minimum required contribution is missed are as follows:

- Mount St. John as the employer sponsoring the Pension Plan is generally responsible for making contributions to the Pension Plan, but a controlled group member will be jointly and severally liable for contributions. I.R.C. § 412(b).

- Mount St. John was required to make an annual minimum required contribution for the plan year beginning July 1, 2020 and ending June 30, 2021, by no later than March 15, 2022. Angell Pension Group calculated the annual minimum required contribution as $57,610.

- Because the $57,610 annual minimum required contribution was not timely made to the Pension Plan, a 10% excise tax applies on the amount of the unpaid minimum required contribution for the year. I.R.C. § 4971(a). This excise tax is $5,761. Mount St. John is required to file an IRS Form 5330 by April 18, 2022, that discloses the unpaid minimum required contribution and accompanies the excise tax payment.

- If the excise tax is not paid with the IRS Form 5330 filing, there is a three-year statute of limitations for the Internal Revenue Service ("IRS") to collect the tax, and interest and penalties will be due on the unpaid balance.

- If the deficiency is not corrected before the earlier of the date that the IRS mails a notice of deficiency for the 10% excise tax or the date that the IRS assesses the 10% excise tax, the excise tax will increase to 100% of the annual minimum required contribution. I.R.C. § 4971(b).

- The missed annual minimum required contribution is a reportable event and must be reported to the PBGC on PBGC Form 10 (along with supporting information) within 30 days of the missed due date, or by April 14, 2022. This notice requirement is waived if the minimum required contribution is made within 30 days of the due date, or by April 14, 2022. ERISA § 4043.

**The Pre-Petition Loan Agreement**

10. On May 16, 2019, the Diocese and Mount St. John entered into a Loan and Security Agreement, as same may have been amended and supplemented from time to time (the "Loan

Agreement"), pursuant to which the Diocese agreed to loan Mount St. John funds, secured by a Mortgage on the MSJ Property, subordinate only to the Liberty Bank mortgage (the "Mortgage", together with the Loan Agreement and all other documents executed in connection therewith, the "Loan Documents"). A copy of the Loan Agreement is attached hereto as **Exhibit B.** A copy of the recorded Mortgage is attached hereto as **Exhibit C**.

11. As of the Petition Date, Mount St. John owed the Debtor approximately $1,324,040.77 from the total borrowing power of $1.4 million, and had approximately $75,959.23 of additional availability under the Loan Documents. Because of the bankruptcy filing, the Diocese has not made further advances to Mount St. John.

12. Mount St. John has requested that the Diocese advance up to $70,000 (the "Advance") available under the Loan Documents in order to pay the amounts due under the Pension Plan totaling approximately $63,371 (comprised of the $57,610 annual minimum required contribution due April 14, 2022, and the 10% excise tax of $5,761 due April 18, 2022). As stated above, if the Pension Plan payment is not made by April 14, 2022 and the 10% excise tax is not paid by April 18, 2022, Mount St. John may be liable for a 100% excise tax (which equates to an additional charge of $57,610, totaling $115,220, as opposed to the $63,371 due). The additional 100% excise tax will directly reduce the funds available to Survivors from the proceeds of the sale of the MSJ Property. Once advanced, the loan would be secured by the Mortgage on the MSJ Property.

13. Attached as **Exhibit A** is a proposed Order authorizing the Debtor to make the Advance to Mount St. John in order to make the Pension Plan payment.

## JURISDICTION

14. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

15. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

16. By this Motion, the Debtor seeks entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code approving the Order in the form attached hereto as **Exhibit A** and incorporated herein by reference for all purposes.

## BASIS FOR REQUESTED RELIEF

17. Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). "Though section 105(a) does not give the bankruptcy court carte blanche—the court cannot, for example, take an action prohibited by another provision of the Bankruptcy Code—it grants the extensive equitable powers that bankruptcy courts need in order to be able to perform their statutory duties." *In re Caesar's Entertainment Operating Co., Inc.*, 808 F.3d 1186, 1188 (7th Cir. 2015) (internal citations omitted). Section 363(b) authorizes a bankruptcy trustee or chapter 11 debtor-in-possession to use, sell, or lease estate property other than in the ordinary course of business only after court approval.

18. The Court should enter the Order authorizing the Debtor to make the Advance to Mount St. John in order to maximize the estate's recoveries from the sale of the MSJ Property and thereby maximize distributions to Survivors.

**NOTICE**

Notice of this Motion will be provided to (a) the Office of the United States Trustee; (b) counsel to the Official Committee of Unsecured Creditors; (c) Scott Rosen, Esq., Cohn Birnbaum & Shea, P.C., counsel to People's United Bank, N.A. (d) the Internal Revenue Service; (e) counsel for Mount St. John; (f) the United States Attorney's Office for the District of Connecticut; and (g) any other party that has requested service pursuant to Bankruptcy Rule 2002 as of the time of filing of this Motion (collectively, the "Notice Parties"). A copy of this Motion and any orders approving it will also be made available on the Debtor's Case Information Website located at https://dm.epiq11.com/RCDNorwich. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE,** the Debtor respectfully requests that the Court approve and enter the Order and grant such other and further relief as the Court may deem just and appropriate.

*[Signature follows on next page]*

Dated: Hartford, CT
      April 14, 2022

                                                */s/ Patrick M. Birney*
                                                Patrick M. Birney (CT No. 19875)
                                                Andrew A. DePeau (CT No. 30051)
                                                Annecca H. Smith (CT No. 31148)
                                                **ROBINSON & COLE LLP**
                                                280 Trumbull Street
                                                Hartford, CT 06103
                                                Telephone: (860) 275-8275
                                                Facsimile: (860) 275-8299
                                                E-mail: pbirney@rc.com
                                                                  adepeau@rc.com
                                                                  asmith@rc.com

                                                -and-

                                                Louis T. DeLucia (admitted *pro hac vice*)
                                                Alyson M. Fiedler (admitted *pro hac vice*)
                                                **ICE MILLER LLP**
                                                1500 Broadway, 29th Floor
                                                New York, NY 10036
                                                Telephone: (212) 824-4940
                                                Facsimile: (212) 824-4982
                                                E-Mail: louis.delucia@icemiller.com
                                                                  alyson.fiedler@icemiller.com

                                                *Counsel to the Debtor*
                                                *and Debtor-in-Possession*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 14, 2022, a copy of the foregoing motion and the exhibits thereto were filed electronically and shall be served as required by Local Bankruptcy Rule 9013-2(b), with notice of this filing being sent by email to all Notice Parties by operation of the court's electronic filing system or by First Class U.S. mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties in interest may access this document through the court's CM/ECF System.

                                               */s/ Patrick M. Birney*
                                               Patrick M. Birney