**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

In re:                                                          Chapter 11

**THE NORWICH ROMAN CATHOLIC**
**DIOCESAN CORPORATION,**

                                                          **Case No. 21-20687 (JJT)**

          Debtor.

---

### UNITED STATES TRUSTEE'S OBJECTION TO THE SECOND INTERIM FEE APPLICATION OF ZEISLER & ZEISLER, P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"),

through counsel, in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3)

and (a)(5), respectfully submits this objection and statement of concerns regarding the Second

Interim Fee Application filed Zeisler & Zeisler, P.C. as counsel to the Official Committee of

Unsecured Credtiors (ECF 539) ("Z&Z Second Interim").

#### *Preliminary Statement*

The Z&Z Second Interim seeks fees of $164,287.00 and expenses of $3,955.35 for the

three-month time period of November 1, 2021 through January 31, 2022.  This takes into account

voluntary reductions totaling $1,073.40 previously agreed to in connection with the monthly fee

statements.  The United States Trustee has remaining concerns about the lack of descriptions in the

time entries associated with discovery in Category 13.

## *Procedural Background*

1.      On Thursday, July 15, 2021, The Norwich Roman Catholic Diocesan Corporation ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code ("Petition Date").  ECF 1.

2.      The Debtor operates and manages its affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in this case.

3.      The Debtor has retained the law firms of IM and R&C as its chapter 11 counsel. ECF 272, 256, 321.  Per their retention applications, Ice Miller and R&C are co-counsel to the Debtor. *Id.*

4.      The Debtor has employed B. Riley as its financial advisor. ECF 271. B. Riley is providing accounting services, assistance with debtor reporting requirements and services relating to monitoring cash flow. ECF 138.

5.      On July 29, 2021, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee"). ECF 90.  The Committee has employed the law firm of Zeisler & Zeisler, P.C. as its counsel ("Z&Z" and/or "Committee Counsel"). ECF 233.

6.      To date, the Debtor has not filed a proposed plan and has obtained extensions of the exclusivity period to do so.

## *Monthly Fees*

7.      By order dated October 18, 2021, the Court authorized a monthly compensation process for retained professionals which allows professionals to receive 70% of requested monthly fees (with a 30% holdback) and 100% of requested expenses by filing a monthly fee statement

("Monthly Compensation Order"). ECF 314.  The Monthly Compensation Order provides for an objection process. *Id.*

8.      The Debtor's professionals and the Committee Counsel have routinely filed monthly fee requests and have been paid 70% of the fees pursuant to the Monthly Compensation Order.  See case docket.  The United States Trustee has reviewed those monthly fee requests on a regular monthly basis and has, in certain instances, raised concerns with the Debtor's professionals and Committee Counsel, and has requested reductions. Some of the concerns have been addressed and resolved by consensual reductions, but others were not resolved.

### *First Interim Fee Applications Requests*

9.      On November 15, 2021, Z&Z filed its first interim fee application as counsel to the Committee ("Z&Z First Interim"). ECF 366. On that same date, the Debtor's professionals filed their first interim fee applications (collectively "First Interim Fee Applications"). ECF 372, 373, 374, and 375.

10.      On December 7, 2021, the United States Trustee filed an omnibus objection to the First Interim Fee Applications of the Debtor's professionals ("UST First Interim Objection"). ECF 393.  The United States Trustee did not object to the Z&Z First Interim. ECF 398.

11.      On December 15, 2021, the Court held a preliminary hearing on the First Interim Fee Applications, the Z&Z First Interim, and the UST First Interim Objection.  The Court determined that consideration of the First Interim Fee Applications, the Z&Z First Interim, and the UST First Interim Objection would be deferred to a future date, and that the Debtor's professionals and Committee Counsel would be permitted to continue to request and receive monthly compensation under the Monthly Compensation Order. ECF 415.

12.     On March 31, 2022, Ice Miller, LLP ("IM"), Robinson & Cole, LLP ("R&C"),

GlassRatner Advisory & Capital Group LLC d/b/a B. Riley Advisory Services ("B. Riley"), and

Brown Jacobson, the Debtor's professionals (collectively "Debtor's Professionals"), filed their

second interim fee applications. ECF 535, 536, 537 and 538 (collectively "Second Interim Fee

Applications").

13.     On March 31, 2022, Z&Z filed the Z&Z Second Interim seeking fees of

$164,287.00 and expenses of $3,955.35. ECF 539. Without taking into consideration voluntary

reductions agreed as part of monthly compensation requests (discussed *infra*) and based on the

total original hours billed of 472.30, Z&Z had an overall blended rate of $350.12. *Id.*

14.     The Court is currently scheduled to consider the First Interim Fee Applications, the

Z&Z First Interim, the UST First Interim Objection, the Second Interim Fee Applications, and the

Z&Z Second Interim on May 3, 2022. ECF 549 and 550.

