# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **OLD CP, INC.**, *et al.*, | ) | Case No. 21-20111 |
| | ) | (Jointly Administered) |
| Reorganized Debtors.[1] | ) | |
| | ) | RE: ECF Nos. 1103, 1136, 1137, and 1143 |

### ORDER GRANTING FIRST AND FINAL FEE APPLICATION OF LOCKE LORD LLP FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE DEBTORS FOR THE PERIOD OF JANUARY 14, 2021 THROUGH AUGUST 17, 2021

The Court has considered the *First and Final Application of Locke Lorde LLP for Professional Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors for the Period of January 14, 2021 Through August 17, 2021* (ECF No. 1103, the "Application")[2] for the period from January 14, 2021 through August 17, 2021 (the "Compensation Period") filed by Locke Lord LLP ("Locke Lord" or the "Firm"); and this Court, having considered the Application, any objections or opposition to the Application, the parties' legal briefs and arguments in support of their positions, and the Firm's having complied with relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules,

---

[1] The last four digits of each reorganized Debtor's federal tax identification number are Carla's Pasta, Inc. (5847) and Suri Realty, LLC (5847). On August 2, 2021, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming First Amended Joint Chapter 11 Plan of Liquidation of the Debtors* [ECF 1054] (the "Confirmation Order") in connection with the First Amended Joint Chapter 11 Plan of Liquidation of the Debtors (the "Plan"). In accordance with the Confirmation Order, upon the Effective Date of the Plan, the Liquidating Custodian succeeded to substantially all of the rights, powers and duties of the Debtors. As set forth in that certain *Notice of Occurrence of Effective Date* [ECF 1094], the Effective Date of the Plan occurred on August 17, 2021. The Liquidating Custodian's service address is Verdolino & Lowe, PC, Pine Brook Office Park, 124 Washington Street, Foxborough, MA 02035.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application.

and after due and proper notice to all parties in interest and a hearing, is of the opinion that the Application should be **APPROVED**, in substantial part, on a final basis, as set forth herein.

**THE COURT FINDS THAT:**

A. Except as noted herein, the legal services provided by the Firm during the Compensation Period as described in the Application and its accompanying exhibits were actual and necessary services rendered by the Firm as counsel to Carla's Pasta, Inc. ("Carla's Pasta") and Suri Realty, LLC ("Suri" and together with Carla's Pasta, the "Debtors") in these Chapter 11 Cases. The amounts sought by the Firm for these legal services are generally reasonable (except for the adjustments contained herein) and commensurate with fees sought by other firms of a similar size to the Firm in this jurisdiction and region for services rendered in bankruptcy cases of a size and complexity similar to these Chapter 11 Cases.

B. The expenses incurred by the Firm during the Compensation Period as set forth in the Application and its accompanying exhibits were actual, necessary expenses incurred by the Firm as counsel to the Debtors. The amounts sought by the Firm as reimbursement for these expenses are generally reasonable and commensurate with the reimbursement sought by other firms of similar size to the Firm in this jurisdiction and region for expenses incurred in bankruptcy cases of a size and complexity similar to these Chapter 11 Cases.

**IT IS THEREFORE ORDERED THAT:**

1. The Locke Lord Application is **GRANTED, in substantial part,** as set forth herein.

2

2. Locke Lord is allowed and awarded, on a final basis, fees for services rendered in the amount of $916,556.50[3] and expenses in the amount of $3,879.87, which is the aggregate sum of $920,436.37 (the "Fee Award").

3. The requested fees of $1,016,556.50 (the "Fee Amount") sought by Locke Lord have raised various concerns of the Court and the Objectors. Those concerns regarding efficiency, non-duplication of services, budget allocations, benefit to the estate, and cost-effective staffing have caused an adjustment of fees by the Court. In the exercise of its discretion, consistent with applicable law, and after full deliberations based upon the record and this Court's knowledge and experience in these matters, the Court believes such an adjustment is fair, just and appropriate for the following reasons:

(a) Implicit in the Court's approval of the hourly rates sought herein (which represent the high end of the regional market for experienced bankruptcy counsel) comes the Court's and creditors' expectation that such representation shall deliver cost-effective staffing which involves managed delegation and supervision, review and monitoring of the Debtors' legal team of partners, associates and paralegals, appropriately tasked to the difficulty and complexity of the legal matters herein. To the extent that 70% of the legal work in this case was rendered by senior lead counsel, sufficient delegation of legal matters to more junior (and less expensive) colleagues appears to be lacking and without adequate explanation.

