UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,** | |
| | Case No. 21-20687 (JJT) |
| Debtor. | |

**UNITED STATES TRUSTEE'S OBJECTION TO THE THIRD INTERIM FEE APPLICATION OF ZEISLER & ZEISLER, P.C. AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), through counsel, in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (a)(5), respectfully submits this objection and statement of concerns regarding the Third Interim Fee Application filed Zeisler & Zeisler, P.C. ("Z&Z") as counsel to the Official Committee of Unsecured Creditors (ECF 619) ("Z&Z Third Interim").

*Preliminary Statement*

The Z&Z Third Interim seeks fees of $120,926.20 and expenses of $1,912.02 for the three-month time period of February 1, 2022 through April 30, 2022. As discussed herein, the United States Trustee has concerns about the cost of the objection filed by Z&Z on behalf of the Official Committee of Unsecured Creditors ("Committee") to the objection to the proof of claim of Oceania Province of the Congregation of Christian Brothers F/K/A The St. Patrick's Province of Christian Brothers ("Oceania POC Objection").

1

### *Procedural Background*

1. On Thursday, July 15, 2021, The Norwich Roman Catholic Diocesan Corporation ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code ("Petition Date"). ECF 1.

2. The Debtor operates and manages its affairs as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

3. The Debtor has retained the law firms of IM and R&C as its chapter 11 counsel. ECF 272, 256, 321. Per their retention applications, Ice Miller and R&C are co-counsel to the Debtor. *Id.*

4. The Debtor has employed B. Riley as its financial advisor. ECF 271. B. Riley is providing accounting services, assistance with debtor reporting requirements and services relating to monitoring cash flow. ECF 138.

5. On July 29, 2021, the United States Trustee appointed the Committee. ECF 90. The Committee has employed Z&Z as its counsel ("Committee Counsel"). ECF 233.

6. To date, the Debtor has not filed a proposed plan and has obtained extensions of the exclusivity period to do so. The Debtor, the Committee and other parties are currently engaged in mediating with a Court-approved mediator with the goal of a consensual plan. ECF 752.

### *Monthly Fees*

7. By order dated October 18, 2021, the Court authorized a monthly compensation process for retained professionals which allows professionals to receive 70% of requested monthly fees (with a 30% holdback) and 100% of requested expenses by filing a monthly fee statement

("Monthly Compensation Order"). ECF 314.  The Monthly Compensation Order provides for an objection process. *Id.*

8. The Debtor's professionals and the Committee Counsel have routinely filed monthly fee requests and have been paid 70% of the fees pursuant to the Monthly Compensation Order.  See case docket.  The United States Trustee has reviewed those monthly fee requests on a regular monthly basis and has, in certain instances, raised concerns with the Debtor's professionals and Committee Counsel, and has requested reductions. Some of the concerns have been addressed and resolved by consensual reductions, but others were not resolved.

### *First Interim and Second Interim Fee Applications*

9. On November 15, 2021, Z&Z filed its first interim fee application as counsel to the Committee ("Z&Z First Interim"). ECF 366. On that same date, the Debtor's professionals filed their first interim fee applications (collectively "First Interim Fee Applications"). ECF 372, 373, 374, and 375.

10. On December 7, 2021, the United States Trustee filed an omnibus objection to the First Interim Fee Applications of the Debtor's professionals ("UST First Interim Objection"). ECF 393.  The United States Trustee did not object to the Z&Z First Interim. ECF 398.

11. On December 15, 2021, the Court held a preliminary hearing on the First Interim Fee Applications, the Z&Z First Interim, and the UST First Interim Objection.  The Court determined that consideration of the First Interim Fee Applications, the Z&Z First Interim, and the UST First Interim Objection would be deferred to a future date, and that the Debtor's professionals and Committee Counsel would be permitted to continue to request and receive monthly compensation under the Monthly Compensation Order. ECF 415.

12. On March 31, 2022, Ice Miller, LLP ("IM"), Robinson & Cole, LLP ("R&C"), GlassRatner Advisory & Capital Group LLC d/b/a B. Riley Advisory Services ("B. Riley"), and Brown Jacobson, the Debtor's professionals (collectively "Debtor's Professionals"), filed their second interim fee applications. ECF 535, 536, 537 and 538 (collectively "Second Interim Fee Applications").

13. On April 26, 2022, the United States Trustee filed an omnibus objection to the Second Interim Fee Applications ("UST Second Interim Objection"), excluding the fee application of Brown Jacobson to which the United States Trustee did not object. ECF 578, ECF 576. The Committee also objected to the second interim fee applications of IM, R&C, and B. Riley. ECF 593 ("Committee Objection").

