**OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION**

*c/o Stephen M. Kindseth, Esq., Zeisler & Zeisler, P.C.
10 Middle St., 15th Fl., Bridgeport, CT 06604*

**TO:    THE HOLDERS OF ABUSE CLAIMS CLASSIFIED IN CLASS 4 OF THE PLAN**

---

The Official Committee of Unsecured Creditors (the "Committee") of The Norwich Roman Catholic Diocesan Corporation (the "Diocese") is providing you with this letter because you hold an Abuse Claim that has been classified with other Abuse Claims in Class 4 of the Sixth Amended Joint Plan of Reorganization dated February __, 2025 (the "Plan"). The Plan has been jointly proposed by the Committee, the Diocese and the other Plan Proponents.[1] This letter is being sent to you along with the Plan and Sixth Amended Joint Disclosure Statement dated February __, 2025 (the "Disclosure Statement") is included with this letter. The Disclosure Statement has been approved in the Diocese's Bankruptcy Case by the Bankruptcy Court.

**The Committee strongly recommends that all Class 4 Claimants vote to accept the Plan by completing the certifications in, checking the box to "ACCEPT the Plan" in Item 2 of and signing the Class 4 Ballot that has been enclosed with the Plan and Disclosure Statement and this letter.**

**The Committee also strongly recommends that all Class 4 Claimants Opt-In to the Abuse Claim Release by signing and returning the Abuse Claim Release that has also been enclosed with the Plan and Disclosure Statement and this letter.**

**The Class 4 Ballot and Abuse Claim Release must be submitted via the Voting Agent's balloting portal in accordance with the instructions listed on the Class 4 Ballot on or before ____, __, 2025 at _5:00 p.m. ET. (the "Voting Deadline").**

In advance of the Voting Deadline, the Bankruptcy Court shall preside over an informal, non-evidentiary public hearing, where the Class 4 Claimants or their counsel shall have an opportunity to be heard regarding their Abuse Claims or regarding this Bankruptcy Case (the "Surviving Claimants Hearing"). **The Surviving Claimants Hearing shall be conducted both in-person at the Abraham A. Ribicoff Federal Building and Courthouse, United States Bankruptcy Court, 450 Main Street, 7th Floor, Hartford, CT 06103 and via the Zoom.gov platform. The Surviving Claimants Hearing shall commence at 10:00 a.m. (Eastern Time) on April __, 2025 and, if necessary, shall be continued at 10:00 a.m. (Eastern Time) on April __, 2025.** If any Class 4 Claimant would like the opportunity to make a statement at the Surviving Claimants Hearing, or would like to obtain more information concerning the Surviving Claimants Hearing, the Class 4 Claimant or his or her attorney should contact counsel to the Committee, Stephen M. Kindseth, Esq., as soon as possible, at one of the addresses for him provided at the end of this letter.

---

[1] This letter incorporates the definitions of terms set forth in the Plan.

On July 15, 2021, the Diocese filed a voluntary petition under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court. On July 29, 2021, the Office of the United States Trustee appointed five individuals who hold Abuse Claims in Class 4 as the Committee. The Committee represents the interests of Class 4 Claimants, and its purposes include, among other things, maximizing recoveries for holders of Class 4 Abuse Claims, ensuring fairness in the Diocese's Bankruptcy Case, and facilitating the reorganization of the Diocese on terms that are fair and reasonable.

As noted above, the Committee is a joint proponent of the Plan. The Plan is based upon extensive negotiation and litigation over a more than three- and one-half-year period, including multiple rounds of Bankruptcy Court ordered mediation and extensive proceedings in the Bankruptcy Court. The Plan embodies a global settlement of numerous complex issues. The Committee believes that the agreements embodied in the Plan and the recoveries provided to holders of Class 4 Abuse Claims represent a fair and reasonable resolution of the interests and rights of the various parties, and in particular will result in the maximum possible recovery by holders of Class 4 Abuse Claims taking into account and balancing the resources of the Diocese and the other Plan Participants, the complexity, risk and cost of further litigation, and the desire to get holders of Class 4 Abuse Claims a recovery as soon as possible in all of the circumstances.

