**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>THE NORWICH ROMAN CATHOLIC DIOCESAN CORPORATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No: 21-20687 (JJT) |

**ORDER (I) ESTABLISHING VOTING RECORD DATE; (II) ESTABLISHING VOTING DEADLINE TO ACCEPT OR REJECT PLAN; (III) ESTABLISHING CONFIRMATION HEARING DATE AND NOTICE AND OBJECTION PROCEDURES THEREOF; (IV) SETTING SURVIVING CLAIMANTS HEARING; AND (V) GRANTING RELATED RELIEF**

The Court having considered the *Sixth Amended Joint Disclosure Statement for Sixth Amended Joint Chapter 11 Plan of Reorganization Proposed by the Norwich Roman Catholic Diocesan Corporation, Official Committee of Unsecured Creditors, the Catholic Mutual Relief Society of America, and the Association of Parishes of the Roman Catholic Diocese of Norwich, Connecticut* [Docket No. ____] (the "Disclosure Statement") filed in conjunction with the *Sixth Amended Joint Chapter 11 Plan of Reorganization Proposed by the Norwich Roman Catholic Diocesan Corporation, Official Committee of Unsecured Creditors, the Catholic Mutual Relief Society of America, and the Association of Parishes of the Roman Catholic Diocese of Norwich, Connecticut* [Docket No. ____] (the "Plan"), hereby finds:

A. On February 10, 2025, the Norwich Roman Catholic Diocesan Corporation, debtor and debtor-in-possession (the "Debtor") or "Diocese"), the Official Committee of Unsecured Creditors (the "Committee"), the Catholic Mutual Relief Society of America ("Catholic Mutual"),

---

[1] The Debtor in this chapter 11 case is The Norwich Roman Catholic Diocesan Corporation, a/k/a The Roman Catholic Diocese of Norwich. The last four digits of the Debtor's federal tax identification number are 7373.

and the Association of Parishes of the Roman Catholic Diocese of Norwich, Connecticut (the "Association of Parishes," and, with the Debtor, Committee, and Catholic Mutual, the "Plan Proponents") filed the Plan.

B. Also on February 10, 2025, the Plan Proponents filed the Disclosure Statement.

C. The proposed timing for the Confirmation Hearing (as hereinafter defined) complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Plan Proponents to pursue confirmation of the Plan in a timely fashion.

D. The Court shall preside over an informal, non-evidentiary public hearing, where the survivor claimants ("Survivors") or their counsel shall have an opportunity to be heard regarding their claims or regarding this Bankruptcy Case (the "Surviving Claimants Hearing").

E. The Plan Proponents reserve the right to seek modifications or extensions of the matters governed by this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:[2]

1. For the purposes of determining claimants entitled to vote on the Plan, the Voting Record Date (the "Voting Record Date") as requested by the Debtor is **March 20, 2025** with respect to Holders of Claims in Class 2 (Secured Claim of Citizens Bank, N.A.), Class 4 (Abuse Claims other than Unknown Abuse Claims), Class 5 (Unknown Abuse Claims, other than Post-Petition Abuse Claims), Class 7 (Abuse Related Contribution Claims), and Class 8 (Claims held by the Catholic Entities, Xavier and Oceania) (collectively, the "Voting Classes").

---

[2] All findings of fact and conclusions of law set forth above or announced by the Court at the hearing in relation to the Motion are hereby incorporated herein to the extent not inconsistent herewith.

2. The Voting Record Date is also the date for purposes of determining which claimants in the Non-Voting Classes are entitled to receive an appropriate Notice of Non-Voting Status.

3. Omni Agent Solutions, Inc. ("Omni"), will complete the mailing of Solicitation Packages by no later than **March 25, 2025**, (the "Solicitation Date"), to the U.S. Trustee and Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, as required by Bankruptcy Rule 3017(d).

4. The recipients and contents of the Solicitation Packages shall be governed by the *Order Granting Motion for Entry of Order (I) Approving Disclosure Statement; (II) Approving Solicitation Packages and Distribution Procedures; (III) Approving Forms of Ballots and Establishing Procedures for Voting on Plan; (IV) Approving Forms of Notices to Non-Voting Classes Under Plan; (V) Approving Procedures for Vote Tabulation, Including Estimation of Certain Claims for Voting Purposes Only; and (VI) Granting Related Relief* [Docket No. \_\_\_\_] ("Disclosure Statement Approval Order").