## **LEGAL ARGUMENT**

### *A. Standards for Fee Applications*

Section 330 authorizes payment to professionals retained by order of the Court.  11 U.S.C

§ 330 (a).  Section 330(a) allows a court to award "reasonable compensation for actual, necessary

services rendered." 11 U.S.C. §330(a)(1)(A).   Section 330(a)(1) of the Bankruptcy Code

specifically provides that:

> After notice to the parties in interest and the United States trustee and a
> hearing, and subject to sections 326, 328, and 329, the court may award to a
> trustee, … an examiner, … or a professional person employed under section
> 327 or 1103 –
>
> (A)     reasonable compensation for actual, necessary services rendered by
>         the trustee, examiner, . . . professional person, or attorney and by any
>         paraprofessional person employed by any such person; and

4

(B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B).  In determining reasonableness, Section 330(a)(3) of the

Bankruptcy Code instructs that:

> the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A.    the time spent on such services;
>
> B.    the rates charged for such services;
>
> C.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E.    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).[1]

    Pursuant Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for

the District of Connecticut, a fee applicant, must also, consider and follow L. Bankr. R. 2016-1

---

[1] Bankruptcy Rule 2016 implements the standards set forth in Section 330 of the Bankruptcy Code:

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, the time expended and expenses incurred and (2) the amounts requested.

Fed. R. Bankr. P. 2016(a).

and the Court's guidelines set forth at Appendix D which require, *inter alia*, that a fee application contain the date of the order of appointment of the counsel, the terms and conditions of employment, the time period for the compensation request, a discussion of the status of the case, detailed time records, and provide, *inter alia*, information identifying the names and hourly rates of the professional, hours billed, and overall blended rate. *See* L. Bankr. R. 2016-1 and Appendix D. Reimbursement of expenses requires itemization as to purpose, amount, dated incurred and supporting documentation. *Id.* Lastly, when preparing a fee application, counsel must also consider and follow the United States Trustee Fee Guidelines. *See* Appendix A to 28 C.F.R. § 58.

Section 330 requires the applicant to establish both reasonableness and benefit to the estate from the professional's services. *In re Lederman Enter., Inc.*, 997 F.2d 1321, 1323 (10th Cir. 1993). To be compensable, the professional's services must have been necessary and beneficial to the estate or its creditors. *In re Engel*, 124 F.3d 567, 573 (3d Cir. 1997).

Each applicant bears the burden of proving the reasonableness of its fees and expenses sought. *Zeisler & Zeisler, P.C. v. Prudential Ins. Co. (In re JLM, Inc.)*, 210 B.R. 19, 24 (2d Cir. B.A.P. 1997); *In re Northwest Airlines Corp.*, 382 B.R. 632, 645 (Bankr. S.D.N.Y. 2008) (citations omitted); *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997). To satisfy its burden, an applicant must justify its charges with detailed, specific, itemized documentation. *In re Baker*, 374 B.R. 489, 494 (Bankr. E.D.N.Y. 2007); *In re Bennett Funding Group*, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997). This burden also requires the applicant to "demonstrate – not just recite – that the fees sought are reasonable, necessary and of benefit to the estate." *In re Fibermark, Inc.,* 349 B.R. 385, 395 (Bankr. D. Vt. 2006).

If an applicant fails to sustain its burden on reasonableness, a court may properly deny the application for compensation. *In re Beverly Mfg. Corp.*, 841 F.2d 365, 371 (11th Cir. 1988). Similarly, a court may reduce a professional's fees or expenses when they are disproportionate to the benefit to the estate, even if it already has approved the professional's retention under Sections 327 and 328 of the Bankruptcy Code. *In re Taxman Clothing Co.*, 49 F.3d 310, 316 (7th Cir. 1995); *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 262–63 (3d Cir. 1995) (affirming lower court's denial of improperly documented and inadequately detailed expenses). The Court must disallow requests for compensation for services that were not reasonably likely to benefit the debtor's estate or were not necessary to the administration of the case.  11 U.S.C. §330(a)(4)(A).