---

[3] Locke Lord requested total compensation in the amount of $1,019,556.50 on page 1 of its Application. The information provided on page 2 of the Application, however, indicates that the total compensation is actually $1,016,556.50 (or $3,000.00 less than the amount requested on page 1). The Court, therefore, will treat the total compensation sought as $1,016,556.50. The request for $1,016,556.50 has been reduced by an adjustment of $100,000.00 (approximately 10%).

3

(b) The Fee Amounts incurred in the DIP period exceeded the Cash Collateral Budget by $26,000.00, and nearly $85,000.00 during the Post-Sale/Wind-Down period of this case without adequate explanation.

(c) Much of the legal work in the Post-Sale/Wind-Down period generally could have been accomplished through either more junior lawyers, or counsel for the Creditors' Committee, or the Liquidating Custodian who each had lower rates across the board.

(d) The requested Fee Amount is disproportionate to the aggregate recoveries (estimated at $450,000.00) of general unsecured creditors.

(e) The sale of assets to CP Foods, LLC and NFP Real Estate, LLC (collectively the "Buyer") directed and negotiated by Debtors' counsel neither preserved nor monetized avoidance actions or other causes of action so as to fund enhanced recoveries of general unsecured creditors.

(f) The achievement of a dividend for general unsecured creditors in this case is/or will be substantially attributable to the efforts of counsel for the Unsecured Creditors' Committee and the Liquidating Custodian.

(g) The staffing of the case with the invaluable and experienced assistance of a CRO, accountant and investment banker should have caused some of the Fee Amount to be moderated through wider delegation and supervision.

(h) Not all of Debtors' counsel's efforts were either necessary or beneficial to the Chapter 11 estate, including:

> i. the proposed retention (ECF Nos. 123, 193) and subsequent proposed settlement relating to Novo Advisors, LLC as CRO (ECF Nos. 540, 652, 656, 657, and 757);

4

  ii. the less than sufficient disclosure of material facts to the Court and creditors related to those Novo motions (which has only now been embellished in the recently filed Henzy Declaration at ECF No. 1143-1, Exhibit A);

  iii. the pursuit of third party/insider releases in connection with the sale to the Buyer without advancing any material disclosures on the merits of such claims or attributing or monetizing any allocated value for those releases so as to serve the interests of the general unsecured creditors; and

  iv. the abortive efforts to formulate and advance a settlement with Dennis Engineering (ECF No. 665, 729, 736, 742, 745, and 785).

4. The previous interim monthly payments totaling $440,012.15 in fees and $4,072.11 in expenses made by the Debtors to the Firm and approved on an interim basis under the Interim Compensation Order are hereby **APPROVED** on a final basis.

5. The payment of $18,776.00 (the fees related to the recovery of legal fees incurred in connection with the Debtor's litigation with the Buyer over prepaid insurance) of the above allowed fees and expenses to Debtor's counsel shall be deferred pending the entry of a final order and payment of such sums. Locke Lord shall diligently prosecute that application for fees and expenses of $18,776.00 (ECF No. 1131) and it shall apply such recovery to its remaining unpaid fees related to that litigation. Upon Locke Lord's receipt of such sums, those monies shall be applied to the balance of these remaining unpaid fees.

6. The Debtors are otherwise further authorized and directed to pay the Firm, on a final basis the remaining unpaid balance of the Fee Award in the amount of $904,660.37.[4] This

---

[4] This number reflects the total Fee Award of $923,436.37 minus the $18,776.00 in litigation expenses referenced in paragraph 5 of this Order. To date, Locke Lord has not made a filing on the docket indicating that additional legal fees have accrued since the filing of its Fee Application.

remaining balance shall be paid to the Firm in accordance with the terms of the Plan and the Confirmation Order.

7.  The equitable adjustments or reductions accorded herein are appropriate, consistent with the interests of justice and the integrity of the judicial process. In making its determination on the reasonableness of Locke Lord's Fee Amount, this Court considered the enumerated factors under 11 U.S.C. § 330(a)(3) and the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc. (In re Johnson)*, 488 F.2d 714, 717−19 (5th Cir. 1974). In the Court's opinion, Locke Lord's commendable legal, professional, and highly skilled work herein has been adequately valued, compensated, and recognized.