14. On March 31, 2022, Z&Z filed the Z&Z Second Interim seeking fees of $164,287.00 and expenses of $3,955.35. ECF 539. Without taking into consideration voluntary reductions agreed as part of monthly compensation requests (discussed *infra*) and based on the total original hours billed of 472.30, Z&Z had an overall blended rate of $350.12. *Id.*

15. On April 26, 2022, the United States Trustee filed an objection to the Z&Z Second Interim ("UST Objection to Z&Z Second Interim"). ECF 577.

16. The UST Objection to the Z&Z Second Interim was resolved by a $10,000.00 reduction.

17. After a non-evidentiary hearing held on May 16, 2022, the Court approved the First Interim Fee Applications, Z&Z First Interim, the Second Interim Fee Applications, and the Z&Z Second Interim. ECF 641 and 642. The UST First Interim Objection, UST Second Interim Objection, and the Committee Objection were deferred and reserved for consideration at the time

of the final fee applications. ECF 642 at ¶ 9.

### *Third Interim Fee Applications*

18. On May 16, 2022, Z&Z filed the Z&Z Third Interim seeking fees of $120,926.20 and expenses of $1,912.02 for the three-month time period of February 1, 2022 through April 30, 2022. ECF 619. Based on the total hours billed of 367, Z&Z had an overall blended rate of $329.50. *Id.*

19. On August 4, 2022, the Debtor's Professionals, IM, R&C, B. Riley, and Brown Jacobson, filed their third interim fee applications seeking fees for the five-month period of February 1, 2022 through June 30, 2022. ECF 755, 756, 757, and 758 (collectively "Third Interim Fee Applications").

20. The Court is scheduled to consider the Z&Z Third Interim and the Third Interim Fee Applications on September 1, 2022. ECF 765 and 766.

## LEGAL ARGUMENT

### *A. Standards for Fee Applications*

Section 330 authorizes payment to professionals retained by order of the Court. 11 U.S.C § 330 (a). Section 330(a) allows a court to award "reasonable compensation for actual, necessary services rendered." 11 U.S.C. §330(a)(1)(A). Section 330(a)(1) of the Bankruptcy Code specifically provides that:

> After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, … an examiner, … or a professional person employed under section 327 or 1103 –
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, . . . professional person, or attorney and by any paraprofessional person employed by any such person; and

    (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B). In determining reasonableness, Section 330(a)(3) of the Bankruptcy Code instructs that:

> the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A.  the time spent on such services;
>
> B.  the rates charged for such services;
>
> C.  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E.  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F.  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).[1]

  Pursuant Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Connecticut, a fee applicant, must also, consider and follow L. Bankr. R. 2016-1 and the Court's guidelines set forth at Appendix D which require, *inter alia*, that a fee application

---

[1] Bankruptcy Rule 2016 implements the standards set forth in Section 330 of the Bankruptcy Code:

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, the time expended and expenses incurred and (2) the amounts requested.

contain the date of the order of appointment of the counsel, the terms and conditions of employment, the time period for the compensation request, a discussion of the status of the case, detailed time records, and provide, *inter alia*, information identifying the names and hourly rates of the professional, hours billed, and overall blended rate. *See* L. Bankr. R. 2016-1 and Appendix D. Reimbursement of expenses requires itemization as to purpose, amount, dated incurred and supporting documentation. *Id.* Lastly, when preparing a fee application, counsel must also consider and follow the United States Trustee Fee Guidelines. *See* Appendix A to 28 C.F.R. § 58.

Section 330 requires the applicant to establish both reasonableness and benefit to the estate from the professional's services. *In re Lederman Enter., Inc.*, 997 F.2d 1321, 1323 (10th Cir. 1993). To be compensable, the professional's services must have been necessary and beneficial to the estate or its creditors. *In re Engel*, 124 F.3d 567, 573 (3d Cir. 1997).

Each applicant bears the burden of proving the reasonableness of its fees and expenses sought. *Zeisler & Zeisler, P.C. v. Prudential Ins. Co. (In re JLM, Inc.)*, 210 B.R. 19, 24 (2d Cir. B.A.P. 1997); *In re Northwest Airlines Corp.*, 382 B.R. 632, 645 (Bankr. S.D.N.Y. 2008) (citations omitted); *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997). To satisfy its burden, an applicant must justify its charges with detailed, specific, itemized documentation. *In re Baker*, 374 B.R. 489, 494 (Bankr. E.D.N.Y. 2007); *In re Bennett Funding Group*, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997). This burden also requires the applicant to "demonstrate – not just recite – that the fees sought are reasonable, necessary and of benefit to the estate." *In re Fibermark, Inc.,* 349 B.R. 385, 395 (Bankr. D. Vt. 2006).

---

Fed. R. Bankr. P. 2016(a).