If the Plan is confirmed by the Bankruptcy Court, a settlement pool will be funded by the Diocese, the Diocese's insurer, Catholic Mutual, the Parishes and other Catholic Entities that operate within the Diocese's geographical area, and certain other Participating Parties. The Committee estimates that the aggregate value of all contributions to the settlement pool will be up to $31 million. The precise amount of the settlement pool will depend on a number of factors, including the sale price for certain real estate assets. As noted above, the Committee strongly believes that this aggregate settlement amount represents the greatest sum that could have been recovered for holders of Class 4 Abuse Claims without significant further delays, protracted and costly litigation, and a serious risk of loss.

You will receive a share of the settlement pool. The amount of your share of the settlement pool is subject to certain terms and conditions set forth in the Plan and the Trust Agreement which is attached to the Plan as **Exhibit A**. In particular, the Trust Distribution Plan sets forth the specific process through which all Abuse Claims in Class 4 will receive Distributions, and is appended as **Exhibit 1** to the Trust Agreement.

Abuse Claims in Class 4-A (those that were filed in the Bankruptcy Case before the March 15, 2022 Claims Bar Date or that are treated by the Bankruptcy Court as having been filed in the Bankruptcy Case before the Claims Bar Date) shall be assessed by the Abuse Claims Reviewer appointed by the Bankruptcy Court. The Committee already proposed and the Bankruptcy Court has already approved the Hon. Salvator C. Agati to serve as the Abuse Claims Reviewer. Distributions to each Class 4-A Claimant shall then be made by the Trustee of the Trust based on the Abuse Claims Reviewer's assessments of Abuse Claims in Class 4-A.

The Committee estimates that the average recovery for Class 4-A Abuse Claims (other than those precluded by the applicable statute of limitations under state law and referred to as Barred Abuse Claims) will be approximately $310,000. The Committee estimates that the average

recovery for Barred Abuse Claims (again, those otherwise precluded by the applicable statute of limitations under state law) in Class 4-A will be approximately $46,000.

To be clear, these are estimated averages. For any particular Class 4-A Claimant, the amount received from the Trust may be more, if not substantially more, or less, if not substantially less than these estimated averages based on the results of the assessment process pursuant to the Trust Distribution Plan.

After receiving the contributions made by the Diocese and the Participating Parties as required by the Plan and after the Abuse Claims Reviewer has completed his assessment of the Claims 4-A Claims, the Trust will make Distributions pursuant to the Trust Distribution Plan to Class 4-A Claimants. The Committee anticipates that the majority of Distributions to Class 4-A Claimants will be paid within 3 to 4 months from the Effective Date of the Plan. The balance of these Distributions will be paid after the non-cash Trust Assets have been liquidated by the Trustee of the Trust.

The Plan preserves each Late-Filed Abuse Claimant's legal right to establish "excusable neglect" in not having filed their proof of claim prior to the Claims Bar Date. If a Late-Filed Abuse Claimant is successful in establishing their excusable neglect under applicable law, they will be treated in Class 4-A like all timely-filed Class 4-A Abuse Claimants. If a Late-Filed Abuse Claimant is not successful, their Abuse Claim will be Disallowed and they will not receive any Distribution pursuant to the Plan.

Alternatively, in order to avoid the cost and risk of attempting to establish their excusable neglect in not having filed their Abuse Claim in the Bankruptcy Case prior to the Claims Bar Date, the Plan provides that each Late-Filed Abuse Claimant may elect on their Ballot to be treated in Class 4-B, referred to as the Convenience Class, as holding a Convenience Claim. Such Late-Filed Abuse Claimant may then receive on account of their Allowed Abuse Claim a single lump-sum payment within forty-five (45) days of the Effective Date. A Class 4-B Claimant (other than Barred Abuse Claims in Class 4-B) will receive a lump sum of $50,000 and a Barred Abuse Claimant in Class 4-B will receive a lump sum of $20,000.