5. The voting procedures shall be governed by the Disclosure Statement Approval order. All original Ballots must be actually received by Omni no later than **5:00 p.m. (Eastern Time)** on **May 2, 2025** (the "Voting Deadline").

6. Omni shall file a Voting Certification with the Court, including a list of Plan acceptances and rejections, no later than **May 8, 2025.**

7. The hearing on Confirmation of the Plan (the "Confirmation Hearing") shall commence at **10:00 a.m. (Eastern Time)** on **May 12, 2025**; *provided*, *however*, that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Plan Proponents.

8. Objections or responses to confirmation of the Plan, if any, must (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) set forth the name and address of the objecting party and the amount and nature of the Claim of such party; and (d) state the basis for the objection, and the specific grounds therefor. All objections and responses must be filed and served no later than **5:00 p.m. (Eastern Time)** on **May 2, 2025**.

9. The Plan Proponents' replies, if any, to any timely filed objections shall be filed and served no later than **5:00 p.m. (Eastern Time)** on **May 8, 2025**.

10. Objections to confirmation of the Plan that are not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.

11. The Surviving Claimants Hearing shall be conducted in a hybrid format both in-person at the Abraham A. Ribicoff Federal Building and Courthouse, United States Bankruptcy Court, 450 Main Street, 7th Floor, Hartford, CT 06103 and via the Zoom.gov platform. Parties may request a Zoom.gov link for remote attendance by emailing calendarconnect_HTD@ctb.uscourts.gov at least twenty-four (24) hours before the Surviving Claimants Hearing.

12. The Surviving Claimants Hearing shall commence at 10:00 a.m. (Eastern Time) on **April 10, 2025** and, if necessary, shall be continued at 10:00 a.m. (Eastern Time) on **April 11, 2025**.

13. Any Survivor who wishes to be heard at the Surviving Claimants Hearing has the option of being identified either by name or by the number corresponding to their proof of claim.

14. If any Survivor who filed a proof of claim in the Bankruptcy Case would like the opportunity to make a statement at the Surviving Claimants Hearing, the Survivor or his or her

4

attorney (a "Speaker") should contact counsel to the Committee (Stephen M. Kindseth, Esq., at skindseth@zeislaw.com) as soon as possible, and include the Speaker's contact information.

15. No statements of any party at the Surviving Claimants Hearing will be considered as or constitute evidence in any matter or proceeding in this case or any other judicial or administrative proceeding or as part of the official record in this case.

16. The Surviving Claimants Hearing shall not be transcribed by a court reporter.

17. Notwithstanding the immediately preceding paragraph, the Court shall record the audio of the Surviving Claimants Hearing—which is standard protocol for the Court and necessary for the Court to preside over the Surviving Claimants Hearing; *provided, however,* the recording of the Surviving Claimants Hearing ***shall not*** be released or transcribed without further Order of the Court, after notice and hearing, and only if and to the extent mandated by law or consented to by the Plan Proponents.

18. Consistent with Local Rule 5073-1, no person may photograph, electronically record, televise, or broadcast the Surviving Claimants Hearing.

19. On or before ten (10) days prior to the date of the Surviving Claimants Hearing, the Committee shall file in this Bankruptcy Case an agenda for the Surviving the number of known statements to be presented and the estimated time allocated to each.

20. For avoidance of doubt, the scheduling of the Surviving Claimants Hearing ***shall not*** excuse any party, including the Survivor or their counsel, from (i) timely filing objections to the Disclosure Statement in accordance with the Disclosure Statement Approval Order if the party intends to object; or (ii) appearing at the Disclosure Statement Hearing to be heard regarding the Disclosure Statement.

21. The Plan Proponents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

22. Nothing in this Order precludes the Plan Proponents from either jointly or individually requesting modification of the dates set forth in this Order or any other provision of this Order.

23. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2025              _____
                                                                              JAMES J. TANCREDI
                                                                              UNITED STATES BANKRUPTCY JUDGE