Lastly, the Court has an independent burden to review fee applications "'lest overreaching . . . professionals drain [the estate] of wealth which by right should inure to the benefit of unsecured creditors.'"  *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997) (quoting *In re Busy Beaver Bldg. Ctrs., Inc.,* 19 F.3d 833, 844 (3d Cir. 1994)); *In re CCT Commc'ns, Inc.*, No. 07–10210 (SMB), 2010 WL 3386947, *4 (Bankr. S.D.N.Y. Aug. 24, 2010);  *In re Value City Holdings, Inc.*, 436 B.R. 300, 305 (Bankr. S.D.N.Y. 2010).  Accordingly, courts serve a vitally important gate-keeping role in enforcing the Code's requirements that only reasonable fees be approved and paid as well as maintaining public confidence in the bankruptcy system itself.  *In re Temple Retirement Community, Inc.*, 97 B.R. 333, 337 (Bankr. W.D. Tex. 1989).  "[T]he judiciary should retain control of fees, given the sensitivities they generate and the need to promote public confidence in the system."  *In re Child World, Inc.*, 185 B.R. 14, 17 (Bankr. S.D.N.Y. 1995) (citation omitted).  In particular, "whether interim allowances are awarded, and in what amounts,

7

[are] questions left by Congress to the sound discretion of the bankruptcy court." *In re Barron*, 73 B.R. 812, 814 (Bankr. S.D. Cal. 1987); *see, e.g., In re ACT Manufacturing, Inc.*, 281 B.R. 468, 474 (Bankr. D. Mass. 2002).  At the interim fee stage, there is no legal entitlement or requirement for payment prior to the final fee award. *See In re Child World, Inc.*, 185 B.R. at 17.

**B.    *Z&Z Second Interim***

As a preliminary matter, the Z&Z Second Interim correctly notes that Z&Z agreed to a reduction in fees totaling $1,073.40 in response to issues/concerns raised by the United States Trustee to monthly fee statements.  *See* ECF 539 at ECF page 5 (paragraph 8 and footnote 1). Left unresolved with Z&Z is the time spent on Category 13 (Litigation).  Between November 2021 and January 2022, Z&Z billed 126.5 hours at a cost of $36,736.90. The majority of this time was spent initiating discovery requests to the Debtor and reviewing, organizing, and digesting the documents produced by the Debtor. The narrative section of the Z&Z Second Interim does attempt to address the United States Trustee's concerns about the Category 13 time entries by describing the work performed and quantifying the amount of documents reviewed and produced.  The vast majority of the actual time entries in Category 13, however, are vague and lacking sufficient description to assess the reasonableness of the time spent.  The time entries do not contain meaningful descriptions of the documents, quantity of documents or type of documents, nor are there any descriptions of information being gathered.

The narrative section of the Z&Z Second Interim, while helpful, is not a substitute for keeping detailed time records on a contemporaneous basis. *In re DiLieto*, 468 B.R. 510, 528 (Bankr. D. Conn. 2012) (discussing the requirement to keep contemporaneous detailed time records). The Second Circuit has noted its strict adherence to the rule of awarding attorneys' fees

only where the applicant submitted contemporaneous time entries. *Scott v. City of New York*, 643 F.3d 56 (2d Cir. 2011) (attorneys' fees sought under Fair Labor Standards Act, 29 U.S.C. § 216(b) denied due to failure to keep contemporaneous time records).  In *Scott*, the Second Circuit offered limited appropriate substitute options to meet the contemporaneous test for attorneys who fail to keep good time records: "We hold that entries in official court records (e.g. the docket, minute entries, and transcriptions of proceedings) may serve as reliable documentation of an attorney's compensable hours in court at hearings and at trial and in conferences with the judge or other court personnel." *Scott v. City of New York*, 643 F.3d at 59.  Those options do not appear to be of assistance to Z&Z.  The United States Trustee has raised similar concerns with respect to the first and second interim fee applications of Debtor's counsel, Ice Miller.

The time entries must be specific and detailed enough to allow a reviewer to determine what work was done, as well as the reasonableness and necessity for the work.  *See, e.g., In re Hudson*, 364 B.R. 875, 880 (Bankr. N.D.N.Y. 2007); *In re Baker*, 374 B.R. 489, 495 (Bankr. E.D.N.Y. 2007); *In re Bennett Funding Group*, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997). The United States Trustee is unable to assess the reasonableness of the entries due to their lack of specificity and Z&Z should be obligated to address why demonstrate why the fees requested are appropriate given the inadequate time entries.

## <u>CONCLUSION</u>

WHEREFORE, for all the foregoing reasons discussed, the United States Trustee objects to the fees requested by Z&Z because Z&Z has not met its burdens under Section 330, Rule

2016 and Local Rule 2016-1 to demonstrate that all of the amounts requested are reasonable, necessary and beneficial.

Dated:  New Haven, Connecticut          Respectfully submitted,
        April 26, 2022

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE FOR REGION 2

                                        By:    /s/ Holley L. Claiborn
                                               Holley L. Claiborn
                                               Trial Attorney
                                               Office of the United States Trustee
                                               Giaimo Federal Building, Room 302
                                               150 Court Street
                                               New Haven, CT 06510
                                               Holley.L.Claiborn@usdoj.gov
                                               (203) 773-2210
                                               Federal Bar No.: ct17216 (Connecticut)

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent on April 26, 2022 by the Court's CM/ECF to the parties noted below:

Kellianne Baranowsky on behalf of Interested Party The Catholic Mutual Relief Society of America
kbaranowsky@gs-lawfirm.com, aevans@gs-lawfirm.com;kbaranowsky@ecf.courtdrive.com

Patrick M. Birney on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
pbirney@rc.com, ctrivigno@rc.com

Christopher H. Blau on behalf of Creditor Committee Official Committee of Unsecured Creditors
cblau@zeislaw.com

Harrison H.D. Breakstone on behalf of Interested Party The Oceania Province of the Congregation of Christian Brothers
hbreakstone@archerlaw.com, chansen@archerlaw.com

Daniel Allen Byrd on behalf of Creditor Committee Official Committee of Unsecured Creditors
dbyrd@zeislaw.com

John C. Cannizzaro on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
john.cannizzaro@icemiller.com

Holley L. Claiborn on behalf of U.S. Trustee U. S. Trustee
holley.l.claiborn@usdoj.gov

Louis T. DeLucia on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
louis.delucia@icemiller.com, john.acquaviva@icemiller.com

Andrew A. DePeau on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
ADEPEAU@RC.COM, RBANGHAM@RC.COM

Alyson M. Fiedler on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
alyson.fiedler@icemiller.com

Joseph Mark Fisher on behalf of Interested Party The Catholic Mutual Relief Society of America
mfisher@schiffhardin.com

Lawrence S. Grossman on behalf of Interested Party The Catholic Mutual Relief Society of America
LGrossman@gs-lawfirm.com, aevans@gs-lawfirm.com;ngolino@gs-lawfirm.com;lawrencegrossman@ecf.courtdrive.com;mbuckanavage@gs-lawfirm.com;eross@gs-lawfirm.com

Honor S. Heath on behalf of Creditor The Connecticut Light and Power Company d/b/a Eversource
honor.heath@eversource.com, honor.heath@hotmail.com

Honor S. Heath on behalf of Creditor Yankee Gas Services Company d/b/a Eversource
honor.heath@eversource.com, honor.heath@hotmail.com

Jeffrey Hellman on behalf of Interested Party Association of Parishes of the Roman Catholic Diocese
jeff@jeffhellmanlaw.com, christen@jeffhellmanlaw.com

Eric A. Henzy on behalf of Creditor Committee Official Committee of Unsecured Creditors
ehenzy@zeislaw.com, cjervey@zeislaw.com

Allen G. Kadish on behalf of Interested Party The Oceania Province of the Congregation of Christian Brothers
akadish@archerlaw.com

Stephen M. Kindseth on behalf of Creditor Committee Official Committee of Unsecured Creditors
skindseth@zeislaw.com, cjervey@zeislaw.com

Mark A. Mintz on behalf of Interested Party Association of Parishes of the Roman Catholic Diocese
mmintz@joneswalker.com, hstewart@joneswalker.com

Jon P. Newton on behalf of Interested Party Mercy High School Corporation
jnewton@reidandriege.com, umongrain@rrlawpc.com

Jon P. Newton on behalf of Interested Party Saint Bernard School
jnewton@reidandriege.com, umongrain@rrlawpc.com

Jon P. Newton on behalf of Interested Party Xavier High School Corporation of
Middletown
jnewton@reidandriege.com, umongrain@rrlawpc.com

Samantha A. Oppenheim on behalf of Interested Party Association of Parishes of the
Roman Catholic Diocese
soppenheim@joneswalker.com

Kelly E. Reardon on behalf of Interested Party The Reardon Law Firm, P.C.
kreardon@reardonlaw.com

Scott D. Rosen on behalf of Creditor People's United Bank, National Association
srosen@cb-shea.com, kseaman@cbshealaw.com

Jeffrey M. Sklarz on behalf of Interested Party The Catholic Mutual Relief Society of
America
jsklarz@gs-lawfirm.com, aevans@gs-lawfirm.com;mbuckanavage@gs-
lawfirm.com;eross@gs-lawfirm.com;jsklarz@ecf.courtdrive.com

Annecca H. Smith on behalf of Debtor The Norwich Roman Catholic Diocesan
Corporation
asmith@rc.com

Suzanne B. Sutton on behalf of Interested Party The Oceania Province of the Congregation
of Christian Brothers
ssutton@cohenandwolf.com

Daniel R. Swetnam on behalf of Debtor The Norwich Roman Catholic Diocesan
Corporation
daniel.swetnam@icemiller.com

Patrick Tomasiewicz on behalf of Interested Party Fazzano & Tomasiewicz, LLC
pt@ftlawct.com, mdimock@ftlawct.com

Jason M. Torf on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
jason.torf@icemiller.com


/s/ Holley L. Claiborn
Holley L. Claiborn