8.  To the extent that any objection to these expenses has not been addressed by the Court's adjustments to the Fee Amount, those objections are hereby **OVERRULED**.

9.  This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

10. This Order shall be effective immediately upon entry.

**IT IS SO ORDERED** at Hartford, Connecticut this 7th day of October 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

6

# Notice Recipients

District/Off: 0205–2     User: ddenicola     Date Created: 10/7/2021
Case: 21–20111     Form ID: pdfdoc2     Total: 86

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
| | | |
|---|---|---|
| cr | People's United Bank, National Association | |
| cr | Yankee Gas Services Company | |
| 20 | The Connecticut Light & Power Company | |
| cr | BMO Harris Bank N.A. | |
| crcm | Official Committee of Unsecured Creditors | |
| cr | Chubb Companies | |
| cr | The Core Group and its Affiliates | |
| cr | Pasta Technologies Group SRL | |
| cr | Sodexo Operations, LLC | |
| cr | State of CT, Dept. of Revenue Services | |
| cr | Decian, Inc. | |
| cr | Novo Advisors, LLC | |
| op | Tribe 9 Foods, LLC | |
| op | NFP Real Estate LLC | |
| op | CP Foods LLC | |
| cr | United States, on behalf of Internal Revenue Service | |
| cr | The Insurance Company of the State of Pennsylvania | |
| cr | Town of South Windsor | |
| acc | Verdolino & Lowey, P.C. | |
| db | Craig Jalbert, as Liquidating Custodian to Reorganized Debtors | |

TOTAL: 20

**Recipients of Notice of Electronic Filing:**
| | | |
|---|---|---|
| ust | U. S. Trustee | USTPRegion02.NH.ECF@USDOJ.GOV |
| aty | Adrienne K. Walker | awalker@lockelord.com |
| aty | Andrew A. DePeau | ADEPEAU@RC.COM |
| aty | Angeline N. Ioannou | Angeline.Ioannou@LewisBrisbois.com |
| aty | Barry S. Feigenbaum | bfeigenbaum@roginlaw.com |
| aty | Brian A. Raynor | Braynor@lockelord.com |
| aty | Charles J. Filardi, Jr. | cfilardi@rrlawpc.com |
| aty | Elizabeth M. Lacombe | emlacombe@duanemorris.com |
| aty | Gary J. Greene | bankruptcy@greenelawpc.com |
| aty | George C. Tzepos | zepseven@sbcglobal.net |
| aty | George W. Fitting | gwfitting@duanemorris.com |
| aty | Holley L. Claiborn | holley.l.claiborn@usdoj.gov |
| aty | Honor S. Heath | honor.heath@eversource.com |
| aty | Irve J. Goldman | igoldman@pullcom.com |
| aty | Jeffrey Hellman | jeff@jeffhellmanlaw.com |
| aty | Jeffrey M. Sklarz | jsklarz@gs–lawfirm.com |
| aty | John Mirtle | jmirtle@themdc.com |
| aty | Joseph J. Cherico | jcherico@mccarter.com |
| aty | Kellianne Baranowsky | kbaranowsky@gs–lawfirm.com |
| aty | Kevin J. Daly, Jr, | kdaly@waterburyct.org |
| aty | Lauren M. Nash | lauren.nash@usdoj.gov |
| aty | Lawrence S. Grossman | LGrossman@gs–lawfirm.com |
| aty | Maria A. Santos | maria.santos@ct.gov |
| aty | Mia D. D'Andrea | dandrea@chapman.com |
| aty | Michael B. Kind | michael.kind@lockelord.com |
| aty | Myles H. Alderman, Jr. | myles.alderman@alderman.com |
| aty | Patrick M. Birney | pbirney@rc.com |
| aty | Ryan Kelley | rkelley@pierceatwood.com |
| aty | Scott D. Rosen | srosen@cb–shea.com |
| aty | Stephen J. Humeniuk | stephen.humeniuk@lockelord.com |
| aty | Steven Weiss | sweiss@ssfpc.com |
| aty | Steven G. Trubac | steve.trubac@bclplaw.com |
| aty | Tara Lynn Trifon | tara.trifon@lockelord.com |
| aty | Taruna Garg | tgarg@murthalaw.com |
| aty | Timothy D. Miltenberger | tim@coanmiltenberger.com |

TOTAL: 35

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
| | | | | |
|---|---|---|---|---|
| db | Carla's Pasta, Inc. | 50 Talbot Lane | South Windsor, CT 06074 | |
| cr | Specialty Packaging LLC | 47 Leggett St. | East Hartford, CT 06108 | |
| aty | The Dennis Engineering Group LLC | 1537 Main Street | Springfield, MA 01103 | |
| aty | Steven Weiss | Shatz, Schwartz & Fentin | 1441 Main Street, Suite 1100 | Springfield, MA 01103 UNITED STATES |
| cr | Elm Electrical, Inc. | 68 Union Street | Westfield, MA 01085 | |

| | | | | |
|---|---|---|---|---|
| op | Stretto | 410 Exchange, Suite 100 | Irvine, CA 92602 | |
| cr | DESA Service, LLC | 195 Governor's Highway | South Windsor, CT 06074 | |
| cr | Freezer Concepts Div. of Furnace Concepts Inc. | c/o Law Offices of George C. Tzepos | 444 Middlebury Road | Middlebury, CT 06762 |
| dbaty | Locke Lord LLP | 111 Huntington Avenue | Boston, MA 02199 UNITED STATES | |
| aty | Jeffrey Sklarz | Green & Sklarz LLC | One Audubon Street, Third Floor | New Haven, CT 06511 |
| op | Stretto | 410 Exchange, Suite 100 | Irvine, CA 92602 | |
| cns | Cowen and Company LLC | 599 Lexington Avenue | New York, NY 10022 | |
| cns | Phoenix Executive Services, LLC | 50 Congress Street | Suite 843 | Boston, MA 02109 |
| cns | Joseph Nappi | 50 Congress Street | Suite 843 | Boston, MA 02109 |
| op | Stretto | 410 Exchange, Suite 100 | Irvine, CA 92602 | |
| db | Suri Realty, LLC | 50 Talbot Lane | South Windsor, CT 06074 | |
| cr | Sprague Operating Resources, LLC | 185 International Drive | Portsmouth, NH 03801 UNITED STATES | |
| cr | City of Waterbury c/o Kevin J. Daly | Office of Corporation Counsel | 235 Grand Street | Third Floor   Waterbury, CT 06702 |
| cr | STAHLBUSH ISLAND FARMS, INC. | 3122 Stahlbush Island Road | Corvallis, OR 97333 UNITED STATES | |
| cr | The Metropolitan District | 555 Main Street | Hartford, CT 06103 | |
| cr | Elite Spice, Inc. | Attn: Krista Collins | 7151 Montevideo Road | Jessup, MD 20794 |
| cr | Sandra Picano | 11 Sunrise Circle | Enfield, CT 06082 | |
| aty | Law Offices of Jeffrey Hellman, LLC | 195 Church Street, 10th Floor | New Haven, CT 06510 | |
| aty | Adam L. Rosen | Adam L. Rosen PLLC | 2–8 Haven Avenue–Suite 220 | Port Washington, NY 11050 |
| aty | Catherine B. Heitzenrater | Duane Morris LLP | 30 South 17th Street | Philadelphia, PA 19103 |
| aty | Jami B. Nimeroff | Brown McGarry Nimeroff LLC | Two Penn Center, Suite 610 | 1500 John F. Kennedy Blvd.   Philadelphia, PA 19102 |
| aty | Michael R. Lastowski | Duane Morris LLP | 22 Delaware Avenue, Suite 1600 | Wilmington, DE 19801–1659 |
| aty | Michael T. Benz | Chapman and Cutler LLP | 111 W. Monroe Street | Chicago, IL 60603 |
| aty | Richard Lauter | Lewis Brisbois Bisgaard & Smith, LLP | 550 West Adams Street, Suite 300 | Chicago, IL 60661 |
| aty | Stefan M. Palys | Lewis Brisbois Bisgaard & Smith, LLP | 2112 Pennsylvania Avenue NW, Suite 500 | Washington, DC 20037 |
| aty | Steven E. Mackey | Office of the U.S. Trustee | The Giaimo Federal Building | 150 Court Street, Room 302   New Haven, CT 06510 |

TOTAL: 31