If an applicant fails to sustain its burden on reasonableness, a court may properly deny the application for compensation. *In re Beverly Mfg. Corp.*, 841 F.2d 365, 371 (11th Cir. 1988). Similarly, a court may reduce a professional's fees or expenses when they are disproportionate to the benefit to the estate, even if it already has approved the professional's retention under Sections 327 and 328 of the Bankruptcy Code. *In re Taxman Clothing Co.*, 49 F.3d 310, 316 (7th Cir. 1995); *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 262–63 (3d Cir. 1995) (affirming lower court's denial of improperly documented and inadequately detailed expenses). The Court must disallow requests for compensation for services that were not reasonably likely to benefit the debtor's estate or were not necessary to the administration of the case. 11 U.S.C. §330(a)(4)(A).

Lastly, the Court has an independent burden to review fee applications "'lest overreaching . . . professionals drain [the estate] of wealth which by right should inure to the benefit of unsecured creditors.'" *In re Keene Corp.*, 205 B.R. 690, 695 (Bankr. S.D.N.Y. 1997) (quoting *In re Busy Beaver Bldg. Ctrs., Inc.,* 19 F.3d 833, 844 (3d Cir. 1994)); *In re CCT Commc'ns, Inc.*, No. 07–10210 (SMB), 2010 WL 3386947, *4 (Bankr. S.D.N.Y. Aug. 24, 2010); *In re Value City Holdings, Inc.*, 436 B.R. 300, 305 (Bankr. S.D.N.Y. 2010). Accordingly, courts serve a vitally important gate-keeping role in enforcing the Code's requirements that only reasonable fees be approved and paid as well as maintaining public confidence in the bankruptcy system itself. *In re Temple Retirement Community, Inc.*, 97 B.R. 333, 337 (Bankr. W.D. Tex. 1989). "[T]he judiciary should retain control of fees, given the sensitivities they generate and the need to promote public confidence in the system." *In re Child World, Inc.*, 185 B.R. 14, 17 (Bankr. S.D.N.Y. 1995) (citation omitted). In particular, "whether interim allowances are awarded, and in what amounts,

[are] questions left by Congress to the sound discretion of the bankruptcy court." *In re Barron*, 73 B.R. 812, 814 (Bankr. S.D. Cal. 1987); *see, e.g., In re ACT Manufacturing, Inc.*, 281 B.R. 468, 474 (Bankr. D. Mass. 2002). At the interim fee stage, there is no legal entitlement or requirement for payment prior to the final fee award. *See In re Child World, Inc.*, 185 B.R. at 17.

B.  *Z&Z Third Interim*

The Z&Z Second Interim contains fees totaling $22,404.30 for the months of March 2022 and April 2022 for 60.6 hours spent on the Committee's Oceania POC Objection. ECF 610. The United States Trustee acknowledges the length and detailed nature of the Oceania POC Objection, but has some concerns about the cost of same. The United States Trustee raised this issue preliminarily with Z&Z via email on May 26, 2022, but it was not resolved.

The United States Trustee is unable to assess the reasonableness of the time spent and cost of Oceania POC Objection at this time. The Z&Z Third Interim contains a paragraph discussing the Oceania POC Objection, but the paragraph does not address the true cost of this objection because it does not discuss or quantify earlier factual investigative/background work on this issue. It is not clear how much time was spent on work toward this objection during the case that may not have been described with specificity such that a review of the prior interim fee applications would have noted it. Further, the Oceania POC Objection has not yet been adjudicated. The United States Trustee thus raises a concern that the cost of the Oceania POC Objection may not be reasonable, but suggests this issue be deferred for further discussion and consideration in connection with the final fee application Z&Z will eventually file.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons discussed, the United States Trustee objects to the fees requested by Z&Z relating to the Oceania POC Objection and reserves this objection for further discussion and consideration in connection with the final fee application filed by Z&Z.

Dated:  New Haven, Connecticut
        August 25, 2022

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE FOR REGION 2

By:  /s/ Holley L. Claiborn
     Holley L. Claiborn
     Trial Attorney
     Office of the United States Trustee
     Giaimo Federal Building, Room 302
     150 Court Street
     New Haven, CT 06510
     Holley.L.Claiborn@usdoj.gov
     (203) 773-2210
     Federal Bar No.: ct17216 (Connecticut)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent on August 25, 2022 by the Court's CM/ECF to the parties noted below:

Kellianne Baranowsky on behalf of Interested Party The Catholic Mutual Relief Society of America
kbaranowsky@gs-lawfirm.com, aevans@gs-lawfirm.com;kbaranowsky@ecf.courtdrive.com

Patrick M. Birney on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
pbirney@rc.com, ctrivigno@rc.com

Christopher H. Blau on behalf of Creditor Committee Official Committee of Unsecured Creditors
cblau@zeislaw.com

Harrison H.D. Breakstone on behalf of Interested Party The Oceania Province of the Congregation of Christian Brothers
hbreakstone@archerlaw.com, chansen@archerlaw.com

Daniel Allen Byrd on behalf of Creditor Committee Official Committee of Unsecured Creditors
dbyrd@zeislaw.com, tmiller@zeislaw.com

John C. Cannizzaro on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
john.cannizzaro@icemiller.com

Brittany Sarah Cates on behalf of Creditor AJ
bcates@faxonlawgroup.com, sbraun@faxonlawgroup.com

Holley L. Claiborn on behalf of U.S. Trustee U. S. Trustee
holley.l.claiborn@usdoj.gov

Louis T. DeLucia on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
louis.delucia@icemiller.com, john.acquaviva@icemiller.com

Andrew A. DePeau on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
ADEPEAU@RC.COM, RBANGHAM@RC.COM

Alyson M. Fiedler on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
alyson.fiedler@icemiller.com

Joseph Mark Fisher on behalf of Interested Party The Catholic Mutual Relief Society of America
mfisher@schiffhardin.com

Dominic Fulco, III on behalf of Interested Party Mercy High School Corporation
dfulco@reidandriege.com, umongrain@rrlawpc.com

Dominic Fulco, III on behalf of Interested Party Saint Bernard School
dfulco@reidandriege.com, umongrain@rrlawpc.com

Dominic Fulco, III on behalf of Interested Party Xavier High School Corporation of Middletown
dfulco@reidandriege.com, umongrain@rrlawpc.com

Lawrence S. Grossman on behalf of Interested Party The Catholic Mutual Relief Society of America
LGrossman@gs-lawfirm.com, aevans@gs-lawfirm.com;ngolino@gs-lawfirm.com;lawrencegrossman@ecf.courtdrive.com;mbuckanavage@gs-lawfirm.com;eross@gs-lawfirm.com

Honor S. Heath on behalf of Creditor The Connecticut Light and Power Company d/b/a Eversource
honor.heath@eversource.com, honor.heath@hotmail.com

Honor S. Heath on behalf of Creditor Yankee Gas Services Company d/b/a Eversource
honor.heath@eversource.com, honor.heath@hotmail.com

Jeffrey Hellman on behalf of Interested Party Association of Parishes of the Roman Catholic Diocese
jeff@jeffhellmanlaw.com, christen@jeffhellmanlaw.com

Eric A. Henzy on behalf of Creditor Committee Official Committee of Unsecured Creditors
ehenzy@zeislaw.com, cjervey@zeislaw.com

Allen G. Kadish on behalf of Interested Party The Oceania Province of the Congregation of Christian Brothers
akadish@archerlaw.com

Stephen M. Kindseth on behalf of Creditor Committee Official Committee of Unsecured Creditors
skindseth@zeislaw.com, cjervey@zeislaw.com

Mark A. Mintz on behalf of Interested Party Association of Parishes of the Roman Catholic Diocese
mmintz@joneswalker.com, hstewart@joneswalker.com

Jon P. Newton on behalf of Interested Party Mercy High School Corporation
jnewton@reidandriege.com, umongrain@rrlawpc.com

Jon P. Newton on behalf of Interested Party Saint Bernard School

jnewton@reidandriege.com, umongrain@rrlawpc.com

Jon P. Newton on behalf of Interested Party Xavier High School Corporation of Middletown
jnewton@reidandriege.com, umongrain@rrlawpc.com

Samantha A. Oppenheim on behalf of Interested Party Association of Parishes of the Roman Catholic Diocese
soppenheim@joneswalker.com

Timothy P Pothin on behalf of Creditor AJ
tpothin@faxonlawgroup.com

Kelly E. Reardon on behalf of Interested Party The Reardon Law Firm, P.C.
kreardon@reardonlaw.com

Scott D. Rosen on behalf of Creditor People's United Bank, National Association
srosen@cb-shea.com, msullivan@cbshealaw.com;dtempera@cbshealaw.com

Jeffrey M. Sklarz on behalf of Interested Party The Catholic Mutual Relief Society of America
jsklarz@gs-lawfirm.com, aevans@gs-lawfirm.com;mbuckanavage@gs-lawfirm.com;eross@gs-lawfirm.com;jsklarz@ecf.courtdrive.com

Annecca H. Smith on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
asmith@rc.com

Suzanne B. Sutton on behalf of Interested Party The Oceania Province of the Congregation of Christian Brothers
ssutton@cohenandwolf.com

Daniel R. Swetnam on behalf of Debtor The Norwich Roman Catholic Diocesan Corporation
daniel.swetnam@icemiller.com

Patrick Tomasiewicz on behalf of Interested Party Fazzano & Tomasiewicz, LLC
pt@ftlawct.com, mdimock@ftlawct.com

/s/ Holley L. Claiborn
Holley L. Claiborn