**For all Late-File Abuse Claimants who wish to be treated in the Convenience Class, Class 4-B, and receive an expedited lump-sum payment within forty-five (45) days on account of their Allowed Abuse Claim, they must check the box in Item 3 of the Ballot indicating their election to be treated as holding a Convenience Claim.**

In order to receive a Full Distribution under the Plan—meaning your entire share of all of the contributions paid by the Diocese, Catholic Mutual and the Participating Parties pursuant to the Plan—you must sign the Abuse Claims Release. If you not sign the Abuse Claims Release, you shall only receive Partial Distributions on account of your Abuse Claim, which will be derived from only those contributions made by the Diocese. Such Partial Distributions will equal only an estimated forty-three percent (43%) of the Full Distributions. Thus, by electing to not sign and return the Abuse Claim Release, you will only receive forth-three percent (43%) of what you would have received had you signed and returned the Abuse Claim Release.

If you sign and return the Abuse Claim Release, you will be, among other things, fully and finally releasing your Abuse Claims against and giving up all of your rights to sue or seek any recovery or relief of any kind from the Participating Parties. The Participating Parties include the following: Diocese Parties; Catholic Entity Parties (including all of the Parishes within the Diocese, St. Bernard and Mercy); ACA (The Annual Catholic Appeal, Inc.); Xavier; Oceania (The Oceania Province of the Congregation of Christian Brothers); Mount St. John; and Catholic Mutual Parties. If you Opt-In and sign the Abuse Claims Release, the Diocese and the Participating Parties will not be permitted to object to your Abuse Claim.

If you decide not to sign and return the Abuse Claims Release, the Plan provides that you have then elected to Opt-Out. The Plan permits the Diocese and the Participating Parties to object to the allowance of any Abuse Claim held by an Abuse Claimant that elects to Opt-Out.

**You are not legally obligated to sign the Abuse Claim Release and should only do so freely and voluntarily. However, you will not receive Full Distributions, and your Abuse Claim may be subject to objection, unless you sign and return the Abuse Claim Release.**

In addition to the monetary recoveries under the Plan, after extensive discussions between the Committee, Diocese and Parishes, the Diocese has agreed to undertake certain commitments and impose various policies and protocols in addition to those already instituted in order to facilitate the survivors' healing process, impose an appropriate measure of accountability, further the reconciliation between the survivors and other members of the community, the Diocese and the Catholic Church, and prevent, to the greatest extent possible, any future Abuse from occurring within the Diocese. The Non-Monetary Commitments to Healing and Reconciliation are included in this mailing and attached to the Plan as **Exhibit G**.

**You are urged to carefully read the Plan and Disclosure Statement and the exhibits attached thereto in their entirety. The description of the Plan and Disclosure Statement in this letter is intended to be only a summary of certain selected provisions prepared by the Committee.**

**There is always a risk that further litigation and/or a later settlement could have resulted in higher or lower recoveries for Holders of unsecured Claims than provided in the Plan and Disclosure Statement. The Committee does not guarantee any particular result in the Debtor's Bankruptcy Case. Although the Bankruptcy Court has authorized this recommendation letter to be included as part of the solicitation package, such authorization does not constitute an endorsement by the Bankruptcy Court of the merits of the Plan and Disclosure Statement or the accuracy or completeness of the information contained herein.**

**This communication does not constitute, and shall not be construed as, a solicitation by any individual member of the Committee or any of its representatives. The Committee reserves the right to change its position and recommendation that voting creditors vote to accept the Plan, or file any objection, response or other pleading in regard to the Plan, the Disclosure Statement or any other matter in the Debtor's Bankruptcy Case, to the extent that subsequent developments so warrant, as determined by the Committee, or otherwise.**

**If you have any questions or concerns regarding the proposed Plan, or would like to participate in the Surviving Claimants Hearing, you should contact counsel for the Committee at Zeisler & Zeisler, P.C., 10 Middle St., 15ᵗʰ Fl., Bridgeport, CT 06604, Attn: Stephen M. Kindseth (email: skindseth@zeislaw